1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8
9

| | |
|---|---|
| **AMAZON.COM, LLC** ) | |
| ) | No. |
| Plaintiff, ) | |
| ) | **COMPLAINT FOR** |
| v. ) | **DECLARATORY RELIEF** |
| ) | **PURSUANT TO THE** |
| **KENNETH R. LAY**, in his official capacity as ) | **DECLARATORY JUDGMENT** |
| Secretary of the North Carolina Department of ) | **ACT, 28 U.S.C. §§ 2201 -2202** |
| Revenue, ) | |
| ) | |
| Defendant. ) | |

Plaintiff Amazon.com, LLC ("Amazon") alleges for its Complaint as follows:

## NATURE OF THE ACTION

1.      The North Carolina Department of Revenue (the "DOR") is demanding that Amazon turn over the name and address of virtually every North Carolina resident who has purchased anything from Amazon since 2003, along with records of what each customer purchased and how much they paid.  If Amazon is forced to comply with this demand, the disclosure will invade the privacy and violate the First Amendment rights of Amazon and its customers on a massive scale.  But the DOR does not need personally identifiable information about Amazon's customers in order to audit Amazon's compliance with state tax laws.  All it

COMPLAINT FOR DECLARATORY RELIEF  — 1

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

needs to know is what items Amazon sold to North Carolina customers and what they paid, and Amazon has already provided that information to the DOR.

2.      Accordingly, Amazon seeks a declaration, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 - 2202, that the actions of officials acting on behalf of the DOR, at the direction of the Defendant Kenneth R. Lay ("Defendant") in his official capacity, violate the United States Constitution, the Washington State Constitution, and federal law.

3.      The DOR is auditing Amazon's compliance with state sales and use tax laws. To date, Amazon has cooperated fully with the audit, providing the DOR with voluminous information about its sales to North Carolina, including, for each transaction:  the order ID number; the city, county, and zip code to which the item was shipped; the total price for the transaction; the date of the transaction; and Amazon's standard product code for each item (known as the Amazon Standard Identification Number or ASIN).  With these product codes, the DOR is able to immediately find on Amazon's website the full description of every product purchased by Amazon's North Carolina customers since 2003 – nearly 50 million items in all.

4.      Notwithstanding the information that Amazon has already provided, the DOR now threatens Amazon with an administrative summons and summary contempt proceeding if Amazon does not turn over the name and address of each customer who purchased or received any of the millions of books, movies, music CDs, or other products that Amazon sold to North Carolina customers.

5.      The DOR does not need personally identifiable customer information to audit Amazon's compliance with applicable tax laws, and Amazon opposes the DOR's demand for information that is irrelevant to that audit.  Amazon, without violating its customers' privacy,

COMPLAINT FOR DECLARATORY RELIEF  — 2

fully cooperated by furnishing data requested by the DOR to conduct its tax analysis.  But the

DOR has no business seeking to uncover the identity of Amazon's customers who purchased

expressive content, which makes up the majority of the nearly 50 million products sold to

North Carolina residents during the audit period, let alone associating customers' names and

addresses with the specific books, music, and video content that they have purchased during

the past seven years.

6.      There is no allegation by the DOR that any of the products Amazon customers

purchased is in any way unlawful.  Rather, the identities and expressive choices of these

customers have become subject to government scrutiny *only* because those products were

purchased from an out-of-state retailer.  The DOR's actions threaten to chill the exercise of

customers' expressive choices and to cause Amazon customers not to purchase certain books,

music, movies or other expressive material from Amazon that they might otherwise purchase

if they did not fear disclosure of those choices to the government.

7.      Amazon asserts the privacy and First Amendment rights of itself and of its

customers so that Amazon may sell – and customers may read, hear or view – a broad range

of popular *and* unpopular expressive materials with the customers' private content choices

protected from unnecessary government scrutiny.  This privacy concern is even greater for

public figures who have purchased items from Amazon, because their purchase histories may

generate significant political or press interest or otherwise be made public.

