THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM, LLC,<br>    Plaintiff,<br><br>    v.<br><br>KENNETH R. LAY, in his official capacity as Secretary of the North Carolina Department of Revenue,<br>    Defendant. | No. 2:10-cv-00664-MJP<br><br>**INTERVENORS' MOTION TO FILE COMPLAINT IN INTERVENTION USING PSEUDONYMS**<br><br>**NOTE ON MOTION CALENDAR: JULY 9, 2010**<br><br>**Oral Argument Requested** |
| JANE DOE 1, JANE DOE 2, JANE DOE 3, JANE DOE 4, JANE DOE 5, JANE DOE 6, AND CECIL BOTHWELL,<br>    Plaintiffs-Intervenors,<br><br>    v.<br><br>KENNETH R. LAY, in his official capacity as Secretary of the North Carolina Department of Revenue, and AMAZON.COM, LLC,<br>    Defendants in Intervention. | |

MOTION TO FILE COMPLAINT IN INTERVENTION
USING PSEUDONYMS --
No. 2:10-cv-00664-MJP

**AMERICAN CIVIL LIBERTIES UNION OF WASHINGTON**
901 Fifth Ave., Suite 630, Seattle, Washington 98164
(206) 624-2184

# TABLE OF CONTENTS

INTRODUCTION ...................................................................................................1

ARGUMENT..........................................................................................................2

    I.    JANE DOES 1-6 SHOULD BE PERMITTED TO PROCEED PSEUDONYMOUSLY BECAUSE THEIR RIGHT TO ANONYMITY IS THE BASIS OF THEIR SUBSTANTIVE CLAIMS. ...................................2

    II.    JANE DOES 1-6 SHOULD BE PERMITTED TO PROCEED PSEUDONYMOUSLY BECAUSE THE FIRST AMENDMENT REQUIRES IT. ........................................................................................4

    III.    JANE DOES 1-6 SHOULD BE PERMITTED TO PROCEED PSEUDONYMOUSLY BECAUSE THE CASE INVOLVES MATTERS OF A SENSITIVE AND HIGHLY PERSONAL NATURE. .......................7

CONCLUSION.......................................................................................................11

MOTION TO FILE COMPLAINT IN INTERVENTION
USING PSEUDONYMS -- i
No. 2:10-cv-00664-MJP

**AMERICAN CIVIL LIBERTIES UNION OF WASHINGTON**
901 Fifth Ave., Suite 630, Seattle, Washington  98164
(206) 624-2184

# TABLE OF AUTHORITIES

**Cases**

*A Quantity of Copies of Books v. Kansas*, 378 U.S. 205 (1964)..............................................5

*Bantam Books, Inc. v. Sullivan*, 372 U.S. 58 (1963).................................................................5

*Doe 130 v. Archdiocese of Portland in Oregon*, No. CV 07-1732, 2008 WL
    656021 (D. Or. 2008)..........................................................................................................9

*Doe ex rel. Roe v. Stegall*, 653 F.2d 180 (5th Cir. 1981)...........................................................9

*Doe No. 2 v. Kolko*, 242 F.R.D. 193 (E.D.N.Y. 2006) .........................................................9, 10

*Doe v. 2TheMart.com Inc.*, 140 F. Supp. 2d 1088 (W.D. Wash. 2001) ....................................3

*Doe v. Barrow County*, 219 F.R.D. 189 (N.D. Ga. 2003) ..........................................................9

*Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545 (D.N.J. 2006) ................................8

*Doe v. Provident Life & Accident Ins. Co.*, 176 F.R.D. 464 (E.D. Pa. 1997)............................8

*Doe v. Reed*, 586 F.3d 671 (9th Cir. 2009), *cert. granted*, 130 S. Ct. 1133 (2010)
    (decision pending)..........................................................................................................2, 3

*Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058 (9th Cir. 2000)...............2, 4, 7, 8

*EW v. New York Blood Ctr.*, 213 F.R.D. 108 (E.D.N.Y. 2003)...............................................10

*Gonzaga Univ. v. Doe*, 536 U.S. 273 (2002) .............................................................................2

*Heller v. Doe ex rel. Doe*, 509 U.S. 312 (1993) ........................................................................2

