THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM, LLC,<br><br>              Plaintiff,<br><br>   v.<br><br>KENNETH R. LAY, in his official capacity as Secretary of the North Carolina Department of Revenue,<br><br>              Defendant.<br>_____<br>JANE DOE 1, JANE DOE 2, JANE DOE 3, JANE DOE 4, JANE DOE 5, JANE DOE 6, AND CECIL BOTHWELL,<br><br>              Plaintiffs-Intervenors<br><br>   v.<br><br>KENNETH R. LAY, in his official capacity as Secretary of the North Carolina Department of Revenue, and AMAZON.COM, LLC,<br><br>              Defendants in Intervention. | No.  10-cv-00664-MJP<br><br>**DEFENDANT'S RESPONSE TO MOTION TO INTERVENE** |

## **OVERVIEW AND STATEMENT OF THE CASE**

Six Jane Does and Cecil Bothwell, all represented by the American Civil Liberties Union ("ACLU"), have moved to intervene in a taxpayer lawsuit Amazon has filed against Kenneth Lay, in his official capacity as Secretary of the North Carolina Department of Revenue ("NC

RESPONSE TO MOTION TO INTERVENE - 1
10-cv-00664-MJP

**N.C. Department of Justice**
Post Office Box 629
Raleigh, North Carolina  27602
(919) 716-6900   Fax (919) 716-6763

Revenue" or "Secretary"). In that lawsuit, Amazon seeks a declaratory judgment that NC Revenue's request for customer names in the context of a sales and use tax investigation violates the constitutional rights of free speech, expression and association of its customers. It contends that if Amazon provides NC Revenue with customer names and the detailed information contained in the Amazon Specific Identification Numbers ("ASIN") for its products, then individual customers could be linked to the titles of books, movies, music and other expressive works they purchased. It then alleges that this would violate the free speech and expressive rights of Amazon's customers because NC Revenue has not made the requisite showing of a compelling need or the relevance of the information. Amazon also alleges that release of customer names and the specific videos obtained by customers would violate the Video Privacy Protection Act ("VPPA") because NC Revenue has not obtained a court order or demonstrated a compelling need for the information.

The Amazon lawsuit requests this federal court to interfere with an ongoing sales and use tax investigation relating to the sale of 50 million products to North Carolina customers. NC Revenue has been seeking general product code information sufficient to allow it to apply the State's differential tax rates for such things as books versus food; it has never sought or contended it wanted expressive information such as the titles of books or movies. The State has a compelling interest in the enforcement of its tax laws and in obtaining information specific to that purpose. The Secretary has filed a motion to dismiss Amazon's action under Rule 12(b)(1) for lack of subject matter jurisdiction and also for failure to state a claim upon which relief may be granted under Rule 12(b)(6). *See* North Carolina Motion to Dismiss ("NC MTD") (filed July 12, 2010).

RESPONSE TO MOTION TO INTERVENE - 2
10-cv-00664-MJP

**N.C. Department of Justice**
Post Office Box 629
Raleigh, North Carolina  27602
(919) 716-6900   Fax (919) 716-6763

The ACLU movant-intervenors[1] have filed a motion to intervene and a proposed complaint in intervention, as well as individual declarations. Similar to Amazon, the ACLU seeks to disrupt a legitimate investigation being conducted by NC Revenue for the purpose of enforcing and collecting unremitted sales and use tax revenues. In its Proposed Complaint in Intervention ("ACLU Compl."), the ACLU asks the court for a declaration that NC Revenue has violated the constitutional free speech and privacy rights of the movants and other individuals in North Carolina. It also alleges a claim under the VPPA against Amazon and NC Revenue in the event Amazon were to release information identifying the specific video materials obtained by individual customers. More importantly, the ACLU seeks broad permanent injunctive relief prohibiting NC Revenue in the course of administering the State's tax laws from requesting or exchanging any documents that contain personally identifiable information relating to expressive content or privacy matters. It alleges as part of its complaint that NC Revenue has not shown a sufficiently strong connection between the information sought and any legitimate or compelling governmental interest.

