THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM, LLC,<br><br>                    Plaintiff,<br><br>   v.<br><br>KENNETH R. LAY, in his official capacity as Secretary of the North Carolina Department of Revenue,<br><br>                    Defendant. | No.  10-cv-00664-MJP<br><br>**RESPONSE TO MOTION TO FILE COMPLAINT IN INTERVENTION USING PSEUDONYMS** |
| JANE DOE 1, JANE DOE 2, JANE DOE 3, JANE DOE 4, JANE DOE 5, JANE DOE 6, AND CECIL BOTHWELL,<br><br>                    Plaintiffs-Intervenors<br><br>   v.<br><br>KENNETH R. LAY, in his official capacity as Secretary of the North Carolina Department of Revenue, and AMAZON.COM, LLC,<br><br>                    Defendants in Intervention. | |

RESPONSE TO MOTION TO FILE COMPLAINT
IN INTERVENTION USING PSEUDONYMS - 1
10-cv-00664-MJP

**N.C. Department of Justice**
Post Office Box 629
Raleigh, North Carolina  27602
(919) 716-6900   Fax (919) 716-6763

## OVERVIEW

As discussed in more detail in Defendant's Response to Motion to Intervene ("Intervention Response") (filed July 12, 2010), six Jane Does and Cecil Bothwell, all represented by the American Civil Liberties Union ("ACLU"), have moved to intervene in a declaratory judgment action filed by Amazon against the North Carolina Department of Revenue ("NC Revenue"). The underlying lawsuit attempts to impede the State's ongoing sales and use tax investigation relating to the sale of 50 million products to North Carolina customers by alleging violations of free speech, expression and association rights. The Jane Does who seek to intervene have identified themselves as individuals who purchased items from Amazon and are attempting to stymie NC Revenue's tax investigation by seeking declaratory and injunctive relief on similar free speech, expression and association grounds. NC Revenue has explained in detail the type of generic information needed to determine and assess sales and use tax liabilities based on differential tax rates and exemptions provided for by the North Carolina tax laws. *See* North Carolina Motion to Dismiss ("NC MTD") (filed July 12, 2010). It has also been explained that NC Revenue has absolutely no interest in Amazon customers' reading habits, their religious or political beliefs or their sexual orientation; North Carolina differential tax rates and exemptions are not dependant on this type of information. *Id*.

In their Motion to File Complaint in Intervention Using Pseudonyms ("Jane Does Motion"), the Jane Does ask the court to permit them to proceed in this case under pseudonyms in order to protect their constitutional privacy interests. Their need for anonymity has been created artificially and unnecessarily in this case by filing declarations and a proposed complaint in intervention that spread upon the public record the intimate details of their personal lives, along with detailed descriptions of the expressive content of their purchases. These facts raise the troubling potential for establishing a precedent that would allow parties to artificially create a

RESPONSE TO MOTION TO FILE COMPLAINT
IN INTERVENTION USING PSEUDONYMS - 2
10-cv-00664-MJP

**N.C. Department of Justice**
Post Office Box 629
Raleigh, North Carolina  27602
(919) 716-6900   Fax (919) 716-6763

need for anonymity by voluntarily and unnecessarily exposing the most intimate details of their personal lives.  Despite this cause for jurisprudential concern, NC Revenue does not oppose allowing the Jane Does to proceed anonymously at this preliminary stage of the proceedings, but would defer the matter to the discretion of the court.  In not opposing the request for anonymity at this time, NC Revenue reserves the right to revisit disclosure of the identities of the Jane Does if the underlying litigation is not dismissed.  By law, NC Revenue is protective of all taxpayer information collected during the process of investigating taxpayer liability.[1]  *See* N.C. Gen. Stat. § 105-259.  For this reason, Secretary Lay is sensitive to the privacy concerns asserted by the individual Jane Does.  As a practical matter, however, the strict confidentiality procedures governing NC Revenue prohibit the disclosure of information obtained during an audit and therefore already protect the Jane Does' privacy interests.

