THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| **AMAZON.COM LLC** | ) | No. 10-CV-00664 |
| Plaintiff, | ) | |
| | ) | **DECLARATION OF JENNIFER** |
| v. | ) | **GALBREATH IN SUPPORT OF** |
| | ) | **PLAINTIFF'S MOTION** |
| **KENNETH R. LAY**, in his official capacity as | ) | **FOR SUMMARY JUDGMENT** |
| Secretary of the North Carolina Department of | ) | **PURSUANT TO** |
| Revenue, | ) | **FED. R. CIV. P. 56(a)** |
| | ) | |
| Defendant. | ) | NOTE ON MOTION CALENDAR: |
| | ) | August 6, 2010 |

I, Jennifer Galbreath, declare under the penalty of perjury as follows:

1.      I am Senior Tax Manager, Indirect Taxes, for Amazon.com, Inc., parent company of Amazon.com LLC ("Amazon").  In this position, I am responsible for Amazon's compliance with the requests issued by the North Carolina Department of Revenue ("DOR") to Amazon in this case, described below.  I have personal knowledge of the matters referred to in this declaration, either directly or based on due diligence and reasonable inquiry, including my review of Amazon's business records.  If called as a witness, I am competent to testify to those matters.

2.      I submit this declaration in support of Amazon's Motion for Summary Judgment and points and authorities in support thereof.

DECLARATION OF JENNIFER GALBREATH— 1

3.     Between August 1, 2003, and February 28, 2010, customers in North Carolina purchased nearly 50 million products from Amazon's website.  The majority of these 50 million products were expressive works such as books, music CDs and DVDs.

4.     On December 1, 2009, as part of an audit of Amazon for compliance with state sales and use tax laws, the DOR sent an Information Document Request (the "December Information Request") to Amazon at its principal place of business in Seattle, Washington.  A true and correct copy of the December Information Request is attached hereto as Exhibit A.

5.     Question 16 of the December Information Request asked, in part, that Amazon provide "*all* information for *all* sales to customers with a North Carolina shipping address by month in an electronic format" for all dates between August 1, 2003, and February 28, 2010 (emphasis added).

6.     The cover letter sent by the DOR with the December Information Request stated that Amazon's failure to disclose the requested information within the requested time "may prompt the state to issue a summons in accordance with North Carolina General Statute § 105-258."  Ex. A, cover letter, p. 1.  The instructions to the December Information Request also warned Amazon that "[i]f the information is not provided by the due date, the Secretary may issue a summons pursuant to N.C. Gen. Stat. 105-258."  Ex. A, "Information Data Request" at 1.

7.     In response, Amazon employees in Seattle provided the DOR with detailed information about millions of purchases made by North Carolina customers during the relevant time period.  Specifically, Amazon provided the DOR with responses to all of the data fields specified by the DOR that were reasonably obtainable from Amazon's records,

DECLARATION OF JENNIFER GALBREATH— 2

including: order ID number, seller, ship-to city, county, postal code, the non-taxable amount

of the purchase, and tax audit record identification (the "Initial Data").

8.      Included in the Initial Data was the specific product code for each item

purchased, which is known as the Amazon Standard Identification Number, or ASIN.

Amazon uses ASIN numbers to identify products in its catalog and its systems.  Sales

information for each product is stored by ASIN number as well.  As a general matter, Amazon

does not maintain sales records for specific items in its systems by more generic product

codes.  If the DOR searches for any ASIN number on the Amazon website, the website will

display details about the item, and the DOR can learn the title and description of each book,

DVD, music selection, or other item purchased by the customer.

9.      To protect customer privacy, including customer choices of expressive

material, Amazon did *not* provide the DOR with the name, address, phone number, e-mail

address or other personally identifiable information of any customer.

10.      From March 15 to March 17, 2010, and resuming on March 19, 2010, DOR

agents Romey McCoy and Jerri Noland visited Amazon's Seattle offices and met with

Amazon employees in furtherance of the DOR's efforts to obtain information from Amazon

regarding Amazon's sales to North Carolina residents.  Amazon employees provided these

DOR agents with responsive data both on data CD and via e-mail.

11.      By letter hand-delivered on March 19, 2010, to Amazon in Seattle,

Washington (the "March Information Request"), the DOR stated that Amazon's initial

response to Question 16 of the December Information Request omitted the "Bill to Name; Bill

to Address (Street, City, State, and Zip); Ship to Name; Ship to Address (Street)" as well as

"Product/item code or description" (the "Customer Data").  The DOR demanded that Amazon

DECLARATION OF JENNIFER GALBREATH— 3

provide the Customer Data "for examination" on or before April 19, 2010, or face an administrative summons pursuant to N.C. Gen. Stat. § 105-258.  A true and correct copy of the March Information Request is attached hereto as Exhibit B.

12.     In response, Amazon, by its Vice President, Tax and Tax Policy Robert D. Comfort, sent a letter to Defendant Kenneth R. Lay at the DOR on April 19, 2010, declining to produce the Customer Data or any other personally identifiable information about Amazon's customers.  A true and correct copy of the letter from Mr. Comfort to the Defendant is attached hereto as Exhibit C.

