THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| **AMAZON.COM, LLC**<br><br>        Plaintiff,<br><br>    v.<br><br>**KENNETH R. LAY**, in his official capacity as Secretary of the North Carolina Department of Revenue,<br><br>        Defendant. | No. 10-CV-00664<br><br>**DECLARATION OF DAVID A. ZAPOLSKY IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56(a)**<br><br>NOTE ON MOTION CALENDAR:<br><br>August 6, 2010 |

I, David A. Zapolsky, declare under the penalty of perjury as follows:

1. I am Vice President and Associate General Counsel for Amazon.com, Inc., parent company of Amazon.com LLC ("Amazon"). In this position, I am familiar with Amazon's business model and with customers' feedback regarding Amazon's business model and practices. I have personal knowledge of the matters referred to in this declaration, either directly or based on due diligence and reasonable inquiry, including my review of Amazon's business records. If called as a witness, I am competent to testify to those matters.

2. I submit this declaration in support of Amazon's Motion for Summary Judgment and points and authorities in support thereof.

DECLARATION OF DAVID A. ZAPOLSKY — 1

**Amazon's Business and Customers' Privacy Concerns**

3. Amazon is one of the world's leading online retailers of books, music, movies, and other types of products, offering over 25 million book titles alone. Millions of individuals all over the world purchase books, DVDs, CDs and other items from Amazon's websites by browsing the World Wide Web using personal computers or other computing devices. Purchases are made online primarily through credit card transactions, which in turn generate electronic records of all purchases, including purchases of books and other expressive material.

4. Amazon assigns each product that it sells a specific product code, known as the Amazon Standard Identification Number, or ASIN. If an ASIN is typed into the search bar on Amazon's website, the website will display detailed information about the product associated with that ASIN.

5. One of the issues that Amazon has always faced is addressing its customers' concerns about online privacy. At a brick-and-mortar store for books, music, and videos, a customer has the option of paying with cash, and there is no record that a specific customer purchased a specific book, CD, or DVD. In contrast, when a customer purchases an expressive work from Amazon, he or she generally uses a credit or debit card, and the transaction information, which necessarily includes the title of the item, is electronically stored. Many of Amazon's customers know that an electronic record of their expressive choices is created.

6. Amazon has taken exceptional care to assure that any data it obtains regarding its customers and their transactions remains protected and private. The company has

DECLARATION OF DAVID A. ZAPOLSKY — 2

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

consistently improved and updated its privacy practices over the years to remain at the forefront of online privacy protection for our customers and others who visit our websites.

7. Amazon has received countless customer inquiries about online privacy over the years. Among other concerns, customers inquire whether the government has access to a customer's purchase information and whether this information is truly private. To help address such concerns and to assure customers that Amazon does not voluntarily share their product choices, we post our Privacy Notice at the bottom of practically every web page on Amazon's various websites. The current version of our policy is located at http://www.amazon.com/gp/help/customer/display.html?nodeId=468496.

### The DOR's Information Document Requests

8. As described in the accompanying Declaration of Jennifer Galbreath ("Galbreath Decl."), the North Carolina Department of Revenue ("DOR") has issued three Information Document Requests to Amazon (collectively "Requests," defined individually as the "December Information Request," "March Information Request," and "June Information Request" in the Galbreath Decl. and attached thereto as Ex. A, B and F), purportedly as part of an audit of Amazon for compliance with North Carolina state sales and use tax laws.

9. The December Information Request asked, in part, that Amazon provide "*all* information for *all* sales to customers with a North Carolina shipping address by month in an electronic format" for all dates between August 1, 2003, and February 28, 2010 (emphasis added).

10. In response to the DOR's December Information Request, Amazon provided the DOR with responses to all of the data fields specified by the DOR that were reasonably obtainable from Amazon's records, including: order ID number, ASIN, seller, ship-to city,

DECLARATION OF DAVID A. ZAPOLSKY — 3

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

county, postal code, the non-taxable amount of the purchase, and tax audit record identification (the "Initial Data").

11.    The subsequent March Information Request stated that the Initial Data omitted the "Bill to Name; Bill to Address (Street, City, State, and Zip); Ship to Name; Ship to Address (Street); Product/item code or description" (the "Customer Data"). The March Information Request demanded that Amazon provide the Customer Data "for examination" on or before April 19, 2010, or face an administrative summons pursuant to N.C. Gen. Stat. § 105-258.

12.    When combined with the Initial Data, the Customer Data would allow the DOR to identify which customer purchased which specific product(s), including expressive works like books, CDs and DVDs. To protect the privacy of customers' expressive choices, Amazon declined to provide the Customer Data in a letter to the DOR dated April 19, 2010 (attached to the Galbreath Decl. as Ex. C) and filed its Complaint in the instant action.

### Potential Harm To Amazon And Its Customers

13.    Amazon is concerned that compliance with the DOR's Requests, in the absence of a showing of a compelling need by the DOR for the information, will chill the First Amendment and privacy rights of its customers.

14.    Amazon fears that its customers' online privacy concerns will be heightened such that some of them may be reluctant to purchase expressive materials online – particularly items that are sensitive, controversial, or that might somehow portray them in a negative light.

15.    Because the Initial Data contains ASIN numbers, the DOR can identify that anonymous Amazon customers in North Carolina have purchased or received potentially sensitive or personal books such as:

DECLARATION OF DAVID A. ZAPOLSKY — 4

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

- "Bipolar Disorder: A Guide for Patients and Families," by Francis Mark Mondimore (ASIN 0801883148);

- "He Had It Coming: How to Outsmart Your Husband and Win Your Divorce," by Stacy Schneider (ASIN 1416949356);

- "Living With Alcoholism: Your Guide To Dealing With Alcohol Abuse And Addiction While Getting The Alcoholism Treatment You Need," by K M S Publishing.com (ASIN 1450501354);

- "What to Do When You Can't Get Pregnant: The Complete Guide to All the Technologies for Couples Facing Fertility Problems," by Daniel A. Potter and Jennifer S. Hanin (ASIN 1569243719); and

- "Outing Yourself: How to Come Out as Lesbian or Gay to Your Family, Friends, and Coworkers," by Michelangelo Signorile (ASIN 0684826178).

16. Some of the movies that Amazon's North Carolina customers have purchased include: "Lolita" (1962) (DVD) (ASIN B000UJ48VI); "Brokeback Mountain" (2005) (DVD) (ASIN B00005JOFQ); and "Fahrenheit 9/11" (2004) (DVD) (ASIN B000SINT52), to name just a few sensitive or controversial titles. Other Amazon customers have purchased potentially controversial music, including recordings by Eminem such as "The Marshall Mathers LP" (ASIN B00004T9UF) and "The Slim Shady LP" (ASIN B00000I5JQ).

17. To the extent that the DOR intends to use the information the DOR has demanded in its Requests to contact Amazon's customers about their reading, viewing, listening and other choices, or to the extent that customers otherwise become aware that their purchasing habits may be disclosed to the government, the DOR's Requests have the distinct potential to upset customers or cause them embarrassment or distress as they contemplate that their purchases of personal, sensitive or unpopular expressive material from Amazon may be scrutinized by government officials.

DECLARATION OF DAVID A. ZAPOLSKY — 5

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

**The DOR's Post-Litigation Communications With Amazon**

18. Following the commencement of this litigation, the DOR stated that it does not need the ASIN information for its audit of Amazon's compliance with state tax laws and has offered to return the Initial Data to Amazon, as described in the Galbreath Decl., para. 16.

19. Amazon has repeatedly asked the DOR for assurances that the DOR will refrain from seeking information about customers' choices of expressive material in the future and for an explanation of why the DOR needs any personally identifiable information in order to audit Amazon's compliance with state tax laws. By letter dated May 14, 2010, through counsel, Amazon asked the DOR to clarify its position with respect to the protection of Amazon's customer privacy ("May 14 Letter").  A true and correct copy of the May 14 Letter is attached hereto as Exhibit 1.  In the May 14 Letter, Amazon asked the DOR: (a) if the DOR were to return a disk containing the ASIN information, what assurances could be provided that the DOR had not made any back-ups of the data Amazon has provided containing detailed ASIN information that reveals the titles of books, movies and CDs; (b) whether the DOR would enter into a consent order prohibiting the DOR from seeking the titles of expressive material from Amazon in the future; and (c) whether the DOR maintains that it needs the names and addresses of Amazon customers, or any other personally identifiable information, in order to audit Amazon's compliance with state tax laws, and if so, why such customer information is necessary to audit Amazon. Amazon also requested that the DOR issue a revised request for information specifically stating that Amazon need not provide the names and titles of books, movies, CDs and other expressive materials.

DECLARATION OF DAVID A. ZAPOLSKY  — 6

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

20. The DOR responded to Amazon's May 14 Letter with a letter to counsel dated May 19, 2010 ("May 19 Letter") indicating that it would be seeking additional information. A true and correct copy of the May 19 Letter is attached hereto as Exhibit 2. While continuing its offer to provide a disk with the ASIN information previously provided, the DOR's May 19 letter did not respond to the substance of Amazon's May 14 Letter.

21. In a letter dated June 7, 2010, the DOR, by its counsel, explained that it had issued a new information request that "is not focused on customer names," but further explained that the "DOR is, at least for the time being, deferring action on customer names" while it pursues other information from Amazon. A true and correct copy of the DOR's June 7, 2010 letter is attached hereto as Exhibit 3. The DOR has offered to return the Initial Data (which includes the ASIN numbers) in exchange for more general product code information but has not yet been able to confirm that any and all copies of the previously-provided product information will be deleted.

22. In the DOR's June 4, 2010 cover letter to Jennifer Galbreath attached to the June Information Request, the DOR "reserve[d] the right to request additional information, including, but not limited to, information not provided in response to earlier IDR requests." Galbreath Decl. Ex. F.

23. Thus far, the DOR has refused to agree to refrain from seeking information about customers' choices of expressive material in the future. In response to Amazon's repeated inquires seeking further clarification of DOR's position, the DOR has advised, in conversation among counsel on June 15, 2010, and confirmed by letter from Amazon's counsel on June 16, 2010, that the DOR will not agree to a consent order or other binding commitment that it will not require Amazon to provide the DOR with information about

DECLARATION OF DAVID A. ZAPOLSKY — 7

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

customers' choices of expressive material or personally identifying information about customers. A true and correct copy of the letter of June 16, 2010 is attached hereto as Exhibit 4.

24. As a result, Amazon continues to have serious concerns that the DOR, now or in the future, whether under the current Secretary of the DOR or a future Secretary, will seek information about customers identities or their choices of expressive material. Amazon's North Carolina customers have no assurance that their privacy will be protected from government scrutiny and, absent such assurances, may be reluctant to purchase expressive material online.

25. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

_____
David A. Zapolsky
VP, Legal
Amazon.com, Inc.
Dated: Seattle, Washington
       July _6_, 2010

DECLARATION OF DAVID A. ZAPOLSKY — 8

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700


Davis Wright
Tremaine LLP

Laura R. Handman
Suite 200
1919 Pennsylvania Avenue NW
Washington, DC 20006-3402
202.973.4224 tel
202.973.4499 fax

1633 Broadway
New York, NY 10019-6708
212.489.8230 tel
212.489.8340 fax

laurahandman@dwt.com

May 14, 2010

**VIA E-MAIL AND FIRST CLASS MAIL**

Kay Linn Miller Hobart
    Special Deputy Attorney General N.C.
    khobart@ncdoj.gov
Tiare B. Smiley
    Special Deputy Attorney General N.C.
    tsmiley@ncdoj.gov
N.C. Department of Justice
P.O. Box 629
Raleigh, NC 27699

Re: *Amazon.com, LLC v. Kenneth R. Lay*
    W.D. Wa. case No. 2:10-cv-00664-BAT

Counsel:

This letter follows up on our conference call of last Thursday, May 6, 2010. It was a pleasure speaking with you both. In that call, we agreed to an extension of time for the DOR to respond to Amazon's Complaint and you indicated that the DOR was prepared to return a disc containing all data with Amazon Standard Identification Numbers ("ASINs") that had been previously provided by Amazon and to represent that all the data had been cleaned from any computer systems.

We discussed other items that we agreed to consider with our respective clients and communicate this week. We understood you were going to consider the following with your client:

(1) Whether the DOR made any back-ups of the data Amazon has provided containing ASIN information;

(2) Whether the DOR will agree to enter into a consent order prohibiting the DOR from seeking the titles of expressive material from Amazon in the future;

(3) Whether DOR still believes that it needs the names and addresses of Amazon customers, or any other personally identifiable information, in order to audit Amazon's compliance

Kay Linn Miller Hobart, Esq.
Tiare B. Smiley, Esq.
May 14, 2010
Page 2

with state tax laws. If so, we asked you to provide an explanation as to why such customer information is necessary to conduct an audit of Amazon.

As to the issues we agreed to discuss with Amazon:

(1) Amazon reiterates its request for the DOR to issue a new IDR specifically stating that Amazon need not provide the names and titles of books, movies and expressive materials, and specifying what, if anything, the DOR still requires of Amazon and the reason the additional information is requested; and

(2) Amazon remains unwilling to disclose, pursuant to an information document request, customer names and addresses, which Amazon does not understand to be relevant to the DOR's audit of Amazon. In our discussion, you cited two possible purposes for the DOR's request for names and addresses of Amazon customers: (1) to collect use tax from North Carolina customers, and (2) to spot check sales taxes collected by Amazon. With regard to the former, our understanding is that any effort by the State to collect use taxes from North Carolina customers would be well outside the scope of this audit of Amazon's compliance with North Carolina's sales tax laws. Accordingly, the DOR's use of an IDR in this audit to obtain such private information about customers seems unjustified. Under North Carolina law, our understanding is that retailers are only required to maintain records of "gross income, gross sales and net taxable sales and all items purchased for resale." N.C.G.S. 164.22. Amazon has already provided DOR with that information. As to the spot check, since Amazon did not collect sales tax, nor, for reasons previously discussed with the DOR, does it believe it was obliged to collect sales tax, a spot check of customer information would not yield actionable information as to Amazon's compliance with applicable laws and regulations.

We look forward to the DOR's responses to these matters, and hope we are able to resolve this in a mutually satisfactory manner.

Sincerely yours,

*[signature]*

Laura R. Handman

cc: Michael D. McKay, Esq. (via e-mail)
    Thomas M. Brennan, Esq. (via e-mail)
    Krista K. Bush, Esq. (via e-mail)
    Steven Caplow, Esq. (via e-mail)
    Robert G. Scott, Jr., Esq. (via e-mail)
    David Zapolsky, Esq. (via e-mail)

**EXHIBIT 2**



## State of North Carolina

ROY COOPER
ATTORNEY GENERAL

Department of Justice
PO Box 629
Raleigh, North Carolina
27602

REPLY TO: Tiare B. Smiley
Special Litigation
(919) 716-6900
FAX: (919) 716-6763

May 19, 2010

VIA E-MAIL AND FIRST CLASS MAIL

Ms. Laura R. Handman
Davis Wright Tremaine, LLP
Suite 200
1919 Pennsylvania Avenue, NW
Washington, DC 20006-3402
laurahandman@dwt.com

    Re: *Amazon.com, LLC v. Lay*
        W.D. Wa. No. 2:10-cv-00664-BAT

Dear Laura:

    Thank you for your letter of 14 May 2010 following up on our conference call. We appreciate your agreeing to allow us to file an acceptance of service of the summons and complaint filed in this matter. Based on your letter, we think have a better understanding of your client's position.

    As a result of information already provided by Amazon.com, it has become apparent that additional information and documentation is needed for purposes of completing the audit now underway. The Secretary of Revenue anticipates that a supplemental Information Document Request will be drafted and forwarded to you and your client next week. We hope that Amazon.com will continue to cooperate with the State's auditors by voluntarily producing the requested materials.

    Although your letter expressed your client's reluctance to disclose customer names and addresses pursuant to an IDR, you did not indicate whether Amazon.com was interested in exchanging the disks previously provided to the Department with new ones that do not contain what you have characterized as expressive content.

DECLARATION OF DAVID A. ZAPOLSKY — 11

Ms. Laura R. Handman
May 19, 2010
Page Two

      We look forward to working with you in this matter.

                                      Sincerely yours,

                                      Tiare B. Smiley
                                      Special Deputy Attorney General

cc:     Steve Caplow (via e-mail)
        Thomas Brennan (via e-mail)
        Kay Linn Miller Hobart (via e-mail)

DECLARATION OF DAVID A. ZAPOLSKY — 12

# EXHIBIT 3



## State of North Carolina

ROY COOPER
ATTORNEY GENERAL

Department of Justice
PO Box 629
Raleigh, North Carolina
27602

REPLY TO: Tiare B. Smiley
Special Litigation
(919) 716-6900
FAX: (919) 716-6763

June 7, 2010

VIA E-MAIL AND FIRST CLASS MAIL

Ms. Laura R. Handman
Davis Wright Tremaine, LLP
Suite 200
1919 Pennsylvania Avenue, NW
Washington, DC 20006-3402
laurahandman@dwt.com

    Re: *Amazon.com, LLC v. Kenneth R. Lay*
         (W.D. Wa. No. 2:10-cv-00664-BAT)

Dear Ms. Handman:

    We apologize that there was some delay by the auditors working on the Sales and Use Tax examination of Amazon.com in putting together the information request seeking the next round of information needed to complete the audit. That IDR went out on June 4, 2010, to Senior Tax Manager Jennifer Galbreath. As explained to Ms. Galbreath, in order for you to receive a copy of the IDR directly from the Department of Revenue, it would be necessary for Amazon.com to complete and return a copy of the Power of Attorney form located on the DOR website. A copy of the cover letter to Ms. Galbreath is enclosed. Of course Amazon.com can itself share the latest IDR with you and the other lawyers involved.

    You will find that the latest IDR is not focused on customer names as the auditors are currently seeking additional information on Amazon.com's organizational structures and operations. Given your apparent refusal to turn over customer names, regardless of DOR's willingness to return the ASIN codes previously provided in exchange for more general product information, DOR is, at least for the time being, deferring action on customer names. As we expressed in our telephone conference, the auditors hope to continue to work on a cooperative basis with Amazon.com's Tax Department as they gather information necessary for their determinations before the lawyers get involved in the more irresolvable issues.

Ms. Laura R. Handman
June 7, 2010
Page Two

    We also previously explained to you that steps have been taken internally regarding the ASIN information your client provided to insure its continued confidentiality; such steps are over and above the usual strict confidentiality procedures in place at DOR. Of course, without customer names, the disks provided to DOR do not raise any "expressive content" or privacy issues. The Secretary of Revenue stands behind his offer to exchange disks that provide only necessary product code information in lieu of the ASIN codes Amazon.com turned over to the auditors.

    Please do not hesitate to contact us if you have any questions or have anything you wish to discuss with us.

                              Very truly yours,

                              Tiare B. Smiley
                              Special Deputy Attorney General

cc:    Kay Linn Miller Hobart (via e-mail)
        Thomas Brennan (via e-mail)
        Steve Caplow (via e-mail)


**Davis Wright Tremaine LLP**

Laura R. Handman
Suite 200
1919 Pennsylvania Avenue NW
Washington, DC  20006-3402
202.973.4224 tel
202.973.4499 fax

1633 Broadway
New York, NY 10019-6708
212.489.8230 tel
212.489.8340 fax

laurahandman@dwt.com

June 16, 2010

**VIA E-MAIL AND FIRST CLASS MAIL**

Kay Linn Miller Hobart, Esq.
    Special Deputy Attorney General N.C.
    khobart@ncdoj.gov
Tiare B. Smiley, Esq.
    Special Deputy Attorney General N.C.
    tsmiley@ncdoj.gov
N.C. Department of Justice
P.O. Box 629
Raleigh, NC 27602-0629

    Re:    *Amazon.com, LLC v. Kenneth R. Lay*
            W.D. Wa. case No. 2:10-cv-00664-BAT

Counsel:

Thank you for our conference call of yesterday. I write simply to confirm that the Department of Revenue's response to Amazon's requests that the DOR agree to a consent order or other binding commitment that the DOR will not require Amazon in the future (a) to provide the DOR with detailed product data (Amazon Specific Information Number, or ASIN), or (b) to disclose customer names, addresses and other personal information in Amazon's possession. Your response to the former request was that the Secretary has made public statements that the DOR does not need the ASIN detail and had offered to return ASIN information, but would not engage in further discussions about a more binding commitment. As to Amazon's request for some binding commitment that the DOR not request customer names or other personal data, the DOR's response was "clearly no."

| Anchorage | New York | Seattle |
| Bellevue | Portland | Shanghai |
| Los Angeles | San Francisco | Washington, D.C. |

www.dwt.com

Kay Linn Miller Hobart, Esq.
Tiare B. Smiley, Esq.
June 16, 2010
Page 2


Again, we appreciate your time in working through those and other issues. If the DOR changes its position, please let me know.

Sincerely yours,

*[signature]*

Laura R. Handman

cc:    Michael D. McKay, Esq. (via e-mail)
        Thomas M. Brennan, Esq. (via e-mail)
        Krista K. Bush, Esq. (via e-mail)
        Steven Caplow, Esq. (via e-mail)
        Robert G. Scott, Jr., Esq. (via e-mail)
        David Zapolsky, Esq. (via e-mail)