THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM, LLC,<br>    Plaintiff,<br><br>v.<br><br>KENNETH R. LAY, in his official capacity as Secretary of the North Carolina Department of Revenue,<br>    Defendant. | No. 2:10-cv-00664-MJP<br><br>**DECLARATION OF JENNIFER RUDINGER** |
| JANE DOE 1, JANE DOE 2, JANE DOE 3, JANE DOE 4, JANE DOE 5, JANE DOE 6, AND CECIL BOTHWELL,<br>    Plaintiffs-Intervenors,<br><br>v.<br><br>KENNETH R. LAY, in his official capacity as Secretary of the North Carolina Department of Revenue, and AMAZON.COM, LLC,<br>    Defendants in Intervention. | |

**DECLARATION OF JENNIFER RUDINGER**

I, Jennifer Rudinger, hereby declare and state as follows:

1.   I am the Executive Director of the American Civil Liberties Union of North Carolina.

JENNIFER RUDINGER DECLARATION -- 1
No. 2:10-cv-00664-MJP

AMERICAN CIVIL LIBERTIES UNION OF WASHINGTON
901 Fifth Ave., Suite 630, Seattle, Washington 98164
(206) 624-2184

2. I submit this declaration on behalf of Intervenors in the above-captioned case.

3. Attached as Exhibit A is a true and correct copy of a facsimile that I sent to Secretary Kenneth Lay of the North Carolina Department of Revenue on April 21, 2010.

4. Attached as Exhibit B is a true and correct copy of a letter that I sent to Secretary Lay on May 20, 2010.

5. Attached as Exhibit C is a true and correct copy of the letter that I received from Secretary Lay, dated May 25, 2010, in response to my May 20 letter. Exhibit C also includes the attachment to the letter which was subsequently faxed to my office on June 7, 2010.

Pursuant to 28 U.S.C. § 1746, I hereby declare and state under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

DATED this 23rd day of July 2010

_/s/ Jennifer Rudinger_
Jennifer Rudinger

# EXHIBIT A

# ACLU OF NORTH CAROLINA

P.O. BOX 28004 * RALEIGH * 27611

---

**FACSIMILE TRANSMITTAL SHEET**

---

| | |
|---|---|
| TO: Secretary Kenneth Lay | FROM: Jennifer Rudinger, Executive Director |
| COMPANY: NC Department of Revenue | DATE: 4/21/2010 |
| FAX NUMBER: | TOTAL NO. OF PAGES INCLUDING COVER: 1 |
| PHONE NUMBER: (919) 733-7313 | SENDER'S PHONE NUMBER: (919) 834-3466 |
| RE: Amazon v. NCDOR | SENDER'S FAX NUMBER: (866) 511-1344 |

☑ URGENT    ☐ FOR REVIEW    ☐ PLEASE COMMENT    ☑ PLEASE REPLY    ☐ PLEASE RECYCLE

---

NOTES/COMMENTS:

Dear Secretary Lay:

On behalf of approximately 7,000 members and supporters of the American Civil Liberties Union of North Carolina, and hundreds of thousands more North Carolinians who are purchasers of expressive works from Amazon.com, I am writing to urge you to revise and narrow the scope of the NCDOR's request for information submitted to Amazon last month. We recognize that North Carolina is in a tight budget crunch, and the NCDOR is unquestionably justified in conducting an audit of out-of-state companies such as Amazon to be sure the companies are paying their fair share of sales and use taxes under North Carolina law. However, it is unconstitutional and wholly unnecessary for the NCDOR to gain access to private customer records that reveal which specific customers in North Carolina have ordered which specific books, music, or movies in order for the NCDOR to complete its audit. Consumers have a reasonable expectation of privacy and a First Amendment right to read, hear or view a broad range of popular *and unpopular* expressive materials without their choices being subjected to unnecessary government scrutiny. Furthermore, the NCDOR's demands threaten to have a major chilling effect on future consumers' expressive choices because if the government can access people's purchase histories and review the content of their private selections, many consumers will choose not to access sensitive material or information.

What people choose to read, view or listen to says a lot about who we are, what we value, and what we believe. That's why we should be able to learn about anything from politics to religion to health without worrying that the government is looking over our shoulder. We therefore call upon the North Carolina Department of Revenue to respect the privacy and First Amendment rights of North Carolina consumers and to amend its March Information Request to exclude any demands that seek disclosure of personally identifiable customer data.

Please feel free to contact me at (919) 834-3466 if you wish to discuss this further. We look forward to hearing your decision, and thank you for considering this request.

# EXHIBIT B



P.O. Box 28004 • Raleigh, North Carolina 27611-8004

Phone (919) 834-3466 • Fax (866) 511-1344

May 20, 2010

*Via Facsimile*

Secretary Kenneth Lay
North Carolina Department of Revenue
501 N. Wilmington St.
Raleigh, NC 27604

re: *Amazon.com LLC v. Lay*, 2:10-cv-00664 (W.D. Wash.)

Dear Secretary Lay:

We are writing to follow up on our fax dated April 21, 2010, regarding the Department of Revenue's request for private customer records concerning the items that North Carolina residents have received through Amazon.com. We write to inform you that we have clients — North Carolina residents who are Amazon customers and whose private records are at stake — who are gravely concerned about government access to their purchasing records. The information requested will reveal which North Carolina residents, including our clients, have received which specific books, movies, and other expressive and private items from Amazon. Our clients are prepared to intervene in the lawsuit in the Western District of Washington to protect their constitutional rights if necessary, but we write this letter in the hope that the Department might agree to a solution that would protect our clients' fundamental rights and avoid unnecessary litigation.

According to Amazon's lawsuit, the Department has issued information requests to Amazon that seek a broad set of information regarding all sales to customers with a North Carolina shipping address since August 2003. The Department has already received detailed data from Amazon about these purchases, including the specific product code for each purchase, which reveals the full description of each purchased item. These product descriptions reveal highly expressive and private information about consumer choices: for example, whether a person has received a book on alcoholism or home workshop weaponry, a movie like "Brokeback Mountain," or "sexual wellness" items such as sex toys.

Amazon appears to have turned over this detailed information already. We understand, based on press reports, that the Department is now taking the position that it does not want some of this information, such as the titles of books purchased, and that its information request did not seek to obtain such information. Amazon appears to dispute this account. We would appreciate receiving a copy of the information requests, redacted if necessary to protect taxpayer information, so that we could make an independent determination.

In any event, the fact remains that whatever the requests called for, the Department is now in possession of this highly sensitive and personal information, and if the Department persists in its demand that Amazon now additionally provide detailed user information, including names and addresses, the constitutional rights of our clients and tens of thousands of North Carolina consumers will be violated.

Moreover, merely limiting the request to the type of product purchased and not including the specific brand or title of the product would still reveal information about North Carolina residents –e.g., that they have purchased "condoms" or "yeast infection kits" – that the State is not permitted to collect. To the extent the Department believes it needs to learn what type of products were purchased, please explain why that specific information is necessary so that we can better understand the Department's position.

We want to reiterate that we are not challenging the Department's authority to impose a tax for these purchases or to conduct an audit. We are concerned, however, about the apparent breadth of the information requests, which sweep up constitutionally protected information that the Department does not need to determine tax liability. It is clearly established law that the Constitution forbids the government from collecting such information. *See, e.g., In re Grand Jury Subpoena to Amazon.com*, 246 F.R.D. 570, 572-73 (W.D. Wis. 2007); *In re Grand Jury Subpoena to Kramerbooks & Afterwords, Inc.*, Nos. 98-MC-135-NHJ, 98-MC-138-NHJ, 26 Med. L. Rptr. 1599, 1600 (D.D.C. Apr. 6, 1998); *Tattered Cover, Inc. v. City of Thornton*, 44 P.3d 1044, 1052 (Colo. 2002).

As one court has already ruled in upholding the constitutional rights of Amazon customers against government intrusion into their expressive choices: "[I]f word were to spread over the Net—and it would—that the [government] had demanded and received Amazon's list of customers and their personal purchases, the chilling effect on expressive e-commerce would frost keyboards across America." *In re Grand Jury Subpoena to Amazon.com*, 246 F.R.D. at 573.

To ensure that our clients' and North Carolina consumers' constitutional rights are not violated, and to minimize the clear chilling effect from the Department's information requests, we respectfully ask that the Department:

- Destroy the records that it has already received from Amazon that reveal what products were purchased by North Carolina customers;

- Make a public statement acknowledging that it does not need records from Amazon or any other entity that reveal the specific products or the type of products that were purchased by each customer;

- Agree to take all necessary steps to change its existing policy and practice and to institute a new policy and practice to ensure that the Department does not issue overbroad information requests in the future to entities such as Amazon that call for the disclosure of constitutionally protected customer information, such as what products were purchased by each customer.

2

We have reason to believe that the Department has issued similar information requests to entities other than Amazon and that the Department has received similar customer information which is constitutionally protected in response. Please confirm whether that is correct. That the requests to Amazon are not the only such requests that have been made makes it all the more imperative that the Department cease issuing such overbroad requests that are sweeping in constitutionally protected information.

Please let us know how the Department wishes to proceed. If we do not hear back from you by May 28, 2010, our clients will be forced to intervene in this lawsuit to protect their rights. **I will be out of the office for much of this week and all of the week of May 24, 2010, so please contact Aden Fine at (212) 549-2693 to discuss this matter further.** We look forward to hearing from you shortly.

Sincerely,

*Jennifer Rudinger*

Jennifer Rudinger
Executive Director
American Civil Liberties Union of North Carolina
P.O. Box 28004
Raleigh, NC 27611
Phone: (919) 834-3466

Aden Fine
Mariko Hirose
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Phone: (212) 549-2693

# EXHIBIT C



## North Carolina Department of Revenue

Beverly Eaves Perdue  
Governor

Kenneth R. Lay  
Secretary

May 25, 2010

Jennifer Rudinger  
Executive Director  
American Civil Liberties Union of North Carolina  
P.O. Box 28004  
Raleigh, NC 27611

Dear Ms. Rudinger:

    I am responding to your letter of May 20, 2010 regarding the lawsuit Amazon has filed in federal court in an effort to prevent the North Carolina Department of Revenue from collecting taxes rightfully due the State. In response to a previous letter, I called you to discuss your concerns. During that conversation regarding this same matter, I explained to you that the Department was not interested in obtaining book titles or other information that would reveal "expressive content." The Department merely seeks information regarding the type of product purchased so that the proper amount of liability can be computed because items such as food, for example, are taxed at a different rate than books.

    Our conversation appeared to satisfy your concerns and I am frankly puzzled by your latest letter. It contains the same misinformation which I thought I had dispelled when we spoke. In addition, we have reiterated to the media that the Department is not requesting and does not require book titles in order to calculate the proper amount of tax; we do, however, require product codes or descriptions because this information is necessary to calculate the tax. Please see my recent statement, which is attached.

    Your letter requests that we provide your organization with documents exchanged between the Department and other taxpayers. This information is protected by statute, however, and cannot be disclosed to third parties.

    To the extent you have any remaining concerns, I would be more than happy to meet with you to discuss them. You may call my assistant at 919-715-9851 to arrange a meeting.

Sincerely,

Kenneth R. Lay  
Secretary, North Carolina Department of Revenue

The N.C. Department of Revenue's position has not changed.

The civil complaint that Amazon filed in federal court fundamentally misconstrues the nature of the information the Department has requested. The Department is <u>not</u> seeking information regarding the titles of books and CDs purchased by North Carolina customers. This information is not required for the Department to calculate the amount of sales or use tax properly due the State.

The Department does need a general product description: for example, "book," or "food." That description is necessary to determine the rate of tax because different items are taxed at different rates. The Department does not require the identification of customers' choices of expressive material.

- Kenneth R. Lay, Secretary of Revenue