THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM, LLC,<br>    Plaintiff,<br><br>              v.<br><br>KENNETH R. LAY, in his official capacity as Secretary of the North Carolina Department of Revenue,<br>    Defendant.<br><hr>JANE DOE 1, JANE DOE 2, JANE DOE 3, JANE DOE 4, JANE DOE 5, JANE DOE 6, AND CECIL BOTHWELL,<br>    Plaintiffs-Intervenors,<br><br>              v.<br><br>KENNETH R. LAY, in his official capacity as Secretary of the North Carolina Department of Revenue, and AMAZON.COM, LLC**,**<br>    Defendants in Intervention. | No. 2:10-cv-00664-MJP<br><br>**INTERVENORS' REPLY IN SUPPORT OF MOTION TO FILE COMPLAINT IN INTERVENTION USING PSEUDONYMS**<br><br>**NOTE ON MOTION CALENDAR: JULY 23, 2010**<br><br>**Oral Argument Requested** |

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ........................................................................................................ii

**ARGUMENT** ................................................................................................................................1

    I.    JANE DOES 1-6 SHOULD BE PERMITTED TO PROCEED PSEUDONYMOUSLY BECAUSE THE RIGHT TO ANONYMITY IS THE BASIS OF THEIR SUBSTANTIVE CLAIMS. ...................................1

    II.    JANE DOES 1-6 SHOULD BE PERMITTED TO PROCEED PSEUDONYMOUSLY BECAUSE THE FIRST AMENDMENT REQUIRES IT. .................................................................................................3

    III.    JANE DOES 1-6 SHOULD BE PERMITTED TO PROCEED PSEUDONYMOUSLY BECAUSE THE CASE INVOLVES MATTERS OF A SENSITIVE AND HIGHLY PERSONAL NATURE. ........................3

**CONCLUSION** ............................................................................................................6

# TABLE OF AUTHORITIES

**Cases**

*Bursey v. United States*, 466 F.2d 1059 (9th Cir. 1972), *superseded by statute on other grounds*, *In re Grand Jury Proceedings*, 863 F.2d 667 (9th Cir. 1988) ............................... 5

*Doe 130 v. Archdiocese of Portland*, No. CV 07-1732-PK, 2008 WL 656021 (D. Or. Mar. 6, 2008) ............................................................................................................... 4

*Doe v. 2TheMart.com Inc.*, 140 F. Supp. 2d 1088 (W.D. Wash. 2001) ......................................... 2

*Doe v. Kamehameha Schools / Bernice Pauahi Bishop Estate*, 596 F.3d 1036 (9th Cir. 2010) .............................................................................................................................. 5

*Doe v. Kamehameha Schools / Bernice Pauahi Bishop Estate*, Civ. No. 08-00359 JMS/BMK, 2009 WL 308351 (D. Haw. Feb. 6, 2009), *aff'd*, 596 F.3d 1036 (9th Cir. 2010) .............................................................................................................................. 4

*Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058 (9th Cir. 2000) ......................... 2, 3, 4

*Gibson v. Fla. Legislative Investigation Comm.*, 372 U.S. 539 (1963) ......................................... 3

*In re Grand Jury Subpoena to Kramerbooks & Afterwords Inc.*, 26 Med. L. Rptr. 1599 (D.D.C. 1998) (Dkt. No. 21 Ex. B) .................................................................................. 2, 3

*Miller v. Gammie*, 335 F.3d 889 (9th Cir. 2003) .......................................................................... 5

*NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449 (1958) ........................................................ 2

Neither party in this action objects to the motion of Jane Does 1-6 and Cecil Bothwell ("Intervenors") to proceed using pseudonyms for Jane Does 1-6.  *See* Def.'s Response to Pseudonymous Mot. (Dkt. No. 42) at 3 (stating that Defendant Kenneth R. Lay, the Secretary of the North Carolina Department of Revenue ("DOR"), "does not oppose" the motion at this time); Plaintiffs-Intervenors' Pseudonymous Mot. (Dkt. No. 23) at 1 (noting that Amazon does not object).  The Court should grant this motion because Intervenors have demonstrated that using pseudonyms in this case is necessary to preserve their constitutional rights to privacy and free expression and to promote the public interest in protecting those rights.

## ARGUMENT

Intervenors seek to proceed pseudonymously to protect their constitutional rights to privacy and free expression and to ensure that their Amazon purchase records, which reveal which books they have read, which films they have watched, and which other expressive materials they have purchased, remain private.  As explained in Intervenors' motion, and as in numerous other cases, including Supreme Court cases, where plaintiffs have been permitted to proceed pseudonymously, anonymity is necessary here because:  (1) the right to anonymity is the basis of Intervenors' substantive claims; (2) the First Amendment protects their right to anonymity; and (3) the case involves matters of a sensitive and highly personal nature.  Although DOR does not oppose this motion and does not claim that DOR or the public would suffer any prejudice, DOR nevertheless proffers several arguments as to why Jane Does 1-6 should not necessarily be permitted to proceed pseudonymously.  None of the reasons suggested by DOR undermines the need for anonymity here.

**I.    JANE DOES 1-6 SHOULD BE PERMITTED TO PROCEED PSEUDONYMOUSLY BECAUSE THE RIGHT TO ANONYMITY IS THE BASIS OF THEIR SUBSTANTIVE CLAIMS.**

DOR does not respond to Intervenors' argument and case law that the only practicable way for Intervenors to defend their constitutional rights to privacy and anonymity in this proceeding is to use pseudonyms because, otherwise, the very rights that Intervenors seek to protect will be eliminated at the outset if they are forced to proceed under their real names.  *See*

INTS.' REPLY RE: MOT. TO USE PSEUDONYMS -- 1
No. 2:10-cv-00664-MJP

**AMERICAN CIVIL LIBERTIES UNION OF WASHINGTON**
901 Fifth Ave., Suite 630, Seattle, Washington  98164
(206) 624-2184

Mot. at 2-4.  Instead, DOR suggests that Jane Does 1-6 unnecessarily created a need for anonymity by filing their proposed complaint.  Response at 2.  Jane Does 1-6 are not the ones who have created their need to proceed pseudonymously.  It is DOR's unconstitutional request—and refusal to withdraw the request, return the information and agree not to issue such overly broad requests in the future—that has forced Intervenors to seek to intervene in this lawsuit to protect their constitutional rights.  They must do so pseudonymously to avoid losing those very rights.  *See, e.g., NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449, 459 (1958) (rejecting judicial rule that would require an individual to identify himself in order to assert his First Amendment rights because it "would result in nullification of the right at the very moment of its assertion"); *Doe v. 2TheMart.com Inc.*, 140 F. Supp. 2d 1088, 1091 n.2 (W.D. Wash. 2001) ("[w]hen an individual wishes to protect their First Amendment right to speak anonymously, he or she must be entitled to vindicate that right without disclosing their identity").

Moreover, as explained in Intervenors' Motion, Jane Does 1-6 needed to reveal their purchasing records—the very information that they seek to protect—to explain why they would be chilled from purchasing private and expressive materials in the future from Amazon and from other retailers if DOR were permitted to obtain such records.  Mot. at 2.  Intervenors' allegations and declarations provide evidence that DOR's requests for information, which will reveal the expressive activity of Amazon's customers, impermissibly chill the First Amendment rights of those customers.  This evidence will aid the Court in the resolution of this case.  *See, e.g., In re Grand Jury Subpoena to Kramerbooks & Afterwords Inc.*, 26 Med. L. Rptr. 1599, 1600 (D.D.C. 1998) (Dkt. No. 21, Ex. B) (considering evidence of chilling effect in holding that a subpoena to a bookstore implicates First Amendment interests).  It is in exactly this situation that proceeding pseudonymously will serve the public interest.  *See, e.g.*, *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1073 (9th Cir. 2000) ("[P]ermitting plaintiffs to use pseudonyms will serve the public's interest in this lawsuit by enabling it to go forward.").

## II. JANE DOES 1-6 SHOULD BE PERMITTED TO PROCEED PSEUDONYMOUSLY BECAUSE THE FIRST AMENDMENT REQUIRES IT.

The motion should also be granted because the First Amendment requires that Jane Does 1-6 be allowed to use pseudonyms. As DOR concedes, Response at 5-6, it must show a compelling interest when requesting information protected by the First Amendment and a sufficient nexus between that interest and the information sought. *See Gibson v. Fla. Legislative Investigation Comm.*, 372 U.S. 539, 546 (1963) ("[I]t is an essential prerequisite to the validity of an investigation which intrudes into the area of constitutionally protected rights of speech . . . that the State convincingly show a substantial relation between the information sought and a subject of overriding and compelling state interest"); *In re Kramerbooks*, 26 Med. L. Rptr. at 1600; *see also* Mot. at 4-7. Although DOR argues that it has a compelling interest in the administration of the tax system, Response at 6, this sweeping assertion does not justify obtaining information that DOR has admitted that it does not need for tax purposes, *see* Declaration of H. Alan Woodard (Dkt. No. 43-2) ¶ 9—detailed information concerning which individuals purchased which specific books, films, and other expressive materials. Because DOR has conceded that it does not need this information, it cannot have a compelling interest in obtaining it and cannot show a sufficient connection between that information and its interest in tax collection. It would thus violate the First Amendment to require disclosure of the identities of Jane Does 1-6, and, by the same measure, the records of which expressive materials they have purchased from Amazon.

## III. JANE DOES 1-6 SHOULD BE PERMITTED TO PROCEED PSEUDONYMOUSLY BECAUSE THE CASE INVOLVES MATTERS OF A SENSITIVE AND HIGHLY PERSONAL NATURE.

The customer records at issue here reveal the Jane Does' intimate and private family issues, political and religious beliefs, and medical and mental health conditions. Proceeding pseudonymously is also therefore necessary "to preserve privacy in a matter of sensitive and highly personal nature." *Advanced Textile Corp.*, 214 F.3d at 1068.

DOR professes to be sensitive to the privacy concerns asserted by Jane Does 1-6, but questions whether their concerns are sufficient to meet the Ninth Circuit's test for cases "where pseudonyms are used to shield the anonymous party from retaliation." Response at 4. The factors referenced by DOR are not applicable here because Jane Does 1-6 are not seeking to proceed pseudonymously on the basis of a risk of retaliation. They need to proceed pseudonymously "to preserve privacy in a matter of sensitive and highly personal nature," which the Ninth Circuit has made clear is a different situation. *Advanced Textile*, 214 F.3d at 1068. In *Advanced Textile*, the Ninth Circuit stated that there are three independent situations in which plaintiffs have been permitted to proceed pseudonymously: (1) "when identification creates a risk of retaliatory physical or mental harm;" (2) "when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature;" and (3) "when the anonymous party is compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution." *Id.* (internal quotation marks omitted). The court then articulated a multi-factor test applicable only in the first situation when "pseudonyms are used to shield the anonymous party from retaliation." *Id.* (considering severity of threatened harm, reasonableness of anonymous party's fears, and anonymous party's vulnerability to such retaliation). Those factors do not apply in the second situation present here: when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature. *Id.*; *see also Doe 130 v. Archdiocese of Portland*, No. CV 07-1732-PK, 2008 WL 656021, at *3 (D. Or. Mar. 6, 2008) (stating that *Advanced Textile* did not suggest that the retaliation factors must be considered where the need for anonymity is other than to protect a party from retaliation). Thus, DOR's discussion of the cases brought under a physical or mental retaliation theory, like *Advanced Textile* and *Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate*, Civ. No. 08-00359 JMS/BMK, 2009 WL 308351, at *1 (D. Haw. Feb. 6, 2009) ("Plaintiffs brought this action anonymously based on a fear of retaliation."), *aff'd*, 596 F.3d 1036 (9th Cir. 2010), is inapposite.[1]

---

[1] Although the Ninth Circuit in *Kamehameha Schools* stated that a plaintiff must show a reasonable fear

DOR attempts to distinguish the privacy cases cited by Intervenors on the basis that this is allegedly a tax case. Response at 5. That is a distinction without a difference. The need for anonymity to protect information of highly sensitive and personal nature is the same regardless of whether the case involves taxes. In any event, this case is not about taxes, as DOR has already admitted that it does not need records of which books, films, and other expressive materials individuals are purchasing for the purposes of tax collection. Woodard Decl. ¶ 9.

DOR also attempts to undermine the need for anonymity by stating that "the strict confidentiality procedures governing NC Revenue prohibit the disclosure of information obtained during an audit and therefore already protect the Jane Does' privacy interests." Response at 3. That misses the point. The issue here is whether Jane Does 1-6 should be forced to reveal their identities to challenge in court DOR's ability to obtain their private purchasing records. The issue is not whether DOR will keep the information confidential. In any event, DOR's confidentiality obligations do nothing to protect the constitutionally protected privacy interests of Intervenors and other citizens to read, view, and purchase expressive and private materials without government scrutiny. *See Bursey v. United States*, 466 F.2d 1059, 1086 (9th Cir. 1972) (holding that the secrecy of the grand jury proceeding "did little to soften the blow to the First Amendment rights" because "[t]he public did not know what the grand jury learned, but the proceedings were no secret to the Government"), *superseded by statute on other grounds*, *In re Grand Jury Proceedings*, 863 F.2d 667 (9th Cir. 1988).

Finally, DOR suggests that it might need to learn the identities of Jane Does 1-6 later in this proceeding because they have not alleged that they paid sales or use taxes for their Amazon purchases. *See* Response at 7. The absence of such allegations should not be read as implying that Intervenors have not complied with their tax obligations. In any event, such allegations have

---

of severe harm in order to proceed anonymously, 596 F.3d at 1043, that statement was made in the context of a case involving a retaliation claim. This case is different. *Kamehameha Schools* did not overrule the other two situations in which pseudonymous litigation is permitted under *Advanced Textile*, for which the retaliation factors are not necessary. *See Miller v. Gammie*, 335 F.3d 889, 899 (9th Cir. 2003) (en banc) (a three-judge panel may not ordinarily overrule a decision of another panel).

INTS.' REPLY RE: MOT. TO USE PSEUDONYMS -- 5
No. 2:10-cv-00664-MJP

**AMERICAN CIVIL LIBERTIES UNION OF WASHINGTON**
901 Fifth Ave., Suite 630, Seattle, Washington 98164
(206) 624-2184

nothing to do with this motion, or with this case. The relevant question for this motion is whether the identities of Jane Does 1-6 are necessary for the purposes of this litigation. They are not, and Jane Does 1-6 should be permitted to proceed pseudonymously.

## CONCLUSION

For the foregoing reasons, Intervenors' motion to file the Complaint using pseudonyms for Jane Does 1-6 should be granted.

Respectfully submitted this 23rd day of July, 2010.

|  |  |
|---|---|
| | /s/ Venkat Balasubramani |
| | Venkat Balasubramani, WSBA #28269 |
| **AMERICAN CIVIL LIBERTIES UNION OF WASHINGTON FOUNDATION** | **FOCAL PLLC** |
| Sarah A. Dunne, WSBA # 34869 | 8426 40th Ave SW |
| 901 Fifth Ave, Suite 630 | Seattle, WA 98136 |
| Seattle, Washington 98164 | Tel:   (206) 529-4827 |
| Tel:   (206) 624-2184 | Fax:   (206) 260-3966 |
| Fax:   (206) 624-2190 | Email: venkat@focallaw.com |
| Email: dunne@aclu-wa.org | |
| **AMERICAN CIVIL LIBERTIES UNION OF NORTH CAROLINA FOUNDATION** | **AMERICAN CIVIL LIBERTIES UNION FOUNDATION** |
| Katherine Lewis Parker (*pro hac vice*) | **Speech, Privacy and Technology Project** |
| Post Office Box 28004 | Aden J. Fine (*pro hac vice*) |
| Raleigh, North Carolina 27611 | Mariko Hirose (*pro hac vice*) |
| Tel:   (919) 834-3466 | 125 Broad Street, 18th Floor |
| Fax:   (866) 511-1344 | New York, NY 10004 |
| Email:  aclucklp@nc.rr.com | Tel:   (212) 549-2500 |
| | Fax:   (212) 549-2651 |
| | Email:  afine@aclu.org |
| | mhirose@aclu.org |

**CERTIFICATE OF SERVICE**

The undersigned certifies that she filed the foregoing Reply in Support of Motion to File Complaint in Intervention Using Pseudonyms through the Court's CM/ECF system which will provide a notice of filing to counsel for all parties.

July 23, 2010.

                                                                */s/ Mariko Hirose*
                                                                Mariko Hirose