THE HONORABLE MARSHA J. PECHMAN

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM, LLC,<br>        Plaintiff,<br><br>        v.<br><br>KENNETH R. LAY, in his official capacity as<br>Secretary of the North Carolina Department of<br>Revenue,<br>        Defendant. | No. 2:10-cv-00664-MJP<br><br>**REPLY MEMORANDUM IN SUPPORT<br>OF MOTION TO INTERVENE**<br><br>**NOTE ON MOTION CALENDAR:<br>JULY 23, 2010**<br><br>**Oral Argument Requested** |
| JANE DOE 1, JANE DOE 2, JANE DOE 3,<br>JANE DOE 4, JANE DOE 5, JANE DOE 6,<br>AND CECIL BOTHWELL,<br>        Plaintiffs-Intervenors,<br><br>        v.<br><br>KENNETH R. LAY, in his official capacity as<br>Secretary of the North Carolina Department of<br>Revenue, and AMAZON.COM, LLC,<br>        Defendants in Intervention. | |

INTS.' REPLY RE: MOT. TO INTERVENE --
No. 2:10-cv-00664-MJP

AMERICAN CIVIL LIBERTIES UNION OF WASHINGTON
901 Fifth Ave., Suite 630, Seattle, Washington  98164
(206) 624-2184

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ...................................................................................................ii

**ARGUMENT** ..............................................................................................................................1

      I.     THE COURT SHOULD GRANT INTERVENTION AS OF RIGHT
             BEFORE CONSIDERING ARGUMENTS THAT ATTACK THE
             UNDERLYING ACTION. ........................................................................................1

      II.    BOTH AMAZON'S COMPLAINT AND THE PROPOSED
             COMPLAINT-IN-INTERVENTION ARE JURISDICTIONALLY
             PROPER AND STATE A CLAIM.............................................................................3

**CONCLUSION** ..........................................................................................................................6

# TABLE OF AUTHORITIES

**Cases**

*American-Arab Anti-Discrimination Comm. v. Reno*, 70 F.3d 1045 (9th Cir. 1995) .................... 5

*Cal. Pro-Life Council, Inc. v. Getman*, 328 F.3d 1088 (9th Cir. 2003) ......................... 5

*Canatella v. California*, 404 F.3d 1106 (9th Cir. 2004) ..................................... 2

*Elrod v. Burns*, 427 U.S. 347 (1976) ........................................................ 5

*Freedom to Travel Campaign v. Newcomb*, 82 F.3d 1431 (9th Cir. 1996) ................................. 5

*Gibson v. Fla. Legislative Investigation Comm.*, 372 U.S. 539 (1963) ........................ 6

*Hibbs v. Winn*, 542 U.S. 88 (2004) ........................................................ 3, 4

*In re Grand Jury Subpoena to Amazon.com Dated August 7, 2006*, 246 F.R.D. 570 (W.D. Wis. 2007) ................................................................. 5

*In re JDS Uniphase Corp. Securities Litigation*, No. 02-1486 CW, 2005 WL 2562621 (N.D. Cal. Oct. 12, 2005) ................................................... 3

*Lamont v. Postmaster General*, 381 U.S. 301 (1965) ............................................ 5

*Levin v. Commerce Energy, Inc.,* 130 S. Ct. 2323 (2010) ...................................... 4

*Maldonado v. Morales*, 556 F.3d 1037 (9th Cir. 2009), *cert. denied*, 130 S. Ct. 1139 (2010) ................................................................................ 4

*May Trucking Co. v. Or. Dept. of Transp.*, 388 F.3d 1261 (9th Cir. 2004) .................... 3

*Nat'l Private Truck Council v. Oklahoma Tax Comm'n*, 515 U.S. 582 (1995) .................... 4

*Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810 (9th Cir. 2001) ..................... 1

*United States v. City of Los Angeles*, 288 F.3d 391 (9th Cir. 2002) ......................... 3, 6

**Statutes**

18 U.S.C. § 2710 ............................................................................ 4

28 U.S.C. § 1341 ............................................................................ 3

42 U.S.C. § 1983 ............................................................................ 4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

**Rules**

Fed. R. Civ. P. 24(a) ................................................................................................................. 6

Fed. R. Civ. P. 24(b) ................................................................................................................. 6

Local R. 7(d)(3) ......................................................................................................................... 2

Local R. 7(e)(2).......................................................................................................................... 2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

Jane Does 1-6 and Cecil Bothwell ("Intervenors") seek to intervene in this suit to ensure that their constitutional rights are not caught up in the longstanding dispute between Amazon and the North Carolina Department of Revenue ("DOR").[1]  The Court should grant the motion to intervene because:  (1) it is undisputed that Intervenors satisfy the four requirements for intervention as of right; (2) DOR's jurisdictional and futility arguments challenging both Amazon's and Intervenors' complaints should be addressed in connection with DOR's motion to dismiss after the intervention motion has been granted; and (3) even if those arguments were considered now, both complaints state claims for relief.

## ARGUMENT

## I.      THE COURT SHOULD GRANT INTERVENTION AS OF RIGHT BEFORE CONSIDERING ARGUMENTS THAT ATTACK THE UNDERLYING ACTION.

As explained in Intervenors' Motion (Dkt. No. 21) at 4-10, intervention should be granted because Intervenors indisputably meet all four parts of the test for intervention as of right:  (1) the motion is timely; (2) Intervenors' significant and protectable rights are at stake; (3) disposition of this lawsuit will impair their ability to protect those rights; and (4) Intervenors have unique, personal interests that are not adequately represented by the existing parties.  *See Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 817 (9th Cir. 2001).  Amazon has not opposed this motion.  DOR also does not dispute that Intervenors have met this test.  Instead, DOR claims that intervention should be denied because Amazon's complaint and Intervenors' proposed complaint allegedly suffer from identical jurisdictional defects and futility.  *See* Response to Mot. to Intervene (Dkt. No. 41) at 5-11.  That argument should be rejected.

Intervenors take no issue with the general principle set forth in the cases cited by DOR, *see* Response at 5-8, that intervention cannot be granted if there is no jurisdiction over the existing proceeding.  When a defendant raises the same jurisdictional arguments against intervention and the existing, underlying action, however, the Ninth Circuit has made clear that

---

[1] DOR refers to Intervenors as, "the ACLU."  The ACLU has not intervened in this matter.  Intervenors are Jane Does 1-6 and Cecil Bothwell.

INTS.' REPLY RE: MOT. TO INTERVENE -- 1
No. 2:10-cv-00664-MJP

the proper "order of operations" is to decide the motion to intervene first and then to consider the jurisdictional arguments. *Canatella v. California*, 404 F.3d 1106, 1113-14 (9th Cir. 2004) (discussing the order for a situation in which the jurisdictional arguments against the original suit and the complaint-in-intervention are intertwined, and distinguishing it from the converse situation in that case, where the intervenor's complaint was subject to different jurisdictional considerations). This order is necessary because an intervenor with an interest in a case should be allowed "to intervene to raise or rebut [a jurisdictional] issue," *id.* at 1114, just as she has the right to appeal an order granting a motion to dismiss, *see id.* at 1109 n.1 (holding that dismissal of the underlying case does not moot the appeal of the denial of an intervention motion because if the appellant were entitled to intervene, he would have standing to appeal the dismissal). This "order of operations" is particularly important where, as here, DOR has a policy and practice of issuing requests encompassing expressive information, and Intervenors need to participate in the jurisdictional arguments now to ensure that their constitutional rights are not infringed by future demands for information to other entities that may just acquiesce without notifying Intervenors.

Just as a proper intervenor should be allowed to participate in the arguments regarding jurisdiction, the original party—here, Amazon—should also be able to contest the jurisdictional issues. A defendant should, thus, not be permitted to raise dispositive jurisdictional issues with the underlying action in response to a motion to intervene, because otherwise, the issues that should be litigated in a motion to dismiss the original suit would be fought in the context of a motion to intervene without participation from the original party and within the much-shortened page and time limitations for intervention under the local rules, *see* Local Rule 7(d)(3), (e)(2). Such a result would be unjust.

For the same reasons, DOR's futility argument should not be considered in this intervention motion because the same arguments apply to the underlying action and to the complaint-in-intervention. Moreover, requiring a proposed intervenor to demonstrate the merits of its legal claims at this stage would undermine the "threshold" nature of the intervention test, which requires intervenors only to show that they have an interest at stake, not a "specific legal

1
2
3
4
5
6

or equitable interest." *United States v. City of Los Angeles*, 288 F.3d 391, 398 (9th Cir. 2002) (internal quotation marks omitted); *In re JDS Uniphase Corp. Securities Litigation*, No. 02-1486 CW, 2005 WL 2562621, at *5 (N.D. Cal. Oct. 12, 2005) (holding that futility is irrelevant to a motion to intervene and deferring the question of proposed intervenor's adequacy as a subclass representative to a motion for class certification).  The legal merit of Intervenors' proposed complaint, accordingly, should not be addressed now.[2]

7
8
9
10
11

Here, the jurisdictional and futility arguments raised by DOR are identical for both the underlying action and the complaint-in-intervention.  Those issues should, thus, be addressed in connection with the motion to dismiss, with the participation of Amazon, after the motion to intervene is granted.  Intervenors intend to file a proposed opposition to DOR's now-pending motion to dismiss to facilitate this process and to avoid any delay in the proceedings.

12
13

## II.    BOTH AMAZON'S COMPLAINT AND THE PROPOSED COMPLAINT-IN-INTERVENTION ARE JURISDICTIONALLY PROPER AND STATE A CLAIM.

14
15
16

In any event, both Amazon's complaint and the proposed complaint-in-intervention are jurisdictionally proper and state a claim.  These arguments will be discussed in more detail in Intervenors' proposed opposition to the motion to dismiss and in Amazon's opposition.

17
18
19
20
21
22
23
24
25

First, the Supreme Court has squarely rejected DOR's view that the Tax Injunction Act ("TIA"), 28 U.S.C. § 1341, bars federal court jurisdiction merely because a case relates to taxes. *See Hibbs v. Winn*, 542 U.S. 88, 107 (2004) (rejecting claim that the TIA applies to all cases related to taxes).  Instead, under *Hibbs*, the dispositive question in "determining whether the Act's jurisdictional bar applies is whether '[f]ederal-court relief . . . would have operated to reduce the flow of state tax revenue.'" *May Trucking Co. v. Or. Dept. of Transp.*, 388 F.3d 1261, 1267 (9th Cir. 2004) (quoting *Hibbs,* 542 U.S. at 91).  Here, the relief requested would not reduce the flow of state tax revenue because, as DOR has admitted, DOR now has all the information it needs to assess sales tax on Amazon at the highest rate.  Mot. to Dismiss (Dkt. No.

26
27

---

[2]  Some courts outside the Ninth Circuit have considered futility as a factor in certain instances, *see* Response at 8-9, but that does not make sense where, as here, the alleged futility applies to the underlying suit.

AMERICAN CIVIL LIBERTIES UNION OF WASHINGTON
901 Fifth Ave., Suite 630, Seattle, Washington  98164
(206) 624-2184

43) at 17.  An order enjoining DOR from obtaining any additional information would therefore only prevent Amazon from claiming exemptions, which would, if anything, increase, not decrease, state tax revenue.  DOR has also now admitted that it does not need the detailed, expressive information that is protected by the First Amendment and the Video Privacy Protection Act, 18 U.S.C. § 2710, to conduct its tax audits, including any potential use tax audit.  *See* Response at 4-5.  As a result, restraining DOR from requesting or obtaining this information will not have any effect on state tax revenue.  Because the challenge is therefore outside the TIA, this action is proper both pursuant to this Court's equitable powers and 42 U.S.C. § 1983.  *See Hibbs*, 542 U.S. at 94 (permitting § 1983 suit not covered by the TIA to proceed); *cf. Nat'l Private Truck Council v. Oklahoma Tax Comm'n*, 515 U.S. 582, 589 (1995) (holding only that § 1983 cannot be used in state courts where the TIA would prevent an analogous § 1983 claim in federal court, not that § 1983 cannot ever be used when the TIA does not apply).

Second, comity similarly does not apply here because neither Amazon nor Intervenors have asserted claims "that risk disrupting state tax administration."  *Levin v. Commerce Energy, Inc.,* 130 S. Ct. 2323, 2328 (2010); *see Hibbs*, 542 U.S. at 107 n.9 (rejecting comity argument).  Although comity precluded jurisdiction in *Levin* over a challenge to a state's tax scheme, none of the reasons that the Supreme Court gave for distinguishing *Levin* from *Hibbs* apply here.  Like in *Hibbs* and unlike in *Levin*, this case:  involves a "fundamental right," not "commercial matters" that do not attract heightened scrutiny, 130 S. Ct. at 2336; does not involve a challenge to DOR's tax authority, *id.*; and does not require reshaping the state tax code, *id.* at 2335-36.  The relief that Amazon and Intervenors seek is limited to ensuring that DOR's requests comply with the First Amendment, an issue that this Court is well-equipped to decide.

Third, this case does not implicate the ripeness doctrine because of DOR's "genuine threat of enforcement," "the fitness of the issue for judicial decision," and "the hardship to the parties of withholding court consideration."  *Maldonado v. Morales*, 556 F.3d 1037, 1044 (9th Cir. 2009) (internal quotation marks omitted), *cert. denied*, 130 S. Ct. 1139 (2010).  DOR has already engaged in the conduct challenged here—it has demanded the information not once, but

**AMERICAN CIVIL LIBERTIES UNION OF WASHINGTON**
901 Fifth Ave., Suite 630, Seattle, Washington  98164
(206) 624-2184

1  twice from Amazon through formal document requests, and it has repeatedly threatened to issue

2  a summons and commence an enforcement proceeding against Amazon. *See Cal. Pro-Life*

3  *Council, Inc. v. Getman*, 328 F.3d 1088, 1094 (9th Cir. 2003) ("one does not have to await the

4  consummation of threatened injury to obtain preventive relief" (internal quotation marks

5  omitted)). DOR has also publicly stated that it will take similar actions against other Internet

6  retailers if they do not collect North Carolina taxes. Indeed, DOR refused Intervenors' demand

7  that DOR return the detailed, expressive information to Amazon and that DOR narrow its

8  broadly worded requests and its policy and practice of issuing such requests. Declaration of

9  Jennifer Rudinger (Dkt. No. 48-2) Exs. A-C. The case is therefore ripe because DOR's threats

10  are genuine and the facts are developed—indeed, undisputed—leaving a purely legal question

11  about the constitutionality of DOR's demands for information that is ripe for consideration. *See*

12  *Freedom to Travel Campaign v. Newcomb*, 82 F.3d 1431, 1436 (9th Cir. 1996) (rejecting

13  ripeness argument and holding that where legal questions require little factual development,

14  plaintiff may challenge licensing scheme without applying for license).

15          DOR's overbroad information requests are also currently causing hardship—the chilling

16  of First Amendment rights. *See* Declarations of Jane Does 1-6 (Dkt. Nos. 24-29); Declaration of

17  Cecil Bothwell (Dkt. No. 48-1) ¶¶ 12-14. The chilling effect from requests like DOR's is well-

18  established as a matter of law. *See, e.g.*, *Lamont v. Postmaster General*, 381 U.S. 301, 307

19  (1965); *In re Grand Jury Subpoena to Amazon.com Dated August 7, 2006*, 246 F.R.D. 570, 572-

20  73 (W.D. Wis. 2007). This chilling effect establishes that this case is ripe. *See Elrod v. Burns*,

21  427 U.S. 347, 373 (1976) ("The loss of First Amendment freedoms, for even minimal periods of

22  time, unquestionably constitutes irreparable injury."); *American-Arab Anti-Discrimination*

23  *Comm. v. Reno*, 70 F.3d 1045, 1062 (9th Cir. 1995) ("[I]njury to First Amendment rights more

24  readily justifies a finding of ripeness due to the chilling effect on protected expression which

25  delay may produce." (internal quotation marks omitted)).

26          Finally, DOR is wrong to the extent it argues that intervention should be denied because

27  Amazon's and Intervenors' complaints are futile for failure to state a First Amendment claim.

AMERICAN CIVIL LIBERTIES UNION OF WASHINGTON
901 Fifth Ave., Suite 630, Seattle, Washington  98164
(206) 624-2184

1   DOR's overbroad requests infringe on individuals' First Amendment rights to receive expressive

2   items without government scrutiny.  Given DOR's admission that it does not actually need this

3   First Amendment-protected information, Response at 4-5, DOR cannot show a compelling

4   interest in obtaining the information, nor can it establish a nexus between its interest in tax

5   collection and the specific information at issue here.  DOR's information requests, thus, fail First

6   Amendment scrutiny.  *See, e.g.*, *Gibson v. Fla. Legislative Investigation Comm.*, 372 U.S. 539,

7   546 (1963) ("[I]t is an essential prerequisite to the validity of an investigation which intrudes into

8   the area of constitutionally protected rights of speech . . . that the State convincingly show a

9   substantial relation between the information sought and a subject of overriding and compelling

10  state interest.").

## CONCLUSION

12          For the foregoing reasons, Intervenors respectfully request that the Court grant their

13  motion for intervention as of right pursuant to Rule 24(a) of the Federal Rules of Civil

14  Procedure, or, in the alternative, their motion for permissive intervention pursuant to Rule

15  24(b).[3]

16                          Respectfully submitted this 23rd day of July, 2010.

18                                              /s/ Venkat Balasubramani
                                                Venkat Balasubramani, WSBA #28269
19  **AMERICAN CIVIL LIBERTIES UNION OF**        **FOCAL PLLC**
20  **WASHINGTON FOUNDATION**                    8426 40th Ave SW
    Sarah A. Dunne, WSBA # 34869                 Seattle, WA 98136
21  901 Fifth Ave, Suite 630                     Tel:    (206) 529-4827
    Seattle, Washington  98164                   Fax:    (206) 260-3966
22  Tel:    (206) 624-2184                        Email: venkat@focallaw.com
    Fax:    (206) 624-2190
23  Email: dunne@aclu-wa.org

---

[3]      As discussed in Intervenors' motion, *see* Mot. to Intervene at 11-12, permissive intervention is also appropriate because Intervenors satisfy the three conditions under Rule 24(b).  *See City of Los Angeles*, 288 F.3d at 403.  DOR's only arguments to the contrary are jurisdictional.  As explained above, these should be litigated in the context of a motion to dismiss, and in any event, the Court does have jurisdiction over this case.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**AMERICAN CIVIL LIBERTIES UNION OF
NORTH CAROLINA FOUNDATION**
Katherine Lewis Parker (*pro hac vice*)
Post Office Box 28004
Raleigh, North Carolina 27611
Tel:    (919) 834-3466
Fax:    (866) 511-1344
Email:  aclucklp@nc.rr.com

**AMERICAN CIVIL LIBERTIES UNION
FOUNDATION**
**Speech, Privacy and Technology Project**
Aden J. Fine (*pro hac vice*)
Mariko Hirose (*pro hac vice*)
125 Broad Street, 18th Floor
New York, NY 10004
Tel:    (212) 549-2500
Fax:    (212) 549-2651
Email:  afine@aclu.org
            mhirose@aclu.org

INTS.' REPLY RE: MOT. TO INTERVENE -- 7
No. 2:10-cv-00664-MJP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

## CERTIFICATE OF SERVICE

The undersigned certifies that she filed the foregoing Reply Memorandum in Support of

Motion to Intervene through the Court's CM/ECF system which will provide a notice of filing to

counsel for all parties.

July 23, 2010.


/s/ Mariko Hirose
Mariko Hirose