8.      Amazon seeks a declaration that the DOR's ongoing demand for information

that will disclose the names, addresses and purchasing habits of Amazon's North Carolina

customers violates the rights of Amazon to sell, and its customers to purchase, books, movies,

music, and other lawful expressive content free from government intrusion into the

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

customers' reading, viewing and listening choices.  These rights are secured under the First

Amendment of the United States Constitution, Article I, sections 4 and 5 of the Washington

State Constitution, and federal law.  The DOR's demand for the identity of customers who

purchased video material also violates the Video Privacy Protection Act of 1988, 18 U.S.C.

§ 2710.  Declaratory relief from this Court is necessary to avoid piecemeal litigation or

inconsistent rulings in the event other states make similar demands for customer data.

## PARTIES

9.      Plaintiff Amazon.com, LLC is a Delaware limited liability company with its

principal place of business in Seattle, Washington.

10.     Defendant Kenneth R. Lay is the Secretary   and head of the DOR pursuant to

N.C. Gen. Stat. § 143B-220.  The DOR is charged with the administration of tax laws and

regulations.  Defendant has been, is currently, and will be acting under color of authority and

law of the State of North Carolina.

## JURISDICTION AND VENUE

11.     Amazon's claims arise under federal law, including the First Amendment to

the United States Constitution and the Video Privacy Protection Act of 1988, 18 U.S.C.

§ 2710.  This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343 and 2201.

Declaratory relief is warranted by 28 U.S.C. §§ 2201 and 2202.

12.     Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because the

events at issue took place in substantial part in this District; because a substantial part of

Amazon's property at issue is located in this District; and because compliance with any

demands of the DOR for disclosure of customer data would take place largely in this District.

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

13.     This Court has personal jurisdiction over Defendant.  As described below, the DOR's employees, acting under Defendant's supervision and direction, specifically targeted and instituted an audit of a Washington corporation; directed telephone calls and correspondence to Amazon's headquarters in Washington; and personally visited and met with Amazon employees and reviewed Amazon's records at Amazon's offices in Seattle, Washington.  Furthermore, the harm resulting from the DOR's actions will occur in Washington, because the information sought by Defendant would have to be aggregated and disclosed by Amazon employees located in Washington, and such actions would constitute the constitutional and statutory violations described herein.

14.     Amazon's complaint against Secretary Lay is also authorized under the doctrine of *Ex Parte Young*, 209 U.S. 123 (1908), because Amazon seeks prospective relief against a state official who has engaged in a continuing violation of federal law.

15.     Amazon stands to suffer real and tangible harm through Defendant's actions, which threaten to chill customers' purchases.  Amazon also has standing to assert its customers' constitutional speech and expression rights, which include the right to make purchases of expressive material without disclosing their identities.

## FACTS

### Amazon's Business

16.     Amazon is one of the world's largest online retailers of books, music, movies and other products.

17.     Amazon has no employees, computer servers, equipment, warehouses, office space or other property or physical presence in the state of North Carolina.  Amazon is not registered as a foreign entity with the North Carolina Secretary of State.

COMPLAINT FOR DECLARATORY RELIEF  — 5

18.     Amazon's customers purchase goods online and pay for their purchases electronically.  The online transaction process generates records of all customer purchases, including the purchase of specific expressive materials such as books, movies (such as DVDs, Blu-Ray discs, and VHS tapes), and music (such as Compact Discs (CDs) and Long Playing vinyl records).

19.     Because Amazon's website sells expressive materials protected by the First Amendment, Amazon's website is a constitutionally protected forum where ideas are exchanged.

20.     To assure its customers that Amazon does not voluntarily share the customers' expressive and other product choices, Amazon posts a link to its Privacy Notice at the bottom of practically every page on its website.

21.     Amazon's customers have a reasonable expectation that Amazon will not disclose the details of any customer's purchase of expressive or other materials, except as specifically set forth in the Privacy Notice.

22.     This reasonable expectation of customer privacy is important to Amazon's business.  Customers who fear that their purchases will not be private are less likely to purchase books, movies, music or other items that might be personal, sensitive, or controversial.  Amazon's disclosure of the private customer information the DOR demands is likely to chill customer purchases of these kinds of materials.  Amazon therefore objects to government demands for customer purchase records.

COMPLAINT FOR DECLARATORY RELIEF  — 6

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

**The DOR's Requests**

23.      Between August 1, 2003, and February 28, 2010, customers in North Carolina purchased more than 50 million books, music CDs, DVDs, and other products from Amazon's website.

24.      The team of employees responsible for Amazon's accounting and tax compliance is located in Amazon's Seattle offices.  This team coordinates and oversees Amazon's compliance with tax laws and its responses to inquiries from representatives of various tax jurisdictions, including the DOR.

25.      On December 1, 2009, as part of an audit of Amazon for compliance with state sales and use tax laws, the DOR sent an Information Document Request (the "December Information Request") to Amazon at its principal place of business in Seattle, Washington.

26.      Question 16 of the December Information Request asked, in part, that Amazon provide "all information for all sales to customers with a North Carolina shipping address by month in an electronic format" for all dates between August 1, 2003, and February 28, 2010.

27.      Acting in good faith, Amazon employees in Seattle provided the DOR with detailed information about millions of purchases made by North Carolina customers during the relevant time period.  Specifically, Amazon provided the DOR with responses to all of the data fields specified by the DOR that were reasonably obtainable from Amazon's records, including: order ID number, seller, ship-to city, county, postal code, the non-taxable amount of the purchase, and tax audit record identification (the "Initial Data").  Amazon obtained and provided the information responsive to the December Information Request using computers in Amazon's Seattle offices.

28.      Included in the Initial Data was the specific product code for each item purchased, which is known as the Amazon Specific Identification Number, or ASIN.   If the

COMPLAINT FOR DECLARATORY RELIEF  — 7

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

DOR searches for any ASIN number on the Amazon website, it can find the item and learn the title and description of each book, DVD, music selection, or other item purchased by the customer.

29.     To protect customer privacy, including customer choices of expressive material, Amazon did *not* provide the DOR with the name, address, phone number, e-mail address or other personally identifiable information of any customer.

30.     From March 15 to March 17, 2010, and resuming on March 19, 2010, agents of the DOR physically visited Amazon's Seattle offices and met with Amazon employees in furtherance of the DOR's efforts to obtain information from Amazon regarding Amazon's sales to North Carolina residents.  One DOR agent, Romey McCoy, is based in North Carolina.  The second DOR agent, Jerri Noland, is based in Portland, Oregon.  Amazon employees provided these DOR agents with responsive data both on data CD and via e-mail.

31.     By letter hand delivered on March 19, 2010, to Amazon in Seattle, Washington (the "March Information Request"), the DOR stated that Amazon's initial response to Question 16 of the December Information Request omitted the "Bill to Name; Bill to Address (Street, City, State, and Zip); Ship to Name; Ship to Address (Street); Product/item code or description" (the "Customer Data").  The DOR demanded that Amazon provide this information "for examination" on or before April 19, 2010.

32.     Amazon has not yet responded to the March Information Request.

## Amazon's Rights Under the First Amendment, the Washington State Constitution and Federal Law

33.     The March Information Request states that Amazon's failure to disclose the Customer Data will "prompt the state to issue a summons in accordance with North Carolina General Statute § 105-258."  N.C. Gen. Stat. § 105-258 allows the DOR to seek to enforce the

COMPLAINT FOR DECLARATORY RELIEF  — 8

administrative summons in a summary proceeding in Superior Court of Wake County, North

Carolina.

34.     Amazon already furnished the Initial Data, including the ASIN number, for all

purchases responsive to the December Information Request.  The collection and disclosure of

the Customer Data will impose a significant burden on Amazon.  Moreover, the disclosure of

the Customer Data will identify to the DOR the identities of customers who have purchased

books, movies, music and other items, and will link those purchases directly to the customers'

names and addresses, exposing their otherwise private reading, viewing, listening and other

personal choices to government scrutiny.  Yet the identity of any Amazon customer is

irrelevant to the DOR's audit of Amazon's tax compliance.

35.     As of the filing of this Complaint, Amazon must either comply with the DOR's

information request and violate the privacy and First Amendment rights of Amazon and its

North Carolina customers, or refuse to comply with a request from a state agency that has

stated its intention to issue an administrative summons.  Amazon thus seeks to protect its

rights and the rights of its customers through a declaratory judgment by this Court.

36.     To the extent that the DOR intends to use the Customer Data to contact

Amazon's customers about their reading, viewing, listening and other choices, or to the extent

that customers otherwise become aware that their purchasing habits may be disclosed to the

government, the March Information Request will likely chill Amazon's customer willingness

to purchase sensitive or unpopular expressive material.

37.     For example, the information Amazon has already provided to the DOR shows

that Amazon customers in North Carolina have purchased or received potentially sensitive or

personal books such as:

COMPLAINT FOR DECLARATORY RELIEF  — 9

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

- "Bipolar Disorder: A Guide for Patients and Families," by Francis Mark Mondimore (ASIN 0801883148);

- "He Had It Coming: How to Outsmart Your Husband and Win Your Divorce," by Stacy Schneider (ASIN 1416949356);

- "Living With Alcoholism: Your Guide To Dealing With Alcohol Abuse And Addiction While Getting The Alcoholism Treatment You Need," by K M S Publishing.com (ASIN 1450501354);

- "What to Do When You Can't Get Pregnant: The Complete Guide to All the Technologies for Couples Facing Fertility Problems," by Daniel A. Potter and Jennifer S. Hanin (ASIN 1569243719); and

- "Outing Yourself: How to Come Out as Lesbian or Gay to Your Family, Friends, and Coworkers," by Michelangelo Signorile (ASIN 0684826178).

38.    Some of the movies that Amazon's North Carolina customers have purchased include: "Lolita" (1962) (DVD) (ASIN B000UJ48VI); "Brokeback Mountain" (2005) (DVD) (ASIN B00005JOFQ); and "Fahrenheit 9/11" (2004) (DVD) (ASIN B000SINT52), to name just a few.  Other Amazon customers have purchased potentially controversial music, including recordings by Eminem such as "The Marshall Mathers LP" (ASIN B00004T9UF) and "The Slim Shady LP" (ASIN B00000I5JQ).

39.    These and other books, movies, and music could be considered sensitive, personal, controversial or unpopular.  Each order of a book, movie, CD or other expressive work potentially reveals an intimate fact about an Amazon customer.  Public figures who have purchased expressive works and other items from Amazon have the additional concern that their purchase histories will be scrutinized and used for political purposes, appear in the press,

COMPLAINT FOR DECLARATORY RELIEF  — 10

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

or otherwise be made public.  Yet the DOR demands to know the identities and other personal information about Amazon's customers who have purchased or received these products. Amazon customers, however, have a reasonable expectation that Amazon will maintain their selections in confidence and do not expect the government to obtain a record of their selections of expressive material.

### COUNT I
**(Freedom of Speech, Expression and Association, U.S. Const., amend. I; Washington State Const., Art. I, Sec. 4 and 5)**

40.      Amazon restates and incorporates in this paragraph the allegations contained in Paragraphs 1 through 39 of this Complaint.

41.      The First Amendment protects the right to distribute, sell, purchase and receive lawful expressive materials free from government scrutiny.

42.      Amazon's compliance with the March Information Request would reveal the identities of hundreds of thousands of Amazon customers who have purchased over 30 million lawful expressive works from Amazon with the reasonable expectation that their choices would remain private and free from government intrusion.  Amazon's compliance would allow the DOR to learn which books, movies, music and other expressive works each North Carolina customer purchased from Amazon.

43.      Amazon's compliance with the March Information Request would chill Amazon's customers' free speech and expression and could limit Amazon's ability to sell expressive works to the public.

44.      The DOR has not made any showing of need or relevance to obtain the Customer Data, let alone the requisite heightened showing of a compelling need for information that identifies customers who purchase or receive expressive materials.  Nor has

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200  ·  1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150  ·  Fax: (206) 757-7700

1    the DOR shown that there are no reasonable alternative means of satisfying the DOR's overly

2    broad March Information Request.  The DOR's interest in the Customer Data is not

3    sufficiently compelling to outweigh the harm that its disclosure would cause to the First

4    Amendment and privacy rights of Amazon and its customers.

5           45.     Indeed, the DOR has not explained why personally identifiable information

6    about Amazon's North Carolina customers is relevant in any way to the DOR's purported

7    interest in auditing Amazon's compliance with state and local sales and use tax laws.

8    Amazon has disclosed to the DOR all data about these millions of transactions (such as the

9    amount of each sale and the type of item) other than customer names and other personal

10   information.  Thus, the DOR has all the information it needs to complete its audit of Amazon.

11   There is no discernible need for the DOR to know the identities and other personal

12   information linking specific customers with any purchase, much less purchases of books,

13   movies, music and other expressive works.

14         46.     Amazon and its customers will suffer irreparable injury to their constitutional

15   rights under the First Amendment of the United States Constitution, and Amazon will suffer

16

17   irreparable harm to its rights under Article I, sections 4 and 5 of the Washington State

18   Constitution if the March Information Request is not declared invalid and if other relief, to the

19   extent necessary to prevent irreparable injury, is not otherwise granted.

20

21

22                                   **<u>COUNT II</u>**
                     **(Violation of the Video Privacy Protection Act, 18 U.S.C. § 2710)**

23         47.     Amazon restates and incorporates in this paragraph the allegations contained in

24   Paragraphs 1 through 46 of this Complaint.

25

26

27

COMPLAINT FOR DECLARATORY RELIEF  — 12

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

48.     To the extent that the DOR seeks Customer Data as to Amazon's sales of video material, the March Information Request conflicts with and violates the Video Privacy Protection Act of 1988, 18 U.S.C. § 2710.

49.     Amazon is engaged in the business, in or affecting interstate or foreign commerce, of rental, sale, or delivery of prerecorded video cassette tapes or similar audiovisual materials such as DVDs, Blu-Ray discs, and VHS tapes.

50.     Many of Amazon's customers are purchasers of Amazon's audiovisual goods or services.

51.     Upon information and belief, the DOR has not given prior notice to any video/DVD customer that the DOR seeks to individually identify their video/DVD purchases.

52.     The DOR has not obtained a court order or demonstrated a compelling need for the information.

53.     The DOR has not obtained a warrant or demonstrated that there is probable cause to believe that the Customer Data is relevant to a legitimate law enforcement inquiry.

54.     Compliance with the March Information Request would cause Amazon to knowingly disclose personally identifiable information – information which identifies a person as having requested or obtained specific video materials or services from Amazon – concerning hundreds of thousands of consumers.

55.     Compliance with the March Information Request would place an unreasonable burden on Amazon and its customers.

56.     Amazon's disclosure of the Customer Data would violate 18 U.S.C. § 2710.

COMPLAINT FOR DECLARATORY RELIEF  — 13

**WHEREFORE**, Amazon respectfully asks this Court for:

1.       A declaration that, to the extent the March Information Request demands that Amazon disclose its customers' names, addresses or any other personal information, it violates the First Amendment and 18 U.S.C. § 2710;

2.       A declaration that, to the extent the March Information Request demands that Amazon disclose its customers' names, addresses or any other personal information, it violates Article I, sections 4 and 5 of the Washington State Constitution; and

3.       Such other and further relief as the Court deems equitable and just and necessary, including any relief necessary to prevent irreparable harm.

Respectfully submitted this 19th day of April, 2010.


DAVIS WRIGHT TREMAINE LLP

/s/ Steven P. Caplow
Steven P. Caplow (WSBA #19843)
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
Tel: (206) 622-3150
Fax: (206) 757-7700
E-mail: stevencaplow@dwt.com

*Of Counsel:*

DAVIS WRIGHT TREMAINE, LLP
Laura R. Handman
Robert G. Scott, Jr.
Elizabeth J. Soja
1919 Pennsylvania Avenue, NW, Suite 200
Washington, D.C. 20006
Tel: (202) 973-4225
Fax: (202) 973-4499
E-mail:    laurahandman@dwt.com
               bobscott@dwt.com
               elizabethsoja@dwt.com
*Pro Hac Vice* applications pending

*Attorneys for Amazon.com, LLC*

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700