*In re Grand Jury Investigation of Possible Violation of 18 U.S.C. § 1461 et seq.*,
    Misc. No. 09-118, 2009 WL 3495997 (D.D.C. Oct. 26, 2009) .......................................4, 6

*In re Grand Jury Subpoena to Amazon.com Dated August 7, 2006*, 246 F.R.D.
    570 (W.D. Wis. 2007)......................................................................................................4, 6

*In re Grand Jury Subpoena to Kramerbooks & Afterwords Inc.*, 26 Med. L. Rptr.
    1599 (D.D.C. 1998) ......................................................................................................4, 6, 7

*James v. Jacobson*, 6 F.3d 233 (4th Cir. 1993).........................................................................9

MOTION TO FILE COMPLAINT IN INTERVENTION
USING PSEUDONYMS -- ii
No. 2:10-cv-00664-MJP

**AMERICAN CIVIL LIBERTIES UNION OF WASHINGTON**
901 Fifth Ave., Suite 630, Seattle, Washington 98164
(206) 624-2184

*Lamont v. Postmaster General*, 381 U.S. 301 (1965)..................................................................5

*M.S. v. Wermers*, 557 F.2d 170 (8th Cir. 1977)..........................................................................3

*Martin v. City of Struthers*, 319 U.S. 141 (1943) ......................................................................5

*McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334 (1995).........................................................5

*NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449 (1958) ...................................................3, 5

*Patient v. Corbin*, 37 F. Supp. 2d 433 (E.D. Va. 1998)..............................................................8

*Rivera v. NIBCO, Inc.*, 364 F.3d 1057 (9th Cir. 2004)................................................................4

*Roaden v. Kentucky*, 413 U.S. 496 (1973)...................................................................................5

*Roe ex rel. Roe v. Ingraham*, 364 F. Supp. 536 (S.D.N.Y. 1973), *rev'd on other grounds sub nom. Whalen v. Roe*, 429 U.S. 589 (1977)........................................................3, 8

*Roe v. Wade*, 410 U.S. 113 (1973)...............................................................................................2

*Smith v. Doe*, 538 U.S. 84 (2003) ............................................................................................2, 3

*Stanley v. Georgia*, 394 U.S. 557 (1969).....................................................................................5

*Tattered Cover, Inc. v. City of Thornton*, 44 P.3d 1044 (Colo. 2002) ........................................5

*United States v. Rumely*, 345 U.S. 41 (1953)..............................................................................6

*Virginia State Bd. of Pharmacy v. Virginia Citizens Consumer Council, Inc.*, 425 U.S. 748 (1976)....................................................................................................................5

*Yacovelli v. Moeser*, No. 1:02CV596, 2004 WL 1144183 (M.D.N.C. 2004) ......................9, 10

**Rules**

Fed. R. Civ. P. 7............................................................................................................................1

MOTION TO FILE COMPLAINT IN INTERVENTION
USING PSEUDONYMS -- iii
No. 2:10-cv-00664-MJP

**AMERICAN CIVIL LIBERTIES UNION OF WASHINGTON**
901 Fifth Ave., Suite 630, Seattle, Washington 98164
(206) 624-2184

Pursuant to Federal Rule of Civil Procedure 7(b), Plaintiffs-Intervenors Jane Does 1-6 and Cecil Bothwell ("Intervenors") move to file their Complaint in Intervention using pseudonyms for Jane Does 1-6 in order to preserve their constitutional rights to privacy and free speech.  Amazon has no objection to this motion.  Intervenors have contacted Defendant Lay, but he has not indicated his position on this motion.

## **INTRODUCTION**

As discussed in detail in Intervenors' Motion to Intervene and the accompanying Proposed Complaint in Intervention, Intervenors seek to intervene in this action to protect their constitutional rights to privacy and free expression.  The underlying lawsuit involves a dispute between Amazon and the North Carolina Department of Revenue ("DOR") over whether DOR can require Amazon to provide the names and addresses of individuals in North Carolina who purchased or received items through Amazon from August 2003 through February 28, 2010, and to provide detailed information about the specific items, including books, DVDs, CDs, and other private items, purchased by those individuals.  Intervenors are individuals whose constitutionally protected private and expressive information is at stake in this lawsuit.

Intervenors ask the Court to permit Jane Does 1-6 to proceed in this case under pseudonyms because the foundation of their Complaint is their First Amendment claim that DOR is not constitutionally permitted to obtain both their identities and detailed information about the specific expressive and private items that they have purchased or received through Amazon. Intervenors' Amazon purchase records, as set out in their Complaint and the declarations filed herewith, reveal sensitive, private, and highly personal details concerning their family problems, political and religious beliefs, and medical and mental health conditions.  The Court should permit Jane Does 1-6 to intervene using pseudonyms because otherwise the constitutional interests that they seek to protect will be impaired before the Court can even consider the merits of their claims.  In addition, because this information is protected from disclosure by the First Amendment, Intervenors' identities should remain anonymous in this action.  Finally,

MOTION TO FILE COMPLAINT IN INTERVENTION
USING PSEUDONYMS -- 1
No. 2:10-cv-00664-MJP

**AMERICAN CIVIL LIBERTIES UNION OF WASHINGTON**
901 Fifth Ave., Suite 630, Seattle, Washington  98164
(206) 624-2184

Intervenors should also be permitted to proceed pseudonymously because the information requested is of a sensitive and highly personal nature.

## ARGUMENT

Parties frequently proceed under pseudonyms in cases involving privacy and anonymity. *See, e.g.*, *Smith v. Doe*, 538 U.S. 84 (2003); *Gonzaga Univ. v. Doe*, 536 U.S. 273 (2002); *Heller v. Doe ex rel. Doe*, 509 U.S. 312 (1993); *Roe v. Wade*, 410 U.S. 113 (1973); *Doe v. Reed*, 586 F.3d 671 (9th Cir. 2009), *cert. granted*, 130 S. Ct. 1133 (2010) (decision pending). This is such a case. First, this is an anonymity case in which the constitutional rights that Intervenors seek to protect through the lawsuit will be eliminated at the outset if they are forced to proceed under their real names. Second, the First Amendment protects the purchasing records from disclosure. Third, anonymity is necessary here to "preserve privacy in a matter of sensitive and highly personal nature." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000) (internal quotations omitted). Thus, this case presents one of the "special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* at 1068.

**I. JANE DOES 1-6 SHOULD BE PERMITTED TO PROCEED PSEUDONYMOUSLY BECAUSE THEIR RIGHT TO ANONYMITY IS THE BASIS OF THEIR SUBSTANTIVE CLAIMS.**

Jane Does 1-6 seek to intervene in this lawsuit to assert their constitutional rights not to have their Amazon purchasing records of expressive and private items revealed to DOR or to anyone else. They must be permitted to proceed pseudonymously because should their identities become public knowledge at the outset of this lawsuit, that would destroy the very right to privacy that they are trying to protect by intervening in this lawsuit.[1] It cannot be the rule that in

---

[1] One of the Intervenors, Cecil Bothwell, filed the Complaint using his real name. That is because Mr. Bothwell's First Amendment chill arises uniquely from the fact that he is an elected politician and a public figure whose Amazon purchase records could become political fodder regardless of their content. Mr. Bothwell's claims are also brought on behalf of the readers and purchasers of the publicly known books that he has written and published. Unlike the other Intervenors, Mr. Bothwell has not revealed the details of his personal purchases through Amazon.

MOTION TO FILE COMPLAINT IN INTERVENTION
USING PSEUDONYMS -- 2
No. 2:10-cv-00664-MJP

AMERICAN CIVIL LIBERTIES UNION OF WASHINGTON
901 Fifth Ave., Suite 630, Seattle, Washington 98164
(206) 624-2184

order to assert their constitutional rights in court, Intervenors must first relinquish those rights. *See NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449, 459 (1958) (rejecting judicial rule that would require an individual to identify himself in order to assert his First Amendment rights because it "would result in nullification of the right at the very moment of its assertion"); *M.S. v. Wermers*, 557 F.2d 170, 176 (8th Cir. 1977) (rejecting requirement that minor plaintiff disclose her participation in the lawsuit to her parents where it would "substantially nullify the privacy right she seeks to vindicate").

Recognizing that in certain cases, participation using a party's real name would impair the rights that the party seeks to protect, courts have logically permitted individuals to proceed anonymously where the substantive claim at issue is the right to anonymity and privacy. *See, e.g.*, *Smith v. Doe*, 538 U.S. 84 (2003) (proceeding pseudonymously in a challenge to sex offender registration and community notification system after the Ninth Circuit, in an unpublished decision, reversed the district court's denial of motion to proceed pseudonymously); *Doe v. Reed*, 586 F.3d 671 (9th Cir. 2009), *cert. granted*, 130 S. Ct. 1133 (2010) (decision pending) (proceeding pseudonymously in suit to enjoin Washington State from disclosing the identities of petition signers after the district court granted a protective order against the disclosure of their identities) ; *Doe v. 2TheMart.com Inc.*, 140 F. Supp. 2d 1088, 1091 n.2 (W.D. Wash. 2001) ("When an individual wishes to protect their First Amendment right to speak anonymously, he or she must be entitled to vindicate that right without disclosing their identity"); *Roe ex rel. Roe v. Ingraham*, 364 F. Supp. 536, 541 n.7 (S.D.N.Y. 1973), *rev'd on other grounds sub nom. Whalen v. Roe*, 429 U.S. 589 (1977) ("[I]f plaintiffs are required to reveal their identity prior to the adjudication on the merits of their privacy claim, they will already have sustained the injury which by this litigation they seek to avoid.").

Although the public ordinarily has an interest in knowing the names of parties to lawsuits, that is outweighed where, as here, the public has an overriding interest in ensuring a vigorous right to free expression and permitting individuals to bring judicial challenges to

MOTION TO FILE COMPLAINT IN INTERVENTION
USING PSEUDONYMS -- 3
No. 2:10-cv-00664-MJP

**AMERICAN CIVIL LIBERTIES UNION OF WASHINGTON**
901 Fifth Ave., Suite 630, Seattle, Washington 98164
(206) 624-2184

government actions that violate their constitutional rights.  *See, e.g.*, *Advanced Textile Corp.*, 214 F.3d at 1073 ("[P]ermitting plaintiffs to use pseudonyms will serve the public's interest in this lawsuit by enabling it to go forward."); *see also Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1065 (9th Cir. 2004) ("The chilling effect [that the] discovery [of immigration status of workers] could have on the bringing of civil rights actions unacceptably burdens the public interest."). Intervenors are among the individuals whose personal and private information is directly at stake in this litigation.  If they are not permitted to defend their rights pseudonymously, they will not have any practicable way of asserting their rights in court without revealing the very information that they are trying to protect.  That result would be inconsistent with the public's interest in ensuring that individuals have access to court to enforce their constitutional rights.

## II.  JANE DOES 1-6 SHOULD BE PERMITTED TO PROCEED PSEUDONYMOUSLY BECAUSE THE FIRST AMENDMENT REQUIRES IT.

Although the Court need only consider the above reason for granting this motion, the motion should also be granted because the First Amendment requires that Jane Does 1-6 be allowed to proceed pseudonymously in this case.  At the heart of this lawsuit are customer records of Intervenors and other individual Amazon customers that reveal their expressive choices in which items they read, watch, listen to, and purchase.  As courts have uniformly recognized, individuals' purchasing records from sellers of expressive materials (such as Amazon) are protected from disclosure by the First Amendment.  *See, e.g.*, *In re Grand Jury Investigation of Possible Violation of 18 U.S.C. § 1461 et seq.*, Misc. No. 09-118, 2009 WL 3495997, at *5-9 (D.D.C. Oct. 26, 2009) (denying motion to compel subpoena for the identities of customers who obtained specific movies through a website); *In re Grand Jury Subpoena to Amazon.com Dated August 7, 2006*, 246 F.R.D. 570, 572-73 (W.D. Wis. 2007) (holding that a grand jury subpoena seeking information about identity of book buyers raises First Amendment concerns); *In re Grand Jury Subpoena to Kramerbooks & Afterwords Inc.*, 26 Med. L. Rptr. 1599, 1600 (D.D.C. 1998) (holding that a subpoena seeking titles of books purchased by Monica

MOTION TO FILE COMPLAINT IN INTERVENTION
USING PSEUDONYMS -- 4
No. 2:10-cv-00664-MJP

**AMERICAN CIVIL LIBERTIES UNION OF WASHINGTON**
901 Fifth Ave., Suite 630, Seattle, Washington  98164
(206) 624-2184

1   Lewinsky implicates the First Amendment); *Tattered Cover, Inc. v. City of Thornton*, 44 P.3d
2   1044, 1053 (Colo. 2002) (holding that search of bookseller's customer purchase records
3   necessarily intrudes into areas protected by the First Amendment).
4       These decisions are grounded in the Supreme Court's recognition that the First
5   Amendment protects the right of individuals to receive information and ideas. *See, e.g.*, *Virginia*
6   *State Bd. of Pharmacy v. Virginia Citizens Consumer Council*, *Inc.*, 425 U.S. 748, 757 (1976)
7   (recognizing the "First Amendment right to receive information and ideas" (internal quotation
8   marks omitted)); *Stanley v. Georgia*, 394 U.S. 557, 564 (1969) ("[The] right to receive
9   information and ideas, regardless of their social worth … is fundamental to our free society.").
10  "The setting of the bookstore," like the setting of a store like Amazon that sells a range of
11  expressive materials, is "presumptively under the protection of the First Amendment . . . ."
12  *Roaden v. Kentucky*, 413 U.S. 496, 504 (1973); *see also A Quantity of Copies of Books v.*
13  *Kansas*, 378 U.S. 205, 213 (1964) (guarding against "abridgment of the right of the public in a
14  free society to unobstructed circulation of nonobscene books"); *Bantam Books, Inc. v. Sullivan*,
15  372 U.S. 58, 64 n.6 (1963) ("The constitutional guarantee of freedom of the press embraces the
16  circulation of books . . . ."); *Martin v. City of Struthers*, 319 U.S. 141, 143 (1943) ("This freedom
17  [of speech] embraces the right to distribute literature . . . and necessarily protects the right to
18  receive it.").
19      Within this First Amendment protected area, privacy is vitally important. *See McIntyre v.*
20  *Ohio Elections Comm'n*, 514 U.S. 334 (1995) (recognizing constitutional right to engage in
21  political expression anonymously); *NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449, 462
22  (1958) ("[P]rivacy in group association may in many circumstances be indispensable to
23  preservation of freedom of association"). That is because without a guarantee of privacy,
24  individuals' exercise of their expressive rights would be chilled for fear that their purchases
25  might be disclosed to the government. *See, e.g., Lamont v. Postmaster General*, 381 U.S. 301,
26  307 (1965) (invalidating requirement that addressees must file written request with postal service
27

MOTION TO FILE COMPLAINT IN INTERVENTION
USING PSEUDONYMS -- 5
No. 2:10-cv-00664-MJP

**AMERICAN CIVIL LIBERTIES UNION OF WASHINGTON**
901 Fifth Ave., Suite 630, Seattle, Washington 98164
(206) 624-2184

to receive "communist political propaganda" through the mails, because such a requirement is "almost certain to have a deterrent effect"); *United States v. Rumely*, 345 U.S. 41, 57 (1953) (Douglas, J., concurring) ("Once the government can demand of a publisher the names of the purchasers of his publications, the free press as we know it disappears. . . . Some will fear to read what is unpopular, what the powers-that-be dislike . . . ."). In the words of one district court explaining its concern over a different subpoena for Amazon's customer records: "[I]f word were to spread over the Net—and it would—that [the government] had demanded and received Amazon's list of customers and their personal purchases, the chilling effect on expressive e-commerce would frost keyboards across America." *In re Grand Jury Subpoena to Amazon.com Dated August 7, 2006*, 246 F.R.D. at 573.

The declarations offered by Jane Does 1-6 illustrate this very problem. Jane Does 1-6 have compelling reasons for why they want to keep their Amazon purchase records away from government officials, whether because they reveal intimate information about their private family struggles or because they disclose their political and religious beliefs or medical and mental health issues. Jane Doe 1 Decl. ¶¶ 6-9, 11; Jane Doe 2 Decl. ¶¶ 6-8; Jane Doe 3 Decl. ¶¶ 6-13; Jane Doe 4 Decl. ¶¶ 6-8; Jane Doe 5 Decl. ¶¶ 7-11; Jane Doe 6 Decl. ¶¶ 6-7. Jane Does 1-6 would be chilled from making similar purchases in the future from Amazon and from other websites if they knew that their purchase records would be handed over to the government, and many would simply choose not to purchase those items from Amazon or from anyone. Jane Doe 1 Decl. ¶¶ 13-14; Jane Doe 2 Decl. ¶¶ 10-11; Jane Doe 3 Decl. ¶¶ 15-16; Jane Doe 4 Decl. ¶¶ 10-11; Jane Doe 5 Decl.¶¶ 13-14; Jane Doe 6 Decl. ¶¶ 9-10.

Disclosure of the Amazon purchasing records of Jane Does 1-6 is, thus, presumptively unconstitutional, unless DOR can establish a compelling interest in the information and a sufficient nexus between that interest and the information. *See In re Grand Jury Investigation of Possible Violation of 18 U.S.C. § 1461 et seq.*, 2009 WL 3495997 at *6; *In re Grand Jury Subpoena to Kramerbooks & Afterwords Inc.*, 26 Med. L. Rptr. at 1601. There is no such

MOTION TO FILE COMPLAINT IN INTERVENTION
USING PSEUDONYMS -- 6
No. 2:10-cv-00664-MJP

AMERICAN CIVIL LIBERTIES UNION OF WASHINGTON
901 Fifth Ave., Suite 630, Seattle, Washington 98164
(206) 624-2184

interest or nexus here. DOR has no interest, let alone a compelling interest, in knowing which individuals purchased which specific products. Indeed, DOR has publicly stated that it does not need this information. Intervenors' Compl. ¶ 55. As a result, there can be no nexus either.

Because there is no compelling interest in the disclosure of Jane Does 1-6s' purchasing records, the First Amendment requires that they be allowed to proceed in this lawsuit without revealing their identities.

### III. JANE DOES 1-6 SHOULD BE PERMITTED TO PROCEED PSEUDONYMOUSLY BECAUSE THE CASE INVOLVES MATTERS OF A SENSITIVE AND HIGHLY PERSONAL NATURE.

Jane Does 1-6 should also be allowed to proceed under pseudonyms to "preserve privacy in a matter of sensitive and highly personal nature." *Advanced Textile Corp.*, 214 F.3d at 1068 (internal quotation marks omitted) (recognizing that plaintiffs are permitted to proceed pseudonymously when anonymity is necessary to preserve privacy in such matters). This case involves customer purchasing records that reveal intimate details about Jane Does 1-6s' family problems, political and religious beliefs, and medical and mental health conditions – i.e., sensitive and highly personal matters.

In their Complaint, Jane Does 1-6 have discussed which specific books, DVDs, and other items they have purchased from Amazon in order to allege their First Amendment claim that their free speech rights will be chilled should their purchasing information become accessible to the government or to the public. Intervenors' Compl. ¶¶ 71-73, 78-79, 84-89, 93-94, 101-103, 107; *see In re Grand Jury Subpoena to Kramerbooks & Afterwords Inc.*, 26 Med. L. Rptr. at 1600 (considering evidence of chilling effect in holding that a subpoena to a bookstore implicates First Amendment interests). Their Amazon purchases—books like "How To File For Divorce in North Carolina: With Forms," "Stop Walking On Eggshells: Taking Your Life Back When Someone You Care About Has Borderline Personality Disorder," "God: The Failed Hypothesis. How Science Shows That God Does Not Exist," "Obama Zombies: How The

MOTION TO FILE COMPLAINT IN INTERVENTION
USING PSEUDONYMS -- 7
No. 2:10-cv-00664-MJP

**AMERICAN CIVIL LIBERTIES UNION OF WASHINGTON**
901 Fifth Ave., Suite 630, Seattle, Washington 98164
(206) 624-2184

Liberal Machine Brainwashed My Generation," and "The Stages of Meditation," by the Dalai Lama—reveal intimate details about their family problems or personal beliefs. Jane Doe 1 Decl. ¶¶ 5-9; Jane Doe 2 Decl. ¶¶ 5-8; Jane Doe 3 Decl. ¶¶ 5-13; Jane Doe 4 Decl. ¶¶ 5-8; Jane Doe 5 Decl. ¶¶ 6-11; Jane Doe 6 Decl. ¶¶ 5-7. They have kept this information confidential and want to keep it private, because they do not want those details, some of which may be viewed as controversial, to be known to others or to impair their personal relationships, their family lives, their reputations, and their careers. Jane Doe 1 Decl. ¶¶ 7-9, 11; Jane Doe 2 Decl. ¶¶ 7-8; Jane Doe 3 Decl. ¶¶ 7-13; Jane Doe 4 Decl. ¶¶ 7-8; Jane Doe 5 Decl. ¶¶ 8-11; Jane Doe 6 Decl. ¶ 7.

The information revealed by the purchasing records of Jane Does 1-6 is sensitive and highly personal information which is sufficient on its own to allow them to proceed pseudonymously. *Advanced Textile Corp.*, 214 F.3d at 1068. Jane Does 1 and 3's purchasing records, for example, reveal their family problems and their former spouses' medical conditions, including substance abuse and mental health issues. That information is profoundly private and potentially stigmatizing, not only for their former spouses, but for Jane Does 1 and 3, who are closely associated to them, and for Jane Doe 1's minor child. Courts routinely permit parties to proceed under a pseudonym where such private and stigmatizing medical and mental health information would otherwise be disclosed and associated with an individual. *See, e.g.*, *Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545, 550 (D.N.J. 2006) (pseudonym used where bipolar disorder at issue); *Patient v. Corbin*, 37 F. Supp. 2d 433, 434 (E.D. Va. 1998) (finding plaintiff and her husband have a substantial privacy interest in protecting fact that plaintiff's husband is HIV positive); *Doe v. Provident Life & Accident Ins. Co.*, 176 F.R.D. 464, 465-69 (E.D. Pa. 1997) (pseudonym used where case involved psychiatric disorders, including a general anxiety disorder, dysthymic disorder, and adult attention deficit disorder); *Ingraham*, 364 F. Supp. at 541 n.7 (pseudonym used for prescription drug users, including a postoperative cancer patient and an individual suffering from migraine headaches).

Jane Doe 1 is also a victim of domestic violence—her former spouse threatened to kill

MOTION TO FILE COMPLAINT IN INTERVENTION
USING PSEUDONYMS -- 8
No. 2:10-cv-00664-MJP

**AMERICAN CIVIL LIBERTIES UNION OF WASHINGTON**
901 Fifth Ave., Suite 630, Seattle, Washington  98164
(206) 624-2184

her—which was a traumatizing experience for her that she does not want anyone to know about. Jane Doe 1 Decl. ¶¶ 6-7.  In such circumstances, courts have permitted parties to proceed pseudonymously to protect the privacy of victims of abuse and other vulnerable parties. *See, e.g.*, *Doe 130 v. Archdiocese of Portland in Oregon*, No. CV 07-1732, 2008 WL 656021, at *4 (D. Or. 2008) (permitting plaintiff to remain anonymous because "[t]he experience of sexual abuse can be deeply psychologically traumatic, and public knowledge of such abuse can trigger new trauma even years after the fact."); *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 196-98 (E.D.N.Y. 2006) (sexual abuse).  That is especially the case where, as here, Jane Doe 1's minor child will also be directly affected by any disclosure. *See, e.g.*, *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993) (listing as relevant factors for anonymity the emotional harm to innocent non-parties and the ages of the persons whose privacy interests are sought to be protected); *Doe ex rel. Roe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981) (finding "the youth of these plaintiffs as a significant factor in the matrix of factors arguing for anonymity").

Finally, the purchasing records of Jane Does 1-6 reveal information about their actual or perceived religious and political beliefs—profoundly personal and private affairs that should not be disclosed to the public. *See, e.g.*, *Stegall*, 653 F.2d at 186 (permitting plaintiffs in Establishment Clause challenge to proceed anonymously because "religion is perhaps the quintessentially private matter . . . . the Does have, by filing suit, made revelations about their personal beliefs and practices that are shown to have invited an opprobrium analogous to the infamy associated with criminal behavior"); *Yacovelli v. Moeser*, No. 1:02CV596, 2004 WL 1144183, at *6-9 (M.D.N.C. 2004) (holding that plaintiff's personal religious beliefs at stake, combined with a weak showing of prejudice, favored allowing use of pseudonyms); *Doe v. Barrow County*, 219 F.R.D. 189, 192-94 (N.D. Ga. 2003) (permitting plaintiff challenging Ten Commandments display to proceed anonymously).  Information regarding religious or political beliefs is especially sensitive because disclosure of this information could subject Intervenors to harassment or ridicule in the community, or discrimination at work.  For example, Jane Doe 3

MOTION TO FILE COMPLAINT IN INTERVENTION
USING PSEUDONYMS -- 9
No. 2:10-cv-00664-MJP

**AMERICAN CIVIL LIBERTIES UNION OF WASHINGTON**
901 Fifth Ave., Suite 630, Seattle, Washington  98164
(206) 624-2184

has explained that she is not "out" about her atheism, and that if those beliefs were revealed, she might suffer repercussions at work, where her direct supervisor and many colleagues are quite religious. Jane Doe 3 Decl. ¶¶ 7-8; *see also* Jane Doe 2 Decl. ¶ 8; Jane Doe 4 Decl. ¶ 8; Jane Doe 5 Decl. ¶ 10.

For these reasons, Jane Does 1-6s' rights to privacy outweigh the minimal prejudice, if any, to the parties, and the public's interest in knowing their identities. That is especially the case where, as here, a governmental entity's actions are being challenged. That is because a government defendant has "a less significant interest in protecting its reputation from damaging allegations than the ordinary individual defendant." *EW v. New York Blood Ctr.*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003); *Kolko*, 242 F.R.D. at 196 (holding that the fact that defendant is a large association organized to perform an important public service, like the government, weighed in favor of permitting pseudonymous litigation); *Yacovelli*, 2004 WL 1144183 at *8 ("When a plaintiff challenges the government or government activity, courts are more like[ly] to permit plaintiffs to proceed under a pseudonym than if an individual has been accused publicly of wrongdoing."). Moreover, challenges to governmental action like this one implicate the public interest in the vindication of fundamental rights, which outweighs the private concerns of the government and similar entities. *See, e.g.*, *EW*, 213 F.R.D. at 111; *Kolko*, F.R.D. at 196. Jane Does 1-6, thus, should be permitted to proceed pseudonymously here so that they can assert and protect their constitutional rights to privacy and free expression.

MOTION TO FILE COMPLAINT IN INTERVENTION
USING PSEUDONYMS -- 10
No. 2:10-cv-00664-MJP

**AMERICAN CIVIL LIBERTIES UNION OF WASHINGTON**
901 Fifth Ave., Suite 630, Seattle, Washington 98164
(206) 624-2184

## CONCLUSION

For the foregoing reasons, Intervenors' motion to file the Complaint using pseudonyms for Jane Does 1-6 should be granted.

Respectfully submitted this 23rd day of June, 2010.

ATTORNEYS FOR PLAINTIFFS-INTERVENORS

/s/ Venkat Balasubramani
Venkat Balasubramani, WSBA #28269
**FOCAL PLLC**
8426 40th Ave SW
Seattle, WA 98136
Tel:   (206) 529-4827
Fax:   (206) 260-3966
Email: venkat@focallaw.com

**AMERICAN CIVIL LIBERTIES UNION OF WASHINGTON FOUNDATION**
Sarah A. Dunne, WSBA # 34869
901 Fifth Ave, Suite 630
Seattle, Washington 98164
Tel:   (206) 624-2184
Fax:   (206) 624-2190
Email: dunne@aclu-wa.org

**AMERICAN CIVIL LIBERTIES UNION OF NORTH CAROLINA FOUNDATION**
Katherine Lewis Parker (*pro hac vice* application pending)
Post Office Box 28004
Raleigh, North Carolina 27611
Tel:   (919) 834-3466
Fax:   (866) 511-1344
Email: acluncklp@nc.rr.com

**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
**Speech, Privacy and Technology Project**
Aden J. Fine (*pro hac vice* application pending)
Mariko Hirose (*pro hac vice* application pending)
125 Broad Street, 18th Floor
New York, NY 10004
Tel:   (212) 549-2500
Fax:   (212) 549-2651
Email:  afine@aclu.org
        mhirose@aclu.org

MOTION TO FILE COMPLAINT IN INTERVENTION
USING PSEUDONYMS -- 11
No. 2:10-cv-00664-MJP

**AMERICAN CIVIL LIBERTIES UNION OF WASHINGTON**
901 Fifth Ave., Suite 630, Seattle, Washington 98164
(206) 624-2184