In their declarations and proposed complaint, the seven movants lay bare in great detail the intimate details of their private lives. Most of this private information was not previously known by Amazon, NC Revenue or the public; nor are these intimate details relevant to the pending litigation or NC Revenue's tax investigation of Amazon and its customers. In its memorandum in support of the motion to dismiss and supporting declaration, a full explanation is provided regarding the ongoing tax investigation and the type of general product code information and customer information necessary to apply differential tax rates and exemptions for sales and use tax purposes. *See* NC MTD.

---

[1] For ease of reference, the six Jane Does and Mr. Bothwell will be referred to collectively as the "ACLU" or "movants."

RESPONSE TO MOTION TO INTERVENE - 3
10-cv-00664-MJP

North Carolina imposes a "sales tax" on retailers, such as Amazon, and a "use tax" on customers who purchase property for use within North Carolina. N.C. Gen. Stat. §§ 105-164.4 and 105-164.6. The underlying tax dispute involves North Carolina's investigation of the sales tax liability of Amazon and the use tax liability of Amazon's North Carolina customers. Amazon contends that it is not required to collect sales taxes from its North Carolina customers. Movants' insistence that they have no interest in this tax dispute is wholly disingenuous. Absent the collection of sales taxes by Amazon, movants are in fact liable for use tax under the State's revenue laws (as well as interest and penalties if such tax has not been properly remitted). As the North Carolina Supreme Court recognized long ago, "[t]he legislative history of our sales and use tax discloses that when our sales tax was imposed in 1933, it tended to encourage residents to make out-of-state purchases to escape payment of the tax." *Colonial Pipeline Company v. Clayton*, 275 N.C. 215, 223, 166 S.E.2d 671, 677 (1969). "As a result, the legislature enacted the use tax in 1937 . . . to impose the same burdens on out-of-state purchases as the sales tax imposes on purchases within the state." *Id*. The "chief function" of the use tax is "to prevent the evasion of the North Carolina sales tax" by persons purchasing property outside of North Carolina for use within the State. *Johnston v. Gill*, 224 N.C. 638, 643, 32 S.E.2d 30, 33 (1944). "While a sales tax and a use tax in many instances may bring about the same result, they are different in conception. They are assessments upon different transactions and are bottomed on distinguishable taxable events." *Id*. at 643, 32 S.E.2d at 33.

NC Revenue's interest is solely in collecting revenue owed to the State – it is conducting an investigation to determine whether sales or use taxes provided for by the North Carolina statutes have been properly remitted to the State based on the applicable tax rates. State taxes are not assessed based on the titles or content of books, movies or CDs. *See* NC MTD. Hence, NC

RESPONSE TO MOTION TO INTERVENE - 4
10-cv-00664-MJP

**N.C. Department of Justice**
Post Office Box 629
Raleigh, North Carolina 27602
(919) 716-6900   Fax (919) 716-6763

Revenue is not interested in book and movie titles. It is merely seeking sufficient information to enforce the tax statutes and properly assess North Carolina sales and use taxes based on the differential rates and exemptions that the legislature has enacted.

Because the Tax Injunction Act ("TIA"), 28 U.S.C. § 1341, bars federal court subject matter jurisdiction in cases seeking injunctive or declaratory relief that would restrain state taxing authorities from the assessment, levy or collection of taxes, Amazon's lawsuit must be dismissed. Principles of comity and prudential principles of ripeness also require the dismissal of Amazon's action for lack of subject matter jurisdiction. *See* NC MTD. Without a justiciable case before it, intervention by the ACLU also must be denied by the court. Intervention may also be denied on the grounds of futility in that the ACLU's proposed complaint, just like Amazon's, is barred by the TIA and comity because it seeks to interfere with a legitimate tax investigation; the claim also lacks the requisite ripeness to provide jurisdiction. The ACLU's complaint is subject to an additional jurisdictional bar because it improperly seeks relief in a state tax dispute under 42 U.S.C. § 1983, which the United States Supreme Court has prohibited.

## **ARGUMENT**

### **I. THERE CAN BE NO INTERVENTION WHERE THERE IS NO SUBJECT MATTER JURISDICTION.**

Subject matter jurisdiction of the underlying action is a prerequisite to intervention. *Hartley Pen Co. v. Lindy Pen Co.*, 16 F.R.D. 141, 146 (S.D. Cal. 1954) (citing *Rocca v. Thompson*, 223 U.S. 317, 330-31 (1912)). Because the court does not have subject matter jurisdiction over the original taxpayer action filed by Amazon, it must dismiss the ACLU's motion to intervene.

The "threshold question in every federal case [is] determining the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). "Without jurisdiction the court

RESPONSE TO MOTION TO INTERVENE - 5
10-cv-00664-MJP

**N.C. Department of Justice**
Post Office Box 629
Raleigh, North Carolina 27602
(919) 716-6900   Fax (919) 716-6763

cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 74 U.S. (7 Wall.) 506 (1869).   In 1998, the Supreme Court emphasized the "long and venerable line of our cases" and the "two centuries of jurisprudence affirming the necessity of determining jurisdiction before proceeding to the merits." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 98 (1998).

NC Revenue has contemporaneously filed a motion to dismiss Amazon's claims because the court lacks subject matter jurisdiction. *See* NC MTD.  The TIA, principles of comity and lack of ripeness each serves as a separate and independent bar to Amazon's taxpayer lawsuit. Because NC Revenue has challenged the district court's subject matter jurisdiction over Amazon's suit, the district court must first evaluate this issue prior to considering the ACLU's ancillary motion to intervene.

The rule is well-established that the court must first have subject matter jurisdiction over the original suit before it can consider ancillary issues such as intervention.  "An existing suit within the court's jurisdiction is a prerequisite of an intervention, which is an ancillary proceeding in an already instituted suit . . . ." *Kendrick v. Kendrick*, 16 F.2d 744 (5th Cir. 1926) (citing *Rocca*, 223 U.S. at 331)); *accord Vill. of Oakwood v. State Bank & Trust Co.,* 481 F.3d 364, 367 (6th Cir. 2007) ("a court requires an already-existing suit within its jurisdiction as a prerequisite to the 'ancillary proceeding' of intervention").

Intervention cannot create jurisdiction where none exists. *Canatella v. California*, 404 F.3d 1106, 1113 (9th Cir. 2005) (where *Younger* abstention imposed mandatory limits on federal courts' ability to exercise jurisdiction, invention of right cannot confer jurisdiction).  The rights to intervene and to file a claim "presuppose an action duly brought under its terms . . .

RESPONSE TO MOTION TO INTERVENE - 6
10-cv-00664-MJP

**N.C. Department of Justice**
Post Office Box 629
Raleigh, North Carolina  27602
(919) 716-6900   Fax (919) 716-6763

intervention could not cure [the] vice in the original suit . . . and . . . must abide the fate of that suit." *United States ex rel. Texas Portland Cement Co. v. McCord*, 233 U.S. 157, 163-64 (1914). "In the absence of jurisdiction over the existing suit, a district court simply has no power to decide a motion to intervene; its only option is to dismiss." *Oakwood*, 481 F.3d at 367. Because this requirement "spring[s] from the nature and limits of the judicial power of the United States, [it] is inflexible and without exception." *Mansfield, C. & L. M. R. Co. v. Swan*, 111 U.S. 379, 382 (1884). Here, because the court lacks subject matter jurisdiction over Amazon's taxpayer lawsuit, it must dismiss the ACLU's ancillary motion to intervene.

"This uncontroversial procedural premise finds explicit support from nearly every other circuit." *Oakwood*, 481 F.3d at 367. In *Southern Railway Co.*, the Court held that intervention was not possible because the original plaintiff had no statutory authority to sue and therefore could not establish subject matter jurisdiction. *I.C.C. v. Southern Railway Co.*, 380 F. Supp. 386, 394-95 (M.D. Ga. 1974), *aff'd. in relevant part*, 543 F.2d 534 (5th Cir. 1976). The Ninth Circuit Court of Appeals has similarly recognized the fundamental proposition that jurisdiction over the original action is the initial requisite inquiry. In *Benavidez v. Eu*, 34 F.3d 825, 829 (9th Cir. 1994), the court found that there was no jurisdictional defect in the original action and that the district court therefore properly allowed intervention. By contrast, there are multiple jurisdictional defects in the suit brought by Amazon and the court must therefore deny the motion to intervene.

Numerous other courts have held that pending motions to intervene must be denied where there is no existing case or controversy between the original parties. *See Hofheimer v. McIntee*, 179 F.2d 789, 792 (7th Cir. 1950) ("intervention is ancillary and subordinate to the main cause and whenever a suit ceases to exist by virtue of dismissal by the court, there remains no longer

RESPONSE TO MOTION TO INTERVENE - 7
10-cv-00664-MJP

**N.C. Department of Justice**
Post Office Box 629
Raleigh, North Carolina 27602
(919) 716-6900   Fax (919) 716-6763

any action in which there can be intervention"); *Robertson v. Gallion*, 282 F. Supp. 157, 160 (M.D. Ala. 1968) ("applicants for intervention cannot intervene in this action because, by virtue of this Court's dismissal of plaintiff's lawsuit, there is no justiciable action pending in which to intervene"); *Davis v. Jury Comm'n of Montgomery County*, 261 F. Supp. 591, 594 (M.D. Ala. 1966) (granting motion to dismiss named plaintiffs, and denying pending motions to intervene because there was no remaining live case or controversy between original plaintiffs and defendants); *Becton v. Greene County Bd. of Educ.*, 32 F.R.D. 220, 222 (E.D.N.C. 1963) (same); *GMAC Commercial Mortgage Corp. v. Lasalle Bank Nat'l Assoc.*, 213 F.R.D. 150 (S.D.N.Y. 2003) (motions to intervene were mooted because "there is no 'case or controversy' pending in light of the dismissal").

Here, the ACLU seeks to intervene in a state tax dispute between NC Revenue and Amazon. The court lacks jurisdiction over this tax dispute, however, under the TIA, principles of comity and ripeness and NC Revenue has therefore sought dismissal. Because there is an "absence of jurisdiction over the existing suit" brought by Amazon, the "district court simply has no power to decide a motion to intervene." *See Oakwood*, 481 F.3d at 367. Once the determination on jurisdiction is made, the court must deny intervention because there will be no case or controversy between the original parties.

## II.   INTERVENTION BY THE ACLU IS FUTILE BECAUSE THE PROPOSED COMPLAINT IN INTERVENTION IS SUBJECT TO DISMISSAL.

There is a separate, albeit interrelated reason, why the ACLU's motion to intervene should be denied. If the ACLU were allowed to intervene and file its proposed complaint in intervention, that complaint would be immediately subject to a motion to dismiss by NC Revenue. Thus, the court should deny the ACLU's motion on the grounds of futility, which provides a proper basis for denying a motion to intervene. *See, e.g.*, *Williams & Humbert Ltd. v.*

RESPONSE TO MOTION TO INTERVENE - 8
10-cv-00664-MJP

**N.C. Department of Justice**
Post Office Box 629
Raleigh, North Carolina 27602
(919) 716-6900   Fax (919) 716-6763

*W. & H. Trade Marks Ltd.*, 840 F.2d 72, 75 (D.C. Cir. 1988) (requirement that intervenor have legally cognizable interest depends in part on whether intervenor has stated legally sufficient claim); *U.S. v. Glens Falls Newspapers, Inc.*, 160 F.3d 853, 856 (2d Cir. 1998) (upholding district court's denial of motion to intervene on futility grounds); *In re Merrill Lynch & Co. Research Reports Sec. Litig.*, No. 02 Civ. 8472 (JFK), 2008 U.S. Dist. LEXIS 53923 (S.D.N.Y. June 26, 2008) (same); *Moss v. Stinnes Corp.*, No. 92 Civ. 3788 (JFK), 1997 U.S. Dist. LEXIS 12783, at *2 (S.D.N.Y. Aug. 25, 1997) ("Mr. Moss' motion to intervene is denied because his proposed claims in intervention fail to state a valid claim for relief."), *aff'd*, 169 F.3d 784 (2d Cir.), *cert. denied*, 528 U.S. 879 (1999); *Ceribelli v. Elghanayan*, No. 91 Civ. 3337, 1994 U.S. Dist. LEXIS 13681, at *2 (S.D.N.Y. Sept. 28, 1994) (observing that legal futility is a basis for rejecting a proposed intervention under Fed. R. Civ. P. 24).

For all of the reasons stated in support of NC Revenue's motion to dismiss, this court lacks subject matter jurisdiction over the ACLU claims. This proposition is even clearer in the case of the ACLU claims which are brought in part under 42 U.S.C. § 1983 and seek injunctive relief restraining NC Revenue in its administration of State tax law. The TIA forecloses injunctive relief in the federal courts and has been held specifically to bar claims brought under 42 U.S.C. § 1983. The court therefore lacks subject matter jurisdiction over the ACLU's claims. As the United States Supreme Court has stated, "we do not understand § 1983 to call for courts (whether federal or state) to enjoin the collection of state taxes when an adequate remedy is available under state law." *National Private Truck Council v. Oklahoma Tax Commission*, 515 U.S. 582, 590 (1995). Here, the ACLU primarily seeks injunctive relief that would restrain the administration of North Carolina tax laws by interfering with an ongoing sales and use tax investigation involving 50 million purchases from Amazon by North Carolina customers. In

RESPONSE TO MOTION TO INTERVENE - 9
10-cv-00664-MJP

**N.C. Department of Justice**
Post Office Box 629
Raleigh, North Carolina 27602
(919) 716-6900   Fax (919) 716-6763

addition it seeks restraints impinging on NC Revenue's future investigations and collection of unpaid tax revenues by seeking to limit prospectively the information that can be sought.

In the declarations submitted by the ACLU, the Jane Does and Mr. Bothwell admit freely that they have purchased tangible personal property from Amazon, but fail to allege that appropriate sales or use taxes were remitted to NC Revenue as required by law.[2] Amazon has admitted it does not collect North Carolina sales taxes. The function of the use tax is "to prevent the evasion of the North Carolina sales tax" by persons purchasing property outside of North Carolina for use within the State, as movants have done. *Johnston*, 224 N.C. at 643, 32 S.E.2d at 33. The ACLU's claim is precisely the kind of claim that federal courts are barred by the TIA from hearing, so long as an adequate remedy is available in state courts.

The available state remedy has been fully described in NC Revenue's memorandum supporting dismissal of Amazon's lawsuit and will not be repeated here. *See* NC MTD. However, it should be emphasized that, under the TIA, a state court remedy is plain, speedy, and efficient if it "provides the taxpayer with a 'full hearing and judicial determination' at which [the taxpayer] may raise any and all constitutional objections." *California v. Grace Brethren*, 457 U.S. 393, 411 (1982); *see also Rosewell v. LaSalle Nat'l Bank*, 450 U.S. 503, 514 (1981). The ACLU's overarching concern is the release of customer names in a manner that ties the expressive content or private nature of purchases to particular customers. Amazon has not produced any customer names so the harm anticipated by the ACLU is at best premature. Instead, Amazon has prematurely filed a lawsuit hypothesizing that NC Revenue would issue a summons and that any such summons would request customer names. If a summons is eventually issued by the Secretary, the North Carolina courts provide a forum to challenge its

---

[2] NC Revenue's Form D-400, p. 7, Use Tax Worksheet [for] Taxpayers Who Have Records of All Out-of-State Purchases , is attached to the Declaration of H. Alan Woodard submitted in support of NC Revenue's Motion to Dismiss. *See* Woodard Decl., Ex. G.

RESPONSE TO MOTION TO INTERVENE - 10
10-cv-00664-MJP

**N.C. Department of Justice**
Post Office Box 629
Raleigh, North Carolina  27602
(919) 716-6900   Fax (919) 716-6763

validity and scope. *See State v. Davis*, 96 N.C. App. 545, 551, 386 S.E.2d 743, 746 (1989) (a summons by the Secretary "would violate constitutional protections if it was overly broad, not issued in good faith for a legitimate purpose or not relevant to that purpose"); *In re Summons Issued to Ernst & Young, LLP*, 363 N.C. 612, 617, 684 S.E.2d 151, 154 (2009) (the state court in administering its duties relating to the issuance of a summons by the Secretary has the authority to provide third parties with notice and an opportunity to assert privileges).  Thus, both the ACLU and Amazon have available a speedy state court remedy that would provide an opportunity for judicial determination of their constitutional claims in the event a summons is issued and enforcement proceedings are commenced.  It is in this forum, not the federal courts, that NC Revenue appropriately would be required to establish the relevance of information sought, as well as a compelling interest if any constitutionally protected information were at issue.

Because the ACLU's proposed complaint would be immediately subject to dismissal, its motion to intervene should be denied as futile.  NC Revenue has fully set forth in its memorandum in support of its motion to dismiss Amazon's lawsuit the grounds for dismissing actions brought in federal court that would disrupt state tax administration and does not repeat those arguments here.  *See* NC MTD.  However, it is significant that the ACLU's proposed complaint in intervention is brought under 42 U.S.C. § 1983 and thus falls squarely and indisputably within the TIA's prohibition as interpreted by the United States Supreme Court.

## **CONCLUSION**

For the foregoing reasons, NC Revenue respectfully requests that the court deny the Motion to Intervene filed by the ACLU on behalf of Jane Does 1-6 and Cecil Bothwell because

RESPONSE TO MOTION TO INTERVENE - 11
10-cv-00664-MJP

**N.C. Department of Justice**
Post Office Box 629
Raleigh, North Carolina  27602
(919) 716-6900   Fax (919) 716-6763

the court lacks subject matter jurisdiction to support an ancillary intervention proceeding and on the additional grounds of futility.

DATED this the 12th day of July, 2010.

**MCKAY CHADWELL, PLLC**

By: */s/ Thomas M. Brennan*
Thomas M. Brennan
WSBA No. 30662
600 University St., Suite. 1601
Seattle, WA  98101
Telephone:  (206) 233-2800
Facsimile:  (206) 233-2809
Email:  tmb@mckay-chadwell.com

*Pro Hac Vice*:
**ATTORNEY GENERAL ROY COOPER**
By: */s/ Kay Linn Miller Hobart*
Kay Linn Miller Hobart
Special Deputy Attorney General
N.C. State Bar No. 16746
Telephone: (919) 716-6550
Facsimile: (919) 715-3550
Email:  khobart@ncdoj.gov

By: */s/ Tiare B. Smiley*
Tiare B. Smiley
Special Deputy Attorney General
N.C. State Bar No. 7719
Telephone:  (919) 716-6900
Facsimile:  (919) 716-6763
Email:  tsmiley@ncdoj.gov
N.C. Department of Justice
P.O. Box 629
Raleigh, NC  27602

*Attorneys for Defendant*

RESPONSE TO MOTION TO INTERVENE - 12
10-cv-00664-MJP

**N.C. Department of Justice**
Post Office Box 629
Raleigh, North Carolina  27602
(919) 716-6900   Fax (919) 716-6763