## ARGUMENT

### ALLOWING THE USE OF PSEUDONYMS IS THE EXCEPTION BECAUSE IT IS CONTRARY TO THE PUBLIC RIGHT OF ACCESS TO THE COURTS.

A.  **Balancing the Request of the Jane Does to Proceed Anonymously**

The longstanding general rule is that parties to federal litigation must engage with their real names, not pseudonyms.  *United States v. John Doe*, 655 F.2d 920, 922 n.1 (1980) ("We recognize that the identity of the parties in any action, civil or criminal, should not be concealed except in an unusual case").  Some limited exceptions to the general rule have been carved out by federal courts, including the Ninth Circuit.  These exceptions have focused on the potential repercussions of revealing a litigant's identity balanced against the potential prejudice to the defendant and the public interest.  In 2000, the Ninth Circuit Court of Appeals provided guidance

---

[1] This fact further highlights the dubiousness of the fears expressed by the Jane Does regarding retaliation, especially considering that the Amazon "privacy policy" permits Amazon to disclose its customer information under much more lenient circumstances than that permitted by NC Revenue.  Amazon's privacy policy is available at http://www.amazon.com/gp/help/customer/display.html/ref=footer_privacy?ie=UTF8&nodeId=468496.

RESPONSE TO MOTION TO FILE COMPLAINT
IN INTERVENTION USING PSEUDONYMS - 3
10-cv-00664-MJP

**N.C. Department of Justice**
Post Office Box 629
Raleigh, North Carolina  27602
(919) 716-6900   Fax (919) 716-6763

on when a party may proceed anonymously. "[A] party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Doe v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). In cases where pseudonyms are used to shield the anonymous party from retaliation, the district court should determine the need for anonymity by evaluating the following factors: severity of the threatened injury; reasonableness of plaintiffs' fears; plaintiffs' vulnerability to retaliation; prejudice to defendants; and public interest. *Id.*

The burden is on the parties seeking to remain anonymous to "demonstrate 'an objectively reasonable fear of extraordinarily severe retaliation' that outweighs the defendants' prejudice and the public's interest." *Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate*, 2008 U.S. Dist. LEXIS 105088, at *8 (D. Haw. 2008), *aff'd*, 596 F.3d 1036 (9th Cir. 2010). In this case, it is highly questionable whether the allegations by the Jane Does demonstrate legitimate fears that rise anywhere near the required level of "extraordinarily severe retaliation."

The Ninth Circuit Court of Appeals has upheld the denial of anonymity in a case where the litigant claimed he would be subject to embarrassment and that it would make it more difficult to find a job. *See Doe v. Bergstrom*, 315 Fed. Appx. 656 (9th Cir. 2009). Similarly, in *Kamehameha*, the anonymous plaintiffs claimed that threats posted on the internet were signs that revealing their identities may subject them to offensive comments and personal harm. *Kamehameha*, 2008 U.S. Dist. LEXIS 105088, at *11. The court held that the plaintiffs failed to show that they had "an objectively reasonable fear of extraordinarily severe retaliation." *Id.* Finally, in *Smith v. Patel*, No. CV 09-04947, 2009 U.S. Dist. LEXIS 92062 (C.D. Cal. 2009), the

RESPONSE TO MOTION TO FILE COMPLAINT
IN INTERVENTION USING PSEUDONYMS - 4
10-cv-00664-MJP

**N.C. Department of Justice**
Post Office Box 629
Raleigh, North Carolina 27602
(919) 716-6900   Fax (919) 716-6763

court held that protecting one's good name and preventing irrelevant character attacks were not sufficient to allow anonymity. The concerns expressed by the Jane Does are more analogous to the facts of these cases where anonymity was denied.

Other cases relied upon by the Jane Does are also distinguishable from the facts of this case. First and foremost, they are not tax cases involving state or federal taxing authorities seeking relevant information related to the assessment and collection of tax revenues. For example, the plaintiffs in *Advanced Textile* feared that, "if their identities were disclosed to defendants and other nonparties to the action, they would be fired from their jobs, deported . . . and arrested and imprisoned by the People's Republic of China." 214 F.3d at 1062. The Ninth Circuit allowed them to proceed using pseudonyms after a finding that "they have an objectively reasonable fear of extraordinarily severe retaliation." *Id.* at 1063. In another case, the plaintiff was allowed to proceed anonymously based on fears of retaliation and ostracism in the Orthodox Jewish community if it were disclosed that he was suing a Rabbi for sexually abusing him as a child. *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 196 (E.D.N.Y. 2006). Similarly, the litany of cases cited by the Jane Does regarding "matters of a sensitive and highly personal nature" are a far cry from this case. *See* Jane Does Motion at 7-10 (cases involving private and stigmatizing medical and mental health information, HIV positive status, psychiatric disorders, prescription drug use, religious beliefs and young plaintiffs).

The list of First Amendment cases cited by the Jane Does also lack relevance to the facts of this case. *See* Jane Does Motion at 4-6. In those cases, the First Amendment was not deemed an absolute bar to obtaining personal information; instead the courts' determinations were based on an inquiry as to whether the governmental entity had established a compelling interest. As the Jane Does concede, disclosure of the expressive content of their Amazon purchases would be

RESPONSE TO MOTION TO FILE COMPLAINT
IN INTERVENTION USING PSEUDONYMS - 5
10-cv-00664-MJP

**N.C. Department of Justice**
Post Office Box 629
Raleigh, North Carolina  27602
(919) 716-6900   Fax (919) 716-6763

"presumptively unconstitutional, unless DOR can establish a compelling interest in the information and a sufficient nexus between that interest and the information." *Id.* at 6. As explained in the memorandum supporting dismissal of Amazon's lawsuit, the government has a "compelling interest in maintaining a sound and administratively workable tax system" that justifies the alleged restrictions on First Amendment rights. *See* NC MTD; *Bradley v. United States*, 817 F.2d 1400, 1405 (9th Cir. 1987).

The Jane Does now before the court may have somewhat sympathetic personal stories – which they have voluntarily made public – but it is questionable that the concerns they raise, if the generic product codes of their purchases were to be disclosed, rise to the level usually associated with the exceptional cases where parties have been allowed to remain anonymous. In this case, NC Revenue does have an interest in the Jane Does' identities and the generic product codes for their purchases. Each of them has made purchases from Amazon, which by their own admission are subject to North Carolina sales or use tax.

NC Revenue is in the process of investigating the sales tax liability of Amazon and the use tax liability of Amazon's North Carolina customers. When North Carolina's sales tax was imposed in 1933, "it tended to encourage residents to make out-of-state purchases to escape payment of the tax." *Colonial Pipeline Company v. Clayton*, 275 N.C. 215, 223, 166 S.E.2d 671, 677 (1969). "As a result, the legislature enacted the use tax in 1937 . . . to impose the same burdens on out-of-state purchases as the sales tax imposes on purchases within the state." *Id*. The "chief function" of the use tax is "to prevent the evasion of the North Carolina sales tax" by persons purchasing property outside of North Carolina for use within the State. *Johnston v. Gill*, 224 N.C. 638, 643, 32 S.E.2d 30, 33 (1944). Amazon admits it does not collect sales taxes from North Carolina customers, while the Jane Does do not allege that they have paid the appropriate

RESPONSE TO MOTION TO FILE COMPLAINT
IN INTERVENTION USING PSEUDONYMS - 6
10-cv-00664-MJP

**N.C. Department of Justice**
Post Office Box 629
Raleigh, North Carolina  27602
(919) 716-6900   Fax (919) 716-6763

use taxes on their purchases.[2] Unquestionably there is a nexus between the identities of the Jane Does and the subject matter of NC Revenue's investigation. The intent of NC Revenue is to properly levy and collect state sales and use taxes, not to determine the expressive interests of Amazon's purchasers. NC Revenue is seeking only the information necessary to enable the proper administration of state tax laws. Under the circumstances, the balancing of interests weighs more in favor of denying anonymity.

### B. Rebalancing the Need for Anonymity During the Course of Litigation

The Ninth Circuit has recognized that the need for anonymity or disclosure of identities could change at different stages of the trial proceedings. "[T]he balance between a party's need for anonymity and the interests weighing in favor of open judicial proceedings may change as the litigation progresses." *Advanced Textiles*, 214 F.2d at 1069. The court instructed that the lower court should use its powers to manage pretrial proceedings using protective orders to limit the disclosure of the party's name, and "to preserve the party's anonymity to the greatest extent possible without prejudicing the opposing party's ability to litigate the case." *Id*.

If the court determines at this time that the Jane Does have shown a sufficient basis for proceeding anonymously, NC Revenue reserves the right to have the court revisit its determination as the needs of the litigation dictate in the event of further proceedings. This case is about unpaid taxes, not the First Amendment. The Jane Does admit freely that they have purchased tangible personal property, but fail to allege that sales or use taxes were remitted to NC Revenue as required by law. For this reason, in the event the litigation is allowed to proceed,

---

[2] NC Revenue's Form D-400 Instructions on page 7 instruct taxpayers with out-of-state purchases how to compute their "Consumer Use Tax" on a worksheet. This calculation is to be reported on Line 19 of the taxpayer's North Carolina Individual Income Tax Return. A copy is attached to the Declaration of H. Alan Woodard submitted in support of NC Revenue's Motion to Dismiss. *See* Woodard Decl., Ex. G.

RESPONSE TO MOTION TO FILE COMPLAINT
IN INTERVENTION USING PSEUDONYMS - 7
10-cv-00664-MJP

**N.C. Department of Justice**
Post Office Box 629
Raleigh, North Carolina  27602
(919) 716-6900   Fax (919) 716-6763

a rebalancing of the competing interests at a later stage of the proceedings would likely result in a finding that anonymity would be prejudicial to the defendant and the public interest.

## **CONCLUSION**

For the foregoing reasons, defendant defers to the discretion of the court as to the appropriateness of allowing the Jane Does to proceed anonymously at this stage of the proceedings, but reserves the right to request that the court revisit the need for anonymity at a later stage of these proceedings, in the event the lawsuit is not dismissed at the outset.

RESPONSE TO MOTION TO FILE COMPLAINT
IN INTERVENTION USING PSEUDONYMS - 8
10-cv-00664-MJP

**N.C. Department of Justice**
Post Office Box 629
Raleigh, North Carolina  27602
(919) 716-6900   Fax (919) 716-6763

DATED this the 12th day of July, 2010.

**MCKAY CHADWELL, PLLC**

By: */s/ Thomas M. Brennan*
Thomas M. Brennan
WSBA No. 30662
600 University St., Suite. 1601
Seattle, WA  98101
Telephone:  (206) 233-2800
Facsimile:  (206) 233-2809
Email:  tmb@mckay-chadwell.com

*Pro Hac Vice*:
**ATTORNEY GENERAL ROY COOPER**
By: */s/ Kay Linn Miller Hobart*
Kay Linn Miller Hobart
Special Deputy Attorney General
N.C. State Bar No. 16746
Telephone: (919) 716-6550
Facsimile: (919) 715-3550
Email:  khobart@ncdoj.gov

By: */s/ Tiare B. Smiley*
Tiare B. Smiley
Special Deputy Attorney General
N.C. State Bar No. 7719
Telephone:  (919) 716-6900
Facsimile:  (919) 716-6763
Email:  tsmiley@ncdoj.gov
N.C. Department of Justice
P.O. Box 629
Raleigh, NC  27602

*Attorneys for Defendant*

RESPONSE TO MOTION TO FILE COMPLAINT
IN INTERVENTION USING PSEUDONYMS - 9
10-cv-00664-MJP

**N.C. Department of Justice**
Post Office Box 629
Raleigh, North Carolina  27602
(919) 716-6900   Fax (919) 716-6763