13.     Amazon already furnished the Initial Data, including the ASIN number, for all purchases responsive to the December Information Request for "all information for all sales." The disclosure of the Customer Data would reveal to the DOR the identities of customers who have purchased books, movies, music and other items, and would link those purchases directly to the customers' names and addresses, exposing their otherwise private reading, viewing, listening and other personal choices to unnecessary government scrutiny.

14.     Faced with the choice between complying with the March Information Request and violating the privacy and First Amendment rights of Amazon and its North Carolina customers, or risking an administrative summons by refusing to comply with the DOR's request Amazon sought to protect its rights and the rights of its customers by filing its Complaint in this Court on April 19, 2010.

15.     In a press release issued immediately following Amazon's filing of this lawsuit, Secretary Kenneth Lay of the DOR stated that the DOR took the position that information regarding specific titles purchased by Amazon's customers is information that "is

DECLARATION OF JENNIFER GALBREATH— 4

not required to calculate the tax due." A true and correct copy of the press release is attached hereto as Exhibit D.

16.     The DOR responded to Amazon's April 19, 2010 letter and to Amazon's filing of this lawsuit in a letter dated April 21, 2010. A true and correct copy of this letter is attached as Exhibit E. In its April 21 letter, the DOR declared that it "is <u>not</u> seeking information regarding the titles of books and CDs purchased by North Carolina customers" and admitted that "[t]his information is not required in order for the Department to calculate the amount of sales or use tax properly due the State." DOR offered to return the ASIN information but expected to receive the "information you have not provided without further delay."

17.     As described in the accompanying Declaration of David A. Zapolsky ("Zapolsky Decl."), para. 19, Amazon's counsel sent a letter to the DOR on May 14, 2010 (the "May 14 Letter," attached to the Zapolsky Decl. as Ex. 1) asking the DOR: (a) if the DOR were to return a disk containing the Initial Data, what assurances could be provided that the DOR had not made any back-ups of this data; (b) whether the DOR would enter into a consent order prohibiting the DOR from seeking the titles of expressive material from Amazon in the future; and (c) whether and why the DOR needs the Customer Data, or any other personally identifiable information, in order to audit Amazon. The May 14 Letter also requested that the DOR issue a revised request for information that would state specifically that Amazon need not provide the names and titles of books, movies, CDs and other expressive materials.

18.     The DOR responded to Amazon's May 14 Letter with a letter dated May 19, 2010, attached to the Zapolsky Decl. as Ex. 2, which indicated that the DOR would be

DECLARATION OF JENNIFER GALBREATH— 5

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

seeking additional information but did not respond to the substance of Amazon's May 14

Letter.

19.     On June 4, 2010, the DOR issued a new Information Document Request (the

"June Information Request") to Amazon demanding additional information from Amazon.  A

true and correct copy of the June Information Request is attached hereto as Exhibit F.

20.     The June Information Request does not specifically state that Amazon need not

provide the names and titles of books, movies, CDs and other expressive materials it

demanded in its December Information Request.  Nor does it mention the "Bill to Name; Bill

to Address (Street, City, State, and Zip); Ship to Name; Ship to Address (Street); Product/item

code or description" that DOR demanded in the March Information Request.

21.     Instead, the cover letter accompanying the June Information Request states that

the DOR "seeks additional information, as well as information previously requested and not

provided, about the business operations and tax reporting of Amazon.com, Inc. and its

subsidiaries."  The same letter further declares that "[t]he Department reserves the right to

request additional information including, but not limited to, information not provided in

response to earlier IDR requests."

22.     The text of the June Information Request likewise demands generally "[a]ll

books, records papers and other documents in your possession or control concerning the Sales

and Use Tax liability of Amazon.com, Inc. and Subsidiaries ("you" and "your"), for the audit

period August 1, 2003 through June 30, 2009 ("Audit Period") unless a different period is

indicated, including but not limited to" a list of 34 new detailed questions, many with

subparts.  Like the prior December Information Request and the March Information Request,

the June Information Request reminds Amazon that if it does not provide the requested

DECLARATION OF JENNIFER GALBREATH— 6

information, "the Secretary may issue a summons pursuant to N.C. Gen. Stat. § 105-258."

Ex. A, "Information Document Request" at p. 1.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.


Jennifer Galbreath
Senior Tax Manager, Indirect Taxes
Amazon.com, Inc.
Dated: Seattle, Washington
    July _is_, 2010

DECLARATION OF JENNIFER GALBREATH— 7

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

# EXHIBIT A



## NORTH CAROLINA DEPARTMENT OF REVENUE

Beverly Eaves Perdue
Governor

December 1, 2009

Kenneth R. Lay
Secretary

JENNIFER GALBREATH
AMAZON.COM LLC
AMAZON SERVICES LLC
1200 12TH AVENUE SOUTH SUITE 1200
SEATTLE WA  98144

Re:  Amazon.com

Dear Ms. Galbreath:

Pursuant to our telephone conversation of today's date, this is to confirm our March 15, 2010 appointment to begin a Sales and Use Tax examination of your North Carolina activities.  The period to be examined will be August 1, 2003 through February 28, 2010.

I have attached an *Information Document Request* that is required to complete the audit. We are requesting that you make available the records requested herein within thirty (30) days of the date of this letter.  Failure to do so may prompt the State to issue a summons in accordance with North Carolina General Statute §105-258.

Enclosed is my business card and a copy of the North Carolina <u>TAXPAYER'S BILL OF RIGHTS.</u>  If you have any questions, please feel free to call me at (919) 715-9907.

Very truly yours,

Romey V. McCoy, Audit Manager
Interstate Examination Section

cc: Richard Gilbert, Assistant Director – Interstate Examination Section
    (919) 733-2995
    Jerri M. Noland, Revenue Field Auditor II
    (360) 571-3339

Interstate Examination Section
P.O. Box 871, Raleigh, NC 27602-0871
Telephone  (919) 733-2995
Fax No  (919) 733-1139
An Equal Opportunity Employer

| North Carolina Department of Revenue - Examination Division | Request |
|---|---|
| **Information Document Request** | Page 1 |

| To:  Jennifer Galbreath, Senior Tax Manager | **Subject:**<br>Information Request |
|---|---|
| Amazon.com LLC<br>Amazon Services LLC<br>1200 12th Avenue South, Suite 1200<br>Seattle, WA  98144 | **FEIN:**<br>XX-XXXXXXX |
| | **Dates of previous request:**<br>N/A |

**Authority:  This information and document request is issued pursuant to N.C. Gen. Stat. §§ 105-251, 105-252 and other applicable law.  N.C. Gen. Stat. § 105-251 provides, in part: "A taxpayer must give information to the Secretary when the Secretary requests the information."  N.C. Gen. Stat. § 105-252 provides, in part: "A person who receives from the Secretary any form requiring information shall fill the form out properly and answer each question fully and correctly.  If unable to answer a question, the person shall explain why in writing.  The person shall return the form to the Secretary at the time and place required by the Secretary."**

**If the information is not provided by the due date, the Secretary may issue a summons pursuant to N.C. Gen. Stat. § 105-258.**

**The documentation and information requested below is for the period of August 1, 2003 through February 28, 2010.**

1. Please provide a detailed description of the regular or principal trade or business activity of Taxpayer.

2. Please provide a description of products sold by Taxpayer.

3. Please describe how sales are made by Taxpayer.

4. Did Taxpayer make sales through representatives?

5. If yes to previous question, were any of those sales to North Carolina residents?

6. Did Taxpayer operate an affiliate program in North Carolina?

7. Please provide the name and address of all affiliates that operated in North Carolina and when Taxpayer began its affiliate program in North Carolina.

8. What is the commission or other type of compensation structure of Taxpayer for the affiliate program?

9. Please describe how sales are made by Taxpayer through their affiliate program?

10. Please provide a copy of the standardized agreement between Taxpayer and an affiliate that operates in North Carolina.  If the agreement was not standardized, please provide representative samples of the spectrum of agreements which existed with North Carolina affiliates.

11. Please provide copies of all 1099s issued to affiliates operating in North Carolina.

12. Please provide a detailed description of the service AffilateProgramService provides for Taxpayer and your affiliates.

13. Please provide a copy of each contract or agreement between Taxpayer and AffilateProgramService.

14. Did Taxpayer sell directly to customers with a North Carolina shipping address without using affiliates operating in North Carolina or other third parties?   Please explain and provide supporting documentation.

15. Does Taxpayer record in their books and records all sales transactions made by Taxpayer?  If not, who records the transactions for Taxpayer?

16. Please provide all information for all sales to customers with a North Carolina shipping address by month in an electronic format. The information can be provided in a spreadsheet or downloaded.  If a spreadsheet is provided additional documentation may be requested.

17. Did Taxpayer have inventory in North Carolina?   Please explain and provide supporting documentation.

18. Did Taxpayer (permanently or temporarily, directly or indirectly, or through a subsidiary or agent) maintain, occupy or use in North Carolina any office, place of distribution, sales or sample room, warehouse or storage place, or other place of business by whatever name called? If so, please identify the place and indicate whether the place was used for selling or delivering tangible personal property for storage, use or consumption in North Carolina.

19. Did Taxpayer (permanently or temporarily, directly or through a subsidiary) have any representative, sales representative, agent, salesman, canvasser or solicitor operating in North Carolina in the course of selling or delivering tangible personal property for storage, use or consumption in North Carolina?

20. Did Taxpayer (permanently or temporarily, directly or through a subsidiary) maintain in North Carolina tangible personal property for the purpose of lease or rental?

21. Did Taxpayer's cumulative gross receipts from sales to purchasers in North Carolina who were referred to Taxpayer by Taxpayer's North Carolina affiliates at any time exceed ten thousand dollars during four consecutive quarterly periods?

22. Did Taxpayer have any employees or representatives who travel to North Carolina in the course of their employment?   If so, please provide each individual's name, social security number, title and description of job duties.

23. Please provide copies of your consolidated Federal income tax returns and schedule 851.

We reserve the right to request additional information.

| Information due by | **January 1, 2010** | |
|---|---|---|
| **From:** | **Name and title of requester:**<br>Romey L. McCoy, Audit Manager | Date:<br>**December 1, 2009** |
| | **Office Location:**<br>Post Office Box 871, Raleigh, North Carolina  27602 | **Telephone #**<br>(919) 715-9907 |

# EXHIBIT B



## NORTH CAROLINA DEPARTMENT OF REVENUE

Beverly Eaves Perdue                                          Kenneth R. Lay
Governor                          March 19, 2010              Secretary

JENNIFER GALBREATH
AMAZON.COM LLC
1200 12TH AVENUE SOUTH SUITE 1200
SEATTLE WA 98144

Re: Amazon.com

Dear Ms. Galbreath:

We are in receipt of your ***Information Document Request*** response to question 16 per our December 1, 2009 ***IDR***:

> *Please provide all information for all sales to customers with a North Carolina shipping address by month in an electronic format. The information can be provided in a spreadsheet or downloaded. If a spreadsheet is provided additional documentation may be requested.*

In your response, you omitted:

> *Bill to Name*
> *Bill to Address (Street, City, State, and Zip)*
> *Ship to Name*
> *Ship to Address (Street)*
> *Product/item code or description*

Therefore, the Department requests the sales information be provided within the required fields outlined in the attachment for examination. Failure to make available the requested electronic data on April 19, 2010, will prompt the State to issue a summons in accordance with North Carolina General Statute §105-258.

If you have any questions pertaining to the data format or requirements, please feel free to call Thad Cable, Manager, Computer Audit & Applications Section at (704) 519-3084.

Very truly yours,

Romey L. McCoy, Audit Manager
Interstate Examination Section

cc: Gregory P. Roney, Assistant Attorney General
    North Carolina Department of Justice
    Tenisha S. Jacobs, Assistant Attorney General
    North Carolina Department of Justice

Attachment

Interstate Examination Section
P.O. Box 871, Raleigh, NC 27602-0871
Telephone (919) 733-2995
Fax No (919) 733-1139
An Equal Opportunity Employer

| Field Name | Field Description |
|---|---|
| Transaction Type | For example (*Sale, lease, rental, service*) |
| Transaction Date | Date of invoice |
| Transaction Number | Invoice  number |
| Order Number | Customer order number |
| Bill To Customer, First Name | First Name of person making payment |
| Bill To Customer, Middle Initial | Middle Initial of person making payment |
| Bill To Customer, Last Name | Last Name of person making payment |
| Bill To Customer, Suffix | Suffix (e.g. Jr. or Sr.) of person making payment |
| Bill To Customer, Business Name | Business Name of person making payment |
| Bill To Address | Address of person making payment |
| Bill To City | City of person making payment |
| Bill To State | State of person making payment |
| Bill To Zip Code | Zip code of person making payment |
| Bill To Customer, Phone Number | Phone number of person making payment |
| Bill to Customer, Email Address | Email address of person making payment |
| Ship To Customer, First Name | First Name of person receiving goods or services |
| Ship To Customer, Middle Initial | Middle Initial of person receiving goods or services |
| Ship To Customer, Last Name | Last Name of person receiving goods or services |
| Ship To Customer, Suffix | Suffix (e.g. Jr. or Sr.) of person receiving goods or services |
| Ship To Customer, Business Name | Business name of person receiving goods or services |
| Ship To Address | Address of person receiving goods or services |
| Ship To City | City of person receiving goods or services |
| Ship To State | State of person receiving goods or services |
| Ship To Zip Code | Zip code of person receiving goods or services |
| Ship To Customer, Phone Number | Phone number of person receiving goods or services |
| Ship to Customer, Email Address | Email address of person receiving goods or services |
| County Name | County name goods and services delivered to customer |
| Line Item Number | Line number of transaction on invoice |
| Line Item Quantity | Quantity of items shipped per line item |
| Line Item Code | Code reference of line item |
| Line Item Description | Detail description of line item |
| Line Item Major Description | **Please provide this field for the following type sales:** Food, Food Products, Alcoholic Beverages, Dietary Supplements, Soft Drinks and Candy |
| Line Item Minor Description | **Please provide this field for the following type sales:** Food, Food Products, Alcoholic Beverages, Dietary Supplements, Soft Drinks and Candy |

*An example of a Major Description -"Candy" . The Minor Description - "Candy Bars\Chocolate"*

| | |
|---|---|
| Line Item Sell Price Before Deductions | Sell price of line item before any deductions |
| Line Item Discount | Discount amount on line item |
| Line Item Retailer Coupon Amount | Retailer coupon amount taken on line item |
| Line Item Manufacturer Coupon Amount | Manufacturer coupon amount taken on line item |
| Line Item State Tax | State sales tax on line item |
| Line Item County Tax | County sales tax on line item |
| Transaction State Tax | Total State sales tax charged on invoice |
| Transaction County Tax | Total County sales tax charged on invoice |
| Transaction Discount Amount | Total discount amount on invoice |

(Fields may vary depending on your system)

| Field Name | Field Description |
| --- | --- |
| Transaction Retailer Coupon Amount | Total retailer coupon amount on invoice |
| Transaction Manufacturer Coupon Amount | Total manufacturer coupon amount on invoice |
| Transaction Freight Charge | Total freight charged on invoice |
| Transaction Handling Charge | Total handling charged on invoice |
| Ship Via | Means of transportation to the customer |
| Transaction Insurance Charge | Total insurance charged on invoice |
| Transaction Other Charge | Total other charges on invoice |
| Transaction Other Charge Description | Description of other charges |
| Transaction Total | Total invoice amount |
| **All Other Fields Necessary To Explain Transaction** | |

*If any Codes are given for field data, please provide schedule of Code descriptions.*

## Data Format:

Please provide this data in Fixed Length ASCII format along with the record layout.

## Contact Information:

If you have any questions about the data format please contact:

Thad Cable

Manager, Computer Audit & Applications Section

5111 Nations Crossing Road

Building 8 Suite 100

Charlotte, NC 28217

(704) 519-3084

# EXHIBIT C



April 19, 2010

Mr. Kenneth R. Lay, Secretary
North Carolina Department of Revenue
P.O. Box 25000
Raleigh, NC  27640

**Via E-Mail and US Mail**

*Re:    Amazon.com Tax Inquiry*

Dear Mr. Lay:

On behalf of Amazon.com, LLC and Amazon Services, LLC (together, "Amazon"), this letter responds to the March 19, 2010 letter from the North Carolina Department of Revenue ("DOR") in which the DOR requests that Amazon disclose specific information that will identify Amazon customers who purchased or received books, movies, music, or other items from Amazon during the period of August 1, 2003 through February 28, 2010 (the "March Information Request").

By letter dated July 7, 2009, the DOR demanded that Amazon report and remit all sales and use taxes allegedly due the state since January 1, 2000. Amazon reported by letter dated August 27, 2009 that Amazon is not – and has never been – "engaged in business" in North Carolina for tax collection purposes and is therefore not required to collect sales or taxes on its Internet sales to North Carolina residents.

North Carolina commenced an audit and served an Information Document Request dated December 1, 2009 ("December Information Request") on Amazon. In response to the DOR's December Information Request, Amazon has already provided the DOR detailed information as to nearly 50 million products purchased by North Carolina customers during the relevant time period, including: order ID number, seller, ship-to city, county, postal code, the non-taxable amount of the purchase, and tax audit record identification. In response to the December Information Request, Amazon has also provided the Amazon Standard Identification Numbers (ASIN) identifying the specific titles of books, magazines, movies and music purchased by North Carolina customers. Last week, Amazon (by Jen Galbreath) provided an additional five items of information requested under the December Information Request.

An additional Document Information Request the DOR served on March 19, 2010 ("March Information Request") demands that Amazon submit certain additional "omitted" information to the DOR, including the "Bill to Name; Bill to Address (Street, City, State, and Zip); Ship-to Name; Ship-to Address (Street); Product/item code or description" for every purchase made by an Amazon customer with a North Carolina shipping or billing address between August 1, 2003, and February 28, 2010. The March Information Request demands that Amazon

provide this information "for examination" by or before April 19, 2010, or face a summons pursuant to N.C. Gen. Stat. § 105-258.

Amazon respectfully objects to the disclosure of the information requested pursuant to the March Information Request. The grounds for objection include but are not limited to the following:

1.    The March Information Request seeks customer identification data that is irrelevant to the DOR's audit of Amazon's compliance with North Carolina sales and use tax laws and overly broad for any such purpose.

2.    The March Information Request violates our customers' reasonable expectation of privacy.

3.    Amazon.com, LLC has today filed a complaint against you in your official capacity in the United States District Court for the Western District of Washington. In this complaint, Amazon challenges the DOR's demands for additional information about Amazon customer identities as a violation of the rights of Amazon and its customers under the First Amendment to the United States Constitution, the Washington State Constitution, and the Video Privacy Protection Act of 1988 by forcing disclosure of customers' choices of expressive material. A copy of that complaint is enclosed for your convenience. There is no need, much less a compelling need, for information identifying which customer purchased which book, magazine, video, DVD or CD.

4.    Compliance with the March Information Request would require Amazon's employees in Seattle to spend excessive amounts of time to compile and disclose this extraneous additional information, a burden that is unjustifiable, particularly in light of the extensive production of information already made, the purported purpose and scope of this audit and Amazon's lack of sufficient nexus to North Carolina.

Based on these objections, and pending further guidance from the Court as to the issues raised in the Complaint, Amazon respectfully declines to disclose the information sought in the DOR's March Information Request at this time.

Very truly yours,

Robert D. Comfort
Chief Tax Officer

Enclosure

c:    Romey L. McCoy, Audit Manager, Interstate Examination Section, DOR
      Linda S. Millsaps, Chief Operating Officer, DOR
      Eugene J. Cella, General Counsel, DOR

# EXHIBIT D



## North Carolina Department of Revenue

Beverly Eaves Perdue                                                    Kenneth R. Lay
   Governor                                                             Secretary

---

Release: Immediate                                                       April 21, 2010
Contact: Beth Stevenson (919) 733-5327
       Director of Public Affairs

---

## DOR Responds to Amazon Complaint

Amazon.com, LLC, has filed a complaint against the North Carolina Secretary of Revenue, Kenneth R. Lay, in Washington State federal court seeking to prevent the Secretary from obtaining information needed to fairly and equitably administer the State's tax laws.

The collection and remission of sales tax by Internet retailers such as Amazon falls within the Department of Revenue's responsibility to impartially and efficiently administer tax laws and collect all taxes due the State of North Carolina.  In some instances, remote sellers are obligated to collect North Carolina sales tax in conjunction with transactions with individuals.

The Department routinely requests third party, or consumer information, in order to identify and collect any taxes due the state.  It requests general information about a transaction including the purchaser's name, address and the item's purchase price in order to properly administer the collection of taxes.  Amazon's complaint is misleading in alleging the Department has required detailed information revealing personal consumer preferences, such as book titles.  This information is not required to calculate the tax due, and the Department has not requested this information.

"We have requested the same information from other businesses who have complied with their obligation to provide information to the Department," Secretary Lay said.  "This is really an issue of fairness and equity for small businesses, the brick and mortar, corner-store operations. These businesses are at a competitive disadvantage when they have to collect sales taxes that other businesses do not.  The Department is committed to supporting North Carolina small business and facilitating the equitable collection of taxes from both individual and corporate taxpayers."

####

PO Box 25000, Raleigh, NC  27640
State Courier 51-71-00
An Equal Opportunity Employer

# EXHIBIT E



## North Carolina Department of Revenue

Beverly Eaves Perdue
Governor

Kenneth R. Lay
Secretary

April 21, 2010

Robert D. Comfort
Chief Tax Officer
Amazon.com
Post Office Box 81226
Seattle, Washington 98108-1226

Re: Information Required by the North Carolina Department of Revenue

Dear Mr. Comfort:

I am responding to your letter of April 19, 2010 regarding the information requested by the Department of Revenue. Your letter and the civil complaint that Amazon has filed in federal court fundamentally misconstrue the nature of the information that the Department has requested. The Department is not seeking information regarding the titles of books and CDs purchased by North Carolina customers. This information is not required in order for the Department to calculate the amount of sales or use tax properly due the State. Instead, the Department simply requested your company to provide the name and bill to and ship to address for all sales to customers with a North Carolina shipping address. In addition, the Department requested a general product code or description, for example, "book." Information regarding the type of product is necessary to determine the rate of tax (for example, food items are taxed at a different rate than other items). As explained, however, we did not request and do not require the identification of "customers' choices of expressive material."

I trust this letter has eliminated any misunderstanding. If you have any further concerns or questions about the scope of the information requested or about providing the necessary information in the most efficient and least burdensome manner, please call me at (919)715-9851. To the extent you mistakenly previously provided information identifying "customers' choices of expressive material," we would be happy to return that information to you. Otherwise, we will expect to receive the information you have not provided without further delay.

Sincerely,

Kenneth R. Lay
Secretary Of Revenue

Cc:      John W. Sadoff, Assistant Secretary for Tax Compliance
         H. Alan Woodard, Director of Examination

PO Box 25000, Raleigh, NC 27640
State Courier 51-71-00
An Equal Opportunity Employer

# EXHIBIT F



## NORTH CAROLINA DEPARTMENT OF REVENUE

Beverly Eaves Perdue
Governor

June 4, 2010

Kenneth R. Lay
Secretary

FID: 91-1646860

JENNIFER GALBREATH
AMAZON.COM INC AND SUBSIDIARIES
1200 12TH AVENUE SOUTH SUITE 1200
SEATTLE WA 98144

Dear Ms. Galbreath:

For purposes of the North Carolina Department of Revenue's Sales and Use Tax examination for the period August 1, 2003 through June 30, 2009, enclosed is a fourth *Information Document Request* (IDR). This IDR seeks additional information, as well as information previously requested and not provided, about the business operations and tax reporting of Amazon.com, Inc. and its subsidiaries. The Department reserves the right to request additional information including, but not limited to, information not provided in response to earlier IDR requests. If you would like the Department to provide a copy of this IDR to your attorneys at Davis Wright Tremaine LLP, please return a completed Power of Attorney form which is located on the Department's website:
http://www.dor.state.nc.us/downloads/powerofattorney.html .

In order to facilitate your response, please do not hesitate to contact me at (919) 715-9907 with any questions or suggestions as to how the information can be organized and transmitted as efficiently as possible.

Very truly yours,

Romey L. McCoy, Audit Manager
Interstate Examination Section

cc: H. Alan Woodard, Director of Examinations
    Gregory P. Roney, Assistant Attorney General
    North Carolina Department of Justice

Enclosure

Interstate Examination Section
P.O. Box 871, Raleigh, NC 27602-0871
Telephone (919) 733-2995
Fax No (919) 733-1139
An Equal Opportunity Employer

| North Carolina Department of Revenue - Examination Division | Request<br>Page 1 |
|---|---|
| **Information Document Request** | |

| To:  Jennifer Galbreath, Senior Tax Manager | **Subject:**<br>Information Request |
|---|---|
| Amazon.com, Inc. and Subsidiaries<br>1200 12th Avenue South, Suite 1200<br>Seattle, WA  98144 | **FEIN:**<br>91-1646860 |
| | **Dates of previous requests:**<br>12/1/09, 3/18/10 & 3/19/10 |

**Authority:  This** information and document request is issued pursuant to N.C. Gen. Stat. §§ 105-251, 105-252 and other applicable law.  N.C. Gen. Stat. § 105-251 provides, in part: "A taxpayer must give information to the Secretary when the Secretary requests the information."  N.C. Gen. Stat. § 105-252 provides, in part: "A person who receives from the Secretary any form requiring information shall fill the form out properly and answer each question fully and correctly.  If unable to answer a question, the person shall explain why in writing.  The person shall return the form to the Secretary at the time and place required by the Secretary."

**If the information is not provided by the due date, the Secretary may issue a summons pursuant to N.C. Gen. Stat. § 105-258.**

All books, records, papers and other documents in your possession or control concerning the Sales and Use Tax liability of **Amazon.com, Inc. and Subsidiaries ("you" or "your")**, for the audit period August 1, 2003 through June 30, 2009 ("Audit Period") unless a different period is indicated, including but not limited to:

1.  Please provide complete copies of the signed consolidated US Corporation Income Tax Return (Form 1120) for tax years 2003 through 2009, as filed with the Internal Revenue Service for Amazon.com, Inc. and subsidiaries, which includes all supporting schedules of income, other deductions, schedule M's, and Balance Sheet items.  Also, please provide complete financial statements, including a Statement of Cash Flows and trial balance.  Only select pages for tax years 2003 through 2008 were previously provided.

2.  Please provide detailed book to tax trial balances for Amazon.com, Inc., Amazon.com LLC and Amazon Services LLC.

3.  Please provide detailed explanations of the customer sale transactions between Amazon.com LLC and Amazon Services LLC.  Please explain how the sales transactions are recorded, with trial balance account detail for book and income tax purposes for each company.  Please include debits and credits for the sale at the time of the sale or time of delivery.

4.  Please provide your complete detailed separate organizational charts for each year under audit.  A single "Simplified Organizational Chart" in your *AMAZON 101* power point presentation was previously provided.

5.  In your *AMAZON 101* power point presentation of February 2010, you presented in Slide #5 a simplified organization chart listing Amazon.com, Inc., as the top tier, with Amazon Global Resources, Inc., below and Amazon Corporate LLC below that. The Slide then shows Amazon

Services LLC and Amazon.com LLC reporting up through Amazon Corporate LLC. Please describe all inter-company transactions between these companies.

6. For each entity reported on your Form 851 of Federal 1120 for each tax year 2003 through 2009, please provide the FEIN, business purpose, physical location, location of records, and a detailed description of the regular or principal trade or business activity.

7. Please provide a detailed schedule of all intercompany receivables and payables separately stated by entity. Please include for what purpose and how the amount paid was determined.

8. Please provide copies of all intercompany agreements in effect at any time during the Audit Period where any of the following entities are a party to the agreement: Amazon.com, Inc., Amazon Global Resources, Inc., Amazon Corporate LLC, Amazon Services LLC, Amazon.com LLC, and Amazon Services, Inc.

9. Please indicate who within the consolidated group owns what trademarks, trade names, patents, copyrights, and/or other intangible assets.

10. Please give a detailed history of the following entities including a discussion of their formation, business purpose, operation, assets, mergers or other changes, and current activity or existence:

    - Amazon.com LLC
    - Amazon Services, Inc.
    - Amazon Services LLC

11. Amazon Services LLC is included in the "Simplified Organizational Chart" on your *AMAZON 101* power point presentation but is not included on the Form 851 of Federal 1120 for the tax years 2003 through 2008 that were previously provided. Please provide the FEIN, business purpose, physical location, location of records, and detailed description of the business activities of Amazon Services LLC.

12. Please describe the process and provide an order flow chart by which a consumer in North Carolina makes an online purchase from Amazon.com through the fulfillment pipeline to the shipment to the customer. Please include the process for order placement and fulfillment as well as the cash flow for goods and services being delivered. Please provide separate flow charts for (1) purchases made directly from Amazon.com; (2) purchases made through affiliate programs under the *Operating Agreement*; and (3) purchases made through affiliate programs involving Commission Junction. If the flow charts changed during the Audit Period, please indicate any changes and when they occurred.

13. Please explain, in detail, the operations of First U.S.A. Bank, N.A. ("Bank"). Include an explanation of the relationship between Bank and Amazon.com and its subsidiaries, where is the Bank domiciled, what assets does the Bank hold (such as inventory, tangible assets, and intangible assets), what functions does the Bank's employees perform for Amazon.com and its subsidiaries, what is the source of the Bank's gross receipts, and when was the Bank incorporated.

14. Please explain, in detail, the provision of credit to customers, both retail and wholesale, located in North Carolina including credit provided through co-branded credit cards and credit facilities.

15. Please describe in detail how each type of link provided under the *Operating Agreement* (for all versions of the links and Operating Agreement in effect at any time during the Audit Period) mechanically works including a description of what computer serves data, what computer runs software to display the links, how data is gathered and processed to produce links customized for

customers, whether customized links are directed to individual customers, and where the computers are located that serve or process data for the links.

16. Please describe in detail how mechanically a link opens a new browser window and the window is considered part of the Amazon site under the ***Operating Agreement*** (for all versions of the links and Operating Agreement in effect at any time during the Audit Period)**.**

17. Please describe in detail any systems for monitoring the use of your intellectual property licensed under any ***Operating Agreements***.

18. Please identify any time that you took action to enforce your intellectual property rights under the ***Operating Agreement*** or the ***COMMISSION JUNCTION, INC. - AMAZON SERVICES LLC ADVERTISER SERVICE AGREEMENT*** ("CJ Agreement") including copies of any filing which began litigation brought in federal or state court or copies of any filing with federal or state regulatory bodies.

19. Please identify what entities are referred to by the phrase "In association with Amazon" as used on the associates' web site under the ***Operating Agreement*** (for all versions of the Operating Agreement in effect at any time during the Audit Period).

20. Please provide a copy of the agreement for Amazon.com Prime membership including all versions of the agreement in effect at any time during the Audit Period.

21. For each year during the Audit Period, how many Prime members have a North Carolina address?

22. In your ***AMAZON 101*** power point presentation, on Slide #7, you explained that Amazon.com LLC operates as a retailer on www.endless.com and www.amazon.com.  Are these two websites the only websites that customers can use to make purchases from Amazon?  If not, please provide a listing of all websites where customers can make purchases, and explain which company those websites connect to for completing transactions.

23. In your ***AMAZON 101*** power point presentation, on Slide #9, you presented the following information:

> ***Sales made by Amazon.com LLC***
> *Customer purchases item sold by Amazon.com LLC on either www.endless.com or www.amazon.com websites*
> *Pursuant to a Fulfillment Services Agreement between Distributors and Amazon.com LLC:*
> ❑ *Amazon.com LLC purchases inventory at wholesale from Distributors*
> ❑ *Distributors provide fulfillment services (pick & pack & ship)*

- Please explain how Amazon.com LLC reports the transactions on their Federal income tax returns pursuant to the Fulfillment Services Agreement between distributors and Amazon.com LLC.
  - Explain what income and expense is recorded by Amazon.com LLC for transactions with Distributors.

- Please provide a copy of a sample Fulfillment Services Agreement or, if more than one such agreement is used, a copy of each version of the agreement.
- Please provide a list of distributors with whom Amazon.com LLC has Fulfillment Service Agreements.
- Please explain how the Distributors are compensated, if not explained in the Fulfillment Services Agreement.

- Please explain why Amazon.com LLC purchases inventory from Distributors.

24. Please explain the cash flow for sales made (1) directly by Amazon.com and (2) through an associate, showing the trial balance accounts used to record the transactions. If the cash flow changed during the Audit Period, please indicate any changes and when they occurred.

25. Please provide non-redacted copies of the *Operating Agreement* that were previously provided for the years 2006 through 2008.

26. Please provide a copy of all agreements referenced in the *Operating Agreement* (for all versions of the Operating Agreement in effect at any time during the Audit Period) including *Trademark Guidelines, Listing of Excluded Merchant, Privacy Notice, "see what's changed" summaries, Link Guidelines, and application form.*

27. Please identify the entities in your consolidated group which were parties to the *Operating Agreement* for the Audit Period and describe the benefits the named entities received under the *Operating Agreement.*

28. Please provide non-redacted copies of the *COMMISSION JUNCTION, INC. - AMAZON SERVICES LLC ADVERTISER SERVICE AGREEMENT* in effect at any time during the Audit Period with all exhibits attached including the "detail page" for each web site participating in CJ Agreement, addendums for Amazon web sites, and Exhibit B.

29. Please provide representative examples of all versions of the contracts between Commission Junction and Publishers who advertise Amazon products (referred to as the "Publisher Service Agreement" in the CJ Agreement).

30. Please explain in detail what purpose the CJ Agreement serves that the *Operating Agreement* does not serve. For example, do the agreements overlap where an affiliate could choose to enroll under one or both agreements to become affiliates for Amazon?

31. For any year under audit, did Amazon Services LLC report sales for Federal income tax? If so, from whom? Please provide examples of how these sales are recorded with trial balance account detail, showing the cash flow in recording the sales transactions.

32. If cash flow transactions are recorded between Amazon Services LLC and Amazon.com LLC, for the years under audit, please provide explanations and examples showing the trial balance accounts used to record the transactions.

33. If there is cash flow from Amazon Services LLC or Amazon.com LLC to Amazon Corporate LLC, Amazon Global Resources, Inc., and Amazon.com LLC, for the years under audit, please provide detailed explanations of what transactions are recorded and the source of any related entity income reported by each entity.

34. In your *AMAZON 101* power point presentation, on Slides #11-13, you have presented the following information:

> *Amazon Services LLC*
> *Amazon Services operates the www.endless.com and www.amazon.com platforms, and provides a variety of services to merchants:*
> *– Fulfillment by Amazon*
> >  *• Merchant sends their inventory to Amazon*
> *Amazon provides pick, pack and ship services*

- *Amazon Webstore*
  - *Website design*
- *Product Ads*
  - *Advertising on www.amazon.com*
- *Marketplace*
  - *Merchants list and sell products on www.amazon.com*
- *Associates Program*
  - *Associates earn referral fees advertising Amazon products*
- *Platform operation*
  - *Amazon Services drives traffic to www.amazon.com and www.endless.com using marketing tools such as Google Ads*
- *Details on each of the services can be found at www.amazonservices.com*
- *Providing services to foster growth in the small businesses community*
- *Site includes online tutorials and webinars to assist the small business owner get started*

- For the years under audit, please provide a detailed explanation of your statement that Amazon Services operates the above-listed platforms. Does that include the management of the technology for the website, or does this include more? Can customers make purchases directly through Amazon Services, or does a contact at this website link the customer directly to either www.endless.com or www.amazon.com?

We reserve the right to request additional information.

| Information due by | July 6, 2010 | |
|---|---|---|
| **From:** | **Name and title of requester:**<br>Romey L. McCoy, Audit Manager | Date:<br>**June 4, 2010** |
| | **Office Location:**<br>Post Office Box 871, Raleigh, North Carolina  27602 | **Telephone #**<br>(919) 715-9907 |