1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| **AMAZON.COM LLC,** )<br><br>      Plaintiff, )<br><br>  v. )<br><br>**KENNETH R. LAY**, in his official capacity as )<br>Secretary of the North Carolina Department of )<br>Revenue, )<br><br>      Defendant. )<br>_____ ) | No. 10-CV-00664<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS (Fed. R. Civ. P. 12)**<br><br>NOTE ON MOTION CALENDAR: August 6, 2010<br><br><u>ORAL ARGUMENT REQUESTED</u> |

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

# TABLE OF CONTENTS

**Page(s)**

I. PRELIMINARY STATEMENT ................................................................................... 1

II. ARGUMENT ............................................................................................................ 2

    A. This Case Is Ripe for Adjudication. .......................................................... 2

        1. DOR Has Made Specific and Individualized Threats of Enforcement Against Amazon. ........................................................ 3

        2. DOR's Actions Have Already Caused Hardship to Amazon. ........... 5

    B. The Tax Injunction Act Has No Bearing on This Case and Does Not Bar Amazon's Claims. ............................................................................. 8

        1. Amazon Does Not Request Any Relief That Would Avoid Payment of State Taxes or Reduce the Flow of State Tax Revenue. ............................................................... 8

        2. The Proceedings Under N.C. Gen. Stat. § 105-258 Do Not Meet the Minimal Procedural Criteria Under the Tax Injunction Act. ............ 12

    C. Comity Concerns Are Not Implicated Where First Amendment Concerns, Not Matters of Taxation, Are Before the Court. .............................. 15

    D. Amazon's Complaint States Cognizable Claims. ..................................... 17

        1. Amazon States a Cognizable Claim Under the First Amendment and the Washington State Constitution. .............................. 18

        2. Amazon States a Prima Facie Claim Under the Video Privacy Protection Act. ......................................................................... 19

III. CONCLUSION ........................................................................................................ 19

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Abbott Labs. v. Gardner,*
   387 U.S. 136 (1967)..................................................................6

*al-Kidd v. Ashcroft,*
   580 F.3d 949 (9th Cir. 2009) ..................................................17

*Alaska Right to Life PAC v. Feldman,*
   504 F.3d 840 (9th Cir. 2007)..................................................4

*American-Arab Anti-Discrimination Comm. v. Reno,*
   70 F.3d 1045 (9th Cir. 1995)..................................................5

*Ashcroft v. Iqbal,*
   129 S. Ct. 1937 (2009)..........................................................17

*Babbitt v. United Farm Workers Nat'l Union,*
   442 U.S. 289 (1979)..............................................................4

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544 (2007)..............................................................17

*Blangeres v. Burlington Northern, Inc.,*
   872 F.2d 327 (9th Cir. 1989)..................................................10

*California Pro-Life Council, Inc. v. Getman,*
   328 F.3d 1088 (9th Cir. 2003) ............................................3, 5

*California v. Grace Bretheren Church,*
   457 U.S. 393 (1982)..............................................................10

*Chang v. United States,*
   327 F.3d 911 (9th Cir. 2003)..................................................8

*City and County of San Francisco v. Assessment Appeals Bd. for City and County of San Francisco, No. 1,*
   122 F.3d 1274 (9th Cir. 1997) ................................................16

*Colorado River Water Cons. Dist. v. United States,*
   424 U.S. 800 (1976)..............................................................16

*Dillon v. Montana,*
   634 F.2d 463 (9th Cir. 1980) ................................................10

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

*Direct Marketing Ass'n v. Bennett*,
    916 F.2d 1451 (9th Cir. 1990) ................................................................. 12, 13

*Dirkes v. Borough of Runnemede*,
    936 F. Supp. 235 (D.N.J. 1996) .................................................................... 19

*Gathright v. City of Portland*,
    439 F.3d 573 (9th Cir. 2006) .......................................................................... 3

*Great Lakes Dredge & Dock Co. v. Huffman*,
    319 U.S. 293 (1943) ..................................................................................... 15

*Hibbs v. Winn*,
    542 U.S. 88, 105 (2004) ...................................................................... *passim*

*In re Anonymous Online Speakers*,
    2010 WL 2721490 (9th Cir. July 12, 2010) ................................................ 18

*In re Grand Jury Subpoena to Amazon.com*,
    246 F.R.D. 570 (W.D. Wis. 2007) ............................................................ 2, 8

*J-R Distributors, Inc. v. Eikenberry*,
    725 F.2d 482 (9th Cir. 1984) ....................................................................... 16

*Laird v. Tatum*,
    408 U.S. 1, 13 (1972) .................................................................................... 5

*Leadbetter v. Comcast Cable Commc'ns, Inc.*,
    2005 WL 2030799 (W.D. Wash. Aug. 22, 2005) ....................................... 17

*Lee v. City of Los Angeles*,
    250 F.3d 668 (9th Cir. 2001) ......................................................................... 6

*Levin v. Commerce Energy, Inc.*,
    130 S. Ct. 2323 ( 2010) ......................................................................... 15, 16

*LSO, Ltd. v. Stroh*,
    205 F.3d 1146 (9th Cir. 2000) ....................................................................... 3

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992) ..................................................................................... 17

*May Trucking Co. v. Oregon Dep't of Transp.*,
    388 F.3d 1261 (9th Cir. 2004) ............................................................. 8, 9, 12

*McCarthy v. United States*,
    850 F.2d 558 (9th Cir. 1988) ......................................................................... 4

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

*McIntyre v. Ohio Elections Comm'n,*
    514 U.S. 334 (1995).................................................................................18

*MedImmune, Inc. v. Genetech, Inc.,*
    549 U.S. 118 (2007)...................................................................................3

*Retirement Fund Trust v. Franchise Tax Bd.,*
    909 F.2d 1266 (9th Cir. 1990) ...............................................................13

*Shell Oil Co. v. City of Santa Monica,*
    830 F.2d 1052 (9th Cir. 1987) .................................................................6

*Steffel v. Thompson,*
    415 U.S. 452 (1974)...................................................................................3

*United States v. C.E. Hobbs Found.,*
    7 F.3d 169 (9th Cir. 1993).......................................................................11

*Yniguez v. Arizonans for Official English,*
    42 F.3d 1217 (9th Cir. 1994) ..................................................................16

STATE CASES

*JJR Inc. v. City of Seattle,*
    126 Wash. 2d 1, 891 P.2d 720 (Wash. 1995) .......................................19

*State v. Davis,*
    386 S.E.2d 743 (N.C. 1989) ...................................................................14

*In re Summons to Ernst & Young, LLP,*
    684 S.E.2d 151 (N.C. 2009) ...................................................................14

FEDERAL STATUTES

18 U.S.C. § 2710 .............................................................................................19

28 U.S.C. § 1341 ......................................................................................8, 9, 12

STATE STATUTES

N.C. Gen. Stat. § 105-258 ....................................................................... *passim*

CONSTITUTIONAL PROVISIONS

U.S. CONST. amend. I.................................................................................. *passim*

STATE CONSTITUTIONAL PROVISIONS

WASH. STATE CONST..................................................................................9, 18, 19

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

**RULES**

Fed. R. Civ. P 12(b)(1)...........................................................................................4

Fed. R. Civ. P. 12(b)(6)............................................................................ 17, 18, 19

**OTHER AUTHORITIES**

13B Charles Allen Wright & Arthur Miller, Federal Practice and Procedure § 3532.5
    (3d ed. 2008)....................................................................................... 2, 3

Alan M. Wolf, *Amazon Sues N.C. to Shield Info on Buyers*, The News & Observer
    (Raleigh), Apr. 21, 2010, *available at*
    www.newsobserver.com/2010/04/21/447158/amazon-sues-nc-to-shield-info.html ............... 6

David Burnham, *Misuse of the I.R.S.: The Abuse of Power*, N.Y. Times, Sept. 3, 1989,
    *available at* http://www.nytimes.com/1989/09/03/magazine/misuse-of-the-irs-the-
    abuse-of-power.html?pagewanted=all (last viewed July 27, 2010). ....................7

Declan McCullagh, *Amazon Fights Demand for Customer Records,* CNET News,
    http://news.cnet.com/8301-13578_3-20002870-38. html?tag=mneol;1n, Apr. 19,
    2010.......................................................................................................7

Editorial, *The State Shouldn't Peer at What We Read*, Charlotte Observer, Apr. 24,
    2010.......................................................................................................6

Mark Johnson, *Laptop Theft Puts Residents at Risk*, Charlotte Observer, Jan. 17, 2007,
    *available at* http://attrition.org/dataloss/2007/01/ncrev01.html (last viewed July
    27, 2010)..............................................................................................7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

# I.    PRELIMINARY STATEMENT

On April 19, 2010, the deadline set by the North Carolina Department of Revenue ("DOR") to turn over millions of records revealing the reading, viewing and listening choices of its customers, Amazon.com LLC ("Amazon") filed a declaratory judgment action challenging DOR's information request on constitutional and statutory grounds.  Following Amazon's lawsuit, and now in support of its motion to dismiss the complaint, DOR proclaims that information regarding customer purchases of expressive materials would be of "absolutely no value" and not "relevant" to its tax investigation.  But this is nothing more than an effort to obtain dismissal of Amazon's lawsuit while preserving DOR's unfettered ability to obtain the same information in the future.  Indeed, in rejecting Amazon's proposal to enter a consent decree, DOR expressly reserved and defended its claim of unlimited power to compel Amazon to disclose all customer information under penalty of sanction.

Secretary Lay's Motion to Dismiss ("Motion") [Dkt. 43] urges dismissal primarily on two grounds, neither of which has any merit.

*First*, a government agency may not divest the Court of subject matter jurisdiction with nothing more than vague assurances of a change of heart – for now – while continuing to warn of future enforcement of a demand it refuses to withdraw.  Further, Amazon establishes the ripeness of its Complaint for the separate and independent reason that DOR's open threat of a summons and subsequent enforcement chills the First Amendment right to purchase expressive content free of government scrutiny and thereby damages both Amazon and its customers.

*Second*, DOR misapplies the Tax Injunction Act (the "Act") and the doctrine of comity, which each impose a narrow jurisdictional bar on plaintiffs who seek to use the federal courts to contest their tax liability or otherwise to challenge the constitutionality or operation of state tax law.  But this lawsuit is not about taxes.  Instead, this case challenges DOR's overreaching fishing expedition for records and information that even DOR admits it does not need to conduct an audit of Amazon.  DOR has not assessed any taxes on Amazon,

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

and Amazon cooperated and will continue to cooperate with DOR by voluntarily providing the information relevant to the agency's audit.  The Complaint does not challenge the payment of taxes, seek a refund of taxes, or seek to reconfigure state tax policy.  Rather than presenting questions of state tax collection, policy or administration, Amazon asks the Court to determine whether DOR's demands for the personal information of customers who purchased expressive material from Amazon violate the First Amendment, the Washington State Constitution, and the Video Privacy Protection Act.  These questions of constitutional and federal dimension fall squarely within this Court's jurisdiction and expertise and squarely outside the purview of the Act.  They also counsel against abstaining in favor of a summary state proceeding that is not pending when First Amendment interests are *currently* implicated by DOR's continued insistence on the right to compel disclosure of such information.  DOR's Motion should be denied.

## II.   ARGUMENT

### A.   This Case Is Ripe for Adjudication.

DOR's ripeness arguments (Mot. at 15-20) cannot be reconciled with DOR's repeated and targeted threats to Amazon – referenced in official correspondence no less than three times – of enforcement under N.C. Gen. Stat. § 105-258.  A case is ripe when, as here, "official enforcement is threatened on an individual basis" or officials have engaged in "other focused enforcement efforts" directed at the plaintiff.  *See* 13B Charles Allen Wright & Arthur Miller, Federal Practice and Procedure ("Wright & Miller") § 3532.5, at 552-57 (3d ed. 2008).  Further, such threats – whether or not ever, in fact, realized – have already raised concerns among Amazon's customers and, without court intervention now, could "frighten countless potential customers into canceling planned online . . .  purchases, now and perhaps forever."  *In re Grand Jury Subpoena to Amazon.com*, 246 F.R.D. 570, 573 (W.D. Wis. 2007).

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

**1.   DOR Has Made Specific and Individualized Threats of Enforcement Against Amazon.**

Threats of government enforcement of laws, rules or orders – whether in the civil, criminal or administrative context – overcome ripeness concerns.  It is "not necessary that petitioner first expose himself to actual arrest or prosecution to be entitled to challenge a statute that he claims deters the exercise of his constitutional right." *Steffel v. Thompson*, 415 U.S. 452, 459 (1974) (police warned petitioner twice to cease circulating handbills and said that further disobedience would "likely" lead to prosecution).  "[A] reasonable threat of prosecution, for standing purposes, dispenses with any ripeness problem." *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1156 (9th Cir. 2000) [1]; *see also Gathright v. City of Portland*, 439 F.3d 573 (9th Cir. 2006) (First Amendment challenge to ordinance limiting preaching in public parks was justiciable because the government had sent the preacher written notices and warnings referring to the ordinance).  "Courts have long recognized that '[o]ne does not have to await the consummation of threatened injury to obtain preventive relief.'" *California Pro-Life Council, Inc. v. Getman*, 328 F.3d 1088, 1094-95 (9th Cir. 2003) (internal citations omitted) (holding that plaintiffs reasonably "feared enforcement proceedings might be initiated by the State").

DOR's information demand against which Amazon seeks relief declared in unmistakably absolute terms: "*Failure to make available the requested electronic data on April 19, 2010, will prompt the State to issue a summons in accordance with North Carolina General Statute § 105-258.*"  (Decl. of Jennifer Galbreath in Support of Pl.'s Mot. for Summ.

---

[1]  "The justiciability problem that arises . . . can be described in terms of standing . . . or in terms of ripeness . . . . [S]tanding and ripeness boil down to the same question" in declaratory judgment cases. *MedImmune, Inc. v. Genetech, Inc.*, 549 U.S. 118, 128 n.8 (2007) (internal citations omitted); *see also* 13B Wright & Miller § 3532.5, at 551.

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

J. ("Galbraith Decl."), Dkt. 45, Ex. B (emphasis added).)[2]  DOR's two other requests also explicitly state that failure to comply "may prompt the State to issue a summons in accordance with North Carolina General Statute § 105-258."  (Galbraith Decl., Ex. A & Ex. F.)  It is irrelevant to the ripeness inquiry that DOR claims to have "not decided whether to issue a summons against Amazon" (Mot. at 17) because DOR's previous written correspondence communicates to Amazon a specific and unambiguous threat of enforcement.

Amazon has repeatedly asked DOR – both in writing and in conversation – to withdraw or supersede the pending requests for personally identifiable information and for assurance that DOR will refrain from seeking information about customers' choices of expressive material in the future to audit Amazon's compliance with state tax laws.  (Decl. of David Zapolsky in Support of Pl.'s Mot. for Summ. J. ("Zapolsky Decl."), Dkt. 46, at 6, ¶ 19.) DOR declined Amazon's requests for assurance and instead emphasized its purported "right to request additional information, including, but not limited to, information not provided in response to earlier IDR requests." (Galbraith Decl., Ex. F.)  The threat of DOR's enforcement remains on Amazon today.

The cases on which DOR relies for its ripeness argument are distinguishable because they concern facial challenges and/or because the plaintiffs in those cases were not specifically or directly threatened with enforcement.  For example, in *Alaska Right to Life PAC v. Feldman*, a facial challenge to a judicial canon, no official "ever threatened to enforce any provision" of the canon at issue.  504 F.3d 840, 843 (9th Cir. 2007); *see also Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289 (1979) (in a facial challenge to state farm labor statute, some claims were not ripe in part because there was no direct and specific threat

---

[2] On a motion to dismiss for lack of jurisdiction under Fed. R. Civ. P 12(b)(1), the Court is not restricted to the pleadings, but may review any evidence, including declarations, to resolve factual disputes concerning the existence of jurisdiction.  *McCarthy v. United States*, 850 F.2d 558 (9th Cir. 1988).

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

of prosecution or enforcement); *Laird v. Tatum*, 408 U.S. 1, 13 (1972) (respondents did not demonstrate a specific and ongoing threat in their challenge to U.S. Army's surveillance activities).  Those cases have no relevance to Amazon's Complaint because DOR has directly threatened Amazon that failure to comply with DOR's request "will prompt the state to issue a summons."  (*See* Galbreath Decl., Ex. B.)  Amazon filed its action in response to an actual (and recurring) DOR threat, not to contest the abstract authority of DOR to issue a summons. The principles of ripeness do not require Amazon to wait for DOR to enforce its improper and outstanding information request before it obtains relief.  DOR's ripeness argument should be rejected.

### 2.    DOR's Actions Have Already Caused Hardship to Amazon.

Separately, courts routinely find preenforcement challenges justiciable under ripeness principles where, as here, the threat of government action chills First Amendment activities. In *California Pro-Life Council*, for example, the court noted: "Particularly in the First Amendment-protected speech context, the Supreme Court has dispensed with rigid standing requirements.  'In an effort to avoid the chilling effect of sweeping restrictions, the Supreme Court has endorsed what might be called a "hold your tongue and challenge now" approach rather than requiring litigants to speak first and take their chances with the consequences.'" *California Pro-Life Council*, 328 F.3d at 1094-95 (internal citations omitted); *see also American-Arab Anti-Discrimination Comm. v. Reno*, 70 F.3d 1045, 1062 (9th Cir. 1995) ("[I]njury to First Amendment rights more readily justifies a finding of ripeness 'due to the chilling effect on protected expression which delay might produce'") (internal citation omitted).  Here, DOR threatened Amazon directly *and* chilled Amazon's First Amendment rights, thus eliminating any ripeness question.

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1    The doctrine of ripeness "requires an inquiry into 'the fitness of the issues for judicial

2    decision and the hardship to the parties of withholding court consideration.'"  *Shell Oil Co. v.*

3    *City of Santa Monica*, 830 F.2d 1052, 1061-62 (9th Cir. 1987) (*citing*, *inter alia*, *Abbott Labs.*

4    *v. Gardner*, 387 U.S. 136, 149 (1967)).  Amazon has a history of customer concerns about

5    online privacy and "has received countless customer inquiries about online privacy over the

6    years," including customer concerns over government access to customer purchase histories.

7    (Zapolsky Decl. at 2-3, ¶¶ 5-7.)  These concerns remain ongoing and demonstrate that

8    Amazon would suffer significant hardship if this Court found the matter unripe.  (Zapolsky

9    Decl. at 8, ¶ 24) ("Amazon continues to have serious concerns that DOR . . . will seek

10   information about customers' identities or their choices of expressive material.  Amazon's

11   North Carolina customers have no assurance that their privacy will be protected from

12   government scrutiny and, absent such assurances, may be reluctant to purchase expressive

13   material online").

14   This hardship will intensify without Court resolution because DOR's ongoing interest

15   in the identities and addresses of Amazon's North Carolina customers and its threatened

16   summons are well-known.  For example, on April 24, 2010, one of the state's largest

17   newspapers ran an editorial warning its readers that DOR's Request is "an invasion of privacy

18   that could open the door to all kinds of bad outcomes."[3]  Editorial, *The State Shouldn't Peer*

19   *at What We Read*, Charlotte Observer, Apr. 24, 2010, at 10A.  Other major newspapers and

20   online news sources, both local and national, continue to follow the story.  *See, e.g.*, Alan M.

21   Wolf, *Amazon Sues N.C. to Shield Info on Buyers*, The News & Observer (Raleigh), Apr.21,

22   2010, at A, *available at* www.newsobserver.com/2010/04/21/447158/amazon-sues-nc-to-

---

[3] The Court may take judicial notice of matters of public record, including newspaper articles.  *See, e.g., Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (court may take judicial notice of "matters of public record").

PL.'S OPP'N TO MOT. TO DISMISS  (No. 10-CV-00664) — 6

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200  ·  1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1  shield-info.html; Declan McCullagh, *Amazon Fights Demand for Customer Records,* CNET

2  News, http://news.cnet.com/8301-13578_3-20002870-38.html?tag=mneol;1n, Apr. 19, 2010.

3      Customers' fears – and the direct effect of these fears on Amazon – are borne out by

4  the various declarations submitted in support of the Intervenors' Motion to File Complaint in

5  Intervention Using Pseudonyms, Dkt. 23, filed by Jane Does 1-6 and Cecil Bothwell

6  ("Intervenors") on June 23, 2010.  Each Intervenor submitted a declaration which describes

7  how DOR's threats against Amazon caused injury.  For example, Jane Doe 2 affirmed her

8  specific concerns about continuing to "purchas[e] and receiv[e] expressive and private items

9  through Amazon in the future" if her "records are turned over to the State of North Carolina."

10  (Decl. of Jane Doe 2, Dkt. 25, at 3, ¶ 10.)  (*See also* Decl. of Jane Doe 3, Dkt. 26, at 3, ¶ 7 ("I

11  am extremely anxious about [my] private and personal information being obtained by the

12  government"); Decl. of Jane Doe 4, Dkt. 27, at 3, ¶ 8 ("I am concerned that my [job

13  prospects] will be damaged if the State of North Carolina finds out what materials I have

14  received through Amazon and what types of books I am reading"); Decl. of Jane Doe 5, Dkt.

15  28, at 3,¶ 14 ("It is likely that I will simply not purchase certain items through websites if the

16  State is able to obtain [the requested] information.").)  Regardless of its current stated official

17  intentions, like any large government agency, DOR cannot guarantee against the accidental

18  disclosure or even the intentional misuse of data in its possession,[4] compounding Amazon's

19  customers' concerns.

---

[4] *See* Mark Johnson, *Laptop Theft Puts Residents at Risk*, Charlotte Observer, Jan. 13, 2007, at A10 (reporting that "a laptop computer containing files on 30,000 taxpayers was stolen from the car of [a DOR] employee . . . A majority of the more than 200 data security breaches revealed nationwide since 2005 have come from government agencies, including four of the seven incidents in North Carolina"), *available at* http://attrition.org/dataloss/2007/01/ncrev01.html (last viewed July 27, 2010); *cf.* David Burnham, *Misuse of the I.R.S.: The Abuse of Power*, N.Y. Times, Sept. 3, 1989, at Sec. 6, p. 25 ("The history of the I.R.S. is riddled with repeated instances of agents acting out of self-interest or pursuing their own ideological agenda, as well as examples of Presidents, White House staff and Cabinet officials pressuring the tax agency to take political actions."), *available at* http://www.nytimes.com/1989/09/03/magazine/misuse-of-the-irs-the-abuse-of-power.html?pagewanted=all (last viewed July 27, 2010).

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Without adjudication of Amazon's Complaint, customers will remain uncertain about whether their expressive choices will be exposed to DOR and hesitate to exercise their right to obtain – and in turn, Amazon's right to sell and distribute – expressive material free from the fear of "agents nosing through the reading lists of law-abiding citizens." *In re Grand Jury Subpoena to Amazon.com*, 246 F.R.D. at 573.  Courts do "'not require Damocles's sword to fall before we recognize the realistic danger of sustaining a direct injury.'" *Chang v. United States,* 327 F.3d 911, 921 (9th Cir. 2003) (internal citation omitted).

## B.   The Tax Injunction Act Has No Bearing on This Case and Does Not Bar Amazon's Claims.

The Tax Injunction Act provides in its entirety: "[t]he district courts shall not enjoin, suspend, or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."  28 U.S.C. § 1341.  DOR's motion to dismiss under the Act fails because Amazon's claims do not fall within the proscription of the Act, and even if they did, North Carolina does not have a "plain, speedy and efficient remedy" within the meaning of the Act.  *Id.*

### 1.   Amazon Does Not Request Any Relief That Would Avoid Payment of State Taxes or Reduce the Flow of State Tax Revenue.

The United States Supreme Court recently examined the applicability of the Act in the context of a challenge to an Arizona law that awarded income tax credits favoring private school scholarships and held that the Act "proscribes interference only with those aspects of state tax regimes that are *needed to produce revenue – i.e., assessment, levy, and collection.*" *Hibbs v. Winn*, 542 U.S. 88, 105 n.7 (2004) (emphasis added).  On the other hand, "suits not seeking to stop the collection (or contest the validity) of a tax *imposed on plaintiffs* . . . were outside" the Act's purview.  *Id.* at 104.  The Ninth Circuit recognizes that "[a]fter *Hibbs*, the

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1   dispositive question in determining whether the Act's jurisdictional bar applies is whether
2   'federal-court relief . . . would have operated to reduce the flow of state tax revenue.'" *May*
3   *Trucking Co. v. Oregon Dep't of Transp.*, 388 F.3d 1261, 1267 (9th Cir. 2004) (*quoting*
4   *Hibbs*, 124 U.S. at 106).

5          Amazon's claims do not fall within the Act's terms because Amazon does not seek
6   any relief that would stop the assessment, collection, or levy of any tax.  Amazon's Complaint
7   asks the Court only to declare that, "to the extent the March Information Request demands
8   that Amazon disclose its customers' names, addresses or any other personal information, it
9   violates the First Amendment and the Video Privacy Protection Act," as well as the
10  Washington State Constitution.  (Compl. at 14.)  Amazon's Complaint does not challenge any
11  State tax law, does not challenge any claimed tax liability, and does not seek to avoid the
12  payment of taxes that the State seeks to collect.[5]  To the contrary, as DOR admits, the State
13  has not assessed any tax on Amazon, and it may never do so.  Furthermore, as detailed below,
14  DOR now admits that the information sought by the requests that Amazon is challenging is
15  not necessary for the State's ongoing audit of Amazon.  Thus, the relief Amazon requests
16  simply would not "operate[] to reduce the flow of state tax revenue." *Hibbs*, 124 U.S. at 106.

17         Moreover, Amazon has not sought any relief that would interfere with the assessment
18  of any sales tax on Amazon.  As the Court in *Hibbs* explained at length, "[i]n § 1341 and tax
19  law generally, an assessment is closely tied to the collection of a tax, *i.e.,* the assessment is the
20  official recording of liability that triggers levy and collection efforts." *Hibbs*, 542 U.S. at 101.
21  The Court rejected Arizona's argument that "the term 'assessment,' by itself, signified '[t]he

---

[5] DOR acknowledges that it has not assessed any tax on Amazon, eliminating any claim that Amazon seeks to interfere with the "levy or collection" of a tax.  *See, e.g.,* DOR Mot. at 17 (DOR "could determine that Amazon lacks the requisite nexus with North Carolina and decide not to issue an assessment against Amazon."); Woodard Decl. at 6, ¶ 15 (explaining that DOR "would assess taxes at the highest rate and it would then be up to Amazon to challenge the assessment. . .").

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

entire plan or scheme fixed upon for charging or taxing,'" because that construction would

render the statutory words "levy" and "collection" superfluous. *Id.* (internal citation omitted).

DOR's Motion ignores *Hibbs* entirely and, in doing so, ignores the Court's directive

that the Act applies only to claims that would "operat[e] to reduce the flow of state tax

revenue." *Hibbs*, 542 U.S. at 106. Instead, DOR relies on the grossly inaccurate premise that

the Act prohibits "claims for relief that risk disrupting state tax administration" (Mot. at 2)

and inapplicable dicta from pre-*Hibbs* cases suggesting that the Act is "'a broad jurisdictional

impediment to federal court interference with the administration of state tax systems.'" (Mot.

at 10 (*quoting Dillon v. Montana*, 634 F.2d 463, 466 (9th Cir. 1980)).) But the Court in *Hibbs*

soundly rejected the argument that the Act "totally immunizes from lower federal-court

review 'all aspects of state tax administration, and not just interference with the collection of

revenue.'" *Id.* at 106-07 (*distinguishing California v. Grace Bretheren Church*, 457 U.S. 393

(1982) (seeking to enjoin, *inter alia*, collection of state unemployment tax)). In response to

Arizona's similar argument, the Court found that "[n]owhere does the legislative history

announce a sweeping congressional direction to prevent 'federal-court interference with all

aspects of state tax administration.'" *Id.* at 104 (internal citation omitted).

The relief Amazon seeks – to enjoin the disclosure of personally identifiable

information about its customers and their purchases of expressive materials – does not

resemble that sought in *Blangeres v. Burlington Northern, Inc.*, 872 F.2d 327 (9th Cir. 1989)

(per curiam) (Mot. at 10), in which railroad employees sued to enjoin their employer from

disclosing basic financial information such as *earnings records* to state taxing authorities. An

injunction would have completely prevented states from knowing the dollar amount of taxable

wages, and "would thus 'restrain assessment' of state taxes." *Id.* at 328. By contrast,

Amazon provided DOR detailed financial information, including the exact dollar amounts of

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

all of Amazon's 50 million transactions during the relevant time period, as well as the city, county, and postal code for each purchase.  (Zapolsky Decl. at 3-4, ¶ 10; Galbreath Decl. at 2-3, ¶ 7.)

DOR fails to explain how Amazon's refusal to disclose its customer names and addresses, beyond the city, county and postal code of purchase or delivery already provided, is inadequate or could possibly interfere with DOR's assessment of a sales tax against Amazon.  (Mot. at 5 (purpose of "this examination . . . [is] to determine *whether Amazon is required* to collect and remit North Carolina sales taxes").)  Of the three specific reasons DOR's declarant mentions for its request (Woodard Decl. at 3, ¶ 8), only one of those reasons, the location of the sales, has anything to do with a sales tax potentially owed by Amazon, the seller.  But DOR already knows from Amazon the city or county and postal code for each shipment in the State, and the dollar amount of each sale, (Zapolsky Decl. at 3-4, ¶10; Galbreath Decl. at 2-3. ¶ 7), information that by definition is sufficient to allow DOR "to identify the location of the sales for purposes of determining the correct rate of local tax . . ." (Woodard Decl. at 3, ¶ 8).

DOR says it "is also collecting use tax data *in the event* a decision is made to allocate resources to assess use taxes against North Carolina customers who failed to report their purchases."  (Woodard Decl. at 7, ¶ 17 (emphasis added).)  In the same breath, however, DOR admits it is *not* now in the process of assessing use taxes on Amazon's customers or sales taxes on resellers – and may never be.[6]  Accordingly, the relief requested in Amazon's

---

[6] In the event DOR eventually decides to assess use taxes on all of Amazon's North Carolina customers, it would be required, at a minimum, to substantially narrow any information request to Amazon, including eliminating any demand for specific product information about expressive content.  *United States v. C.E. Hobbs Found.*, 7 F.3d 169, 173 (9th Cir. 1993) (where a summons in a tax inquiry "burdens the exercise of [First Amendment rights]," the tax authority's action "will be upheld 'only upon demonstration that a compelling governmental interest warrants the burden, and that less restrictive means to achieve the government's ends are not available'").  (Mot. 21-22.)  (*See also* Pl.'s Mot. Summ. J. 16.)

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200  ·  1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150  ·  Fax: (206) 757-7700

Complaint – to protect against the disclosure of customer's names, addresses, and choices of books, movies and other expressive material – would not "reduce the flow of state tax revenue." *Hibbs*, 542 U.S. at 106. The Complaint therefore does not trigger the Tax Injunction Act, and DOR's Motion should be denied.

### 2. The Proceedings Under N.C. Gen. Stat. § 105-258 Do Not Meet the Minimal Procedural Criteria Under the Tax Injunction Act.

Even if Amazon's Complaint somehow fell within the purview of the Act, North Carolina does not provide the "plain, speedy and efficient remedy" required before the Act applies. *See* 28 U.S.C. § 1341. Under this clause, "the party challenging the state tax must receive 'a full hearing and judicial determination' in which that party may assert federal rights." *May Trucking Co.,* 388 F.3d at 1270 (internal citation omitted). DOR argues that North Carolina law specifies the *only* applicable hearing process in N.C. Gen. Stat. § 105-258 "at which Amazon may raise any objections to the information requested by" DOR. (Mot. at 13.) A proceeding under § 105-258, however, does not satisfy two procedural requirements of the Tax Injunction Act.

*No Certain Hearing.* "For state-court remedies to be 'plain,' the procedures available in state court must be certain." *May Trucking Co.*, 388 F.3d at 1271. When, under state law, the "availability of remedy [is] uncertain . . . the Tax Injunction Act [does] not apply to bar federal jurisdiction." *Direct Marketing Ass'n v. Bennett,* 916 F.2d 1451, 1453 (9th Cir. 1990) (citing additional cases). In *Direct Marketing,* the Ninth Circuit rejected the notion that a state tax remedy was "certain" where the sole state process for plaintiffs to present constitutional challenges to a state sales and use tax was to wait until the taxing authority issued a determination of liability. *Id.* at 1457. The Court found that "the mere possibility that [plaintiffs] may receive determinations does not render certain the availability of a

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200  · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

remedy." *Id.*; *see also Retirement Fund Trust v. Franchise Tax Bd.*, 909 F.2d 1266, 1273-74 (9th Cir. 1990) (no adequate remedy where trust fund was required to await the issuance of assessments before invoking state process).

Amazon is in the same position as the plaintiffs in both *Direct Marketing* and *Retirement Fund.* DOR has made abundantly clear that it may *never* give Amazon a state forum of any kind to question DOR's information demands. (Def.'s Mot. to Dismiss 17 (DOR "has not decided whether to issue a summons against Amazon or what information any such hypothetical summons might request."); *see also* Woodard Decl. at 8, ¶ 19 ("If a taxpayer refuses to provide information . . . North Carolina revenue laws authorize the Secretary to issue a summons for the information and to apply to the North Carolina courts for enforcement. . . This audit has not reached that stage and it may never do so.").) As in *Direct Marketing* and *Retirement Fund*, the state proceeding is "uncertain" under the Act because DOR may withhold the only forum designated for disputes by allowing the investigation to drag on, exacerbating and compounding the injury presently caused by its demands for personal information and its repeated refusal to agree not to seek such information in the future.

Although Amazon and its customers are currently suffering a cognizable injury to their First Amendment rights from DOR's open threat to compel Amazon to disclose its customers' purchases and their identities, the hearing established by N.C. Gen. Stat. § 105-258 provides no mechanism for Amazon to commence an action or mitigate its loss. The absence of a clearly available forum under the relevant state law for Amazon to initiate a challenge to the current audit process also threatens to undermine future Amazon customer purchase decisions for fear that DOR may at any time demand additional names and addresses of customers who have made these purchases. The existence of the sole state process

PL.'S OPP'N TO MOT. TO DISMISS  (No. 10-CV-00664) — 13

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

identified by DOR is thus purely speculative, may never occur, and is wholly within DOR's control – clearly not the certain, plain remedy required by the Act.

**Inadequate State Process**.  The process contemplated and provided by North Carolina law to challenge DOR's information requests grants the Secretary power to issue a summons for information, and, "[i]f any person so summoned refuses to obey such summons or to give testimony when summoned, the Secretary may apply to the Superior Court of Wake County for an order requiring such person or persons to comply . . . and the failure to comply with such court order shall be punished as for contempt."  N.C. Gen. Stat. § 105-258(a).  The statute specifies no further details about any required process.  Instead, the summons process under § 105-258 "establishes a proceeding of a civil nature with its own specialized procedure that *supplants the Rules of Civil Procedure*," *In re Summons to Ernst & Young, LLP*, 684 S.E.2d 151, 156 (N.C. 2009) (emphasis added), and is a power "analogous to that held by a grand jury."  *State v. Davis*, 386 S.E.2d 743, 746 (N.C. 1989).  In addition to lacking any rules of procedure, the enforcement process gives the party subject to the summons *no* explicit rights of any kind to appear or be heard.  Rather than providing a full hearing, "the task before the court in a summons enforcement proceeding is *summary in nature* and relatively uncomplicated.  *The court does not extensively weigh or resolve any significant conflicts in the evidence.*"  *Ernst & Young*, 684 S.E.2d at 154 (emphasis added).  This summary process (in the event DOR ultimately decides to invoke it) is designated for the resolution of DOR's information demands and simply would not assure Amazon an opportunity to fully present its claims.  It does not constitute an adequate remedy under the Act.

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

**C.    Comity Concerns Are Not Implicated Where Constitutional Issues, Not Matters of Taxation, Are Before the Court.**

In addition to the Act, DOR argues that comity for the State bars Amazon's Complaint (Mot. at 15) but fails to explain how Amazon's Complaint – or the relief requested – trigger that doctrine.  Considerations of comity are inapplicable and would not require dismissal.

The Supreme Court recently affirmed that a federal court may dismiss a case asking it "to pass on the constitutionality of state taxation of commercial activity."  *Levin v. Commerce Energy, Inc.*, 130 S. Ct. 2323 (2010); *see also Great Lakes Dredge & Dock Co. v. Huffman*, 319 U.S. 293 (1943) (denying jurisdiction on comity grounds over complaint seeking to declare a state unemployment compensation tax unconstitutional).  The plaintiffs in *Levin* sought a declaration that tax exemptions granted under state law to their competitors were unconstitutionally discriminatory.  *Levin*, 130 S. Ct. at 2328.  Of course, unlike the relief requested in *Levin* or *Great Lakes*, Amazon has not asked this Court to determine the constitutionality of North Carolina's taxation of commercial activity or in any way to "reshape" the state tax code.  *Levin*, 130 S. Ct. at 2335-36.  The principle of comity articulated in *Levin* thus has no bearing on this case.  *See also Hibbs*, 542 U.S. at 107 n.9 ("We note, furthermore, that this Court has relied upon 'principles of comity' to preclude original federal-court jurisdiction *only* when plaintiffs have sought district-court aid in order to arrest or countermand state tax collection.") (emphasis added).

DOR's comity argument is also meritless because there is no state forum to which this Court could defer.  As partially codified by the Tax Injunction Act, the doctrine of comity applies in disputes over state taxation where the state provides an adequate forum for the resolution of the federal claims.  *See, e.g., Levin*, 130 S. Ct. at 2334 ("[L]imitations on the remedial competence of lower federal courts counsel that they refrain from taking up cases of

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

this genre, *so long as state courts are equipped fairly to adjudicate them.*") (emphasis added). As explained above in Section II.B.2, no procedural mechanism currently exists for Amazon to present its arguments; if and when DOR initiates enforcement proceedings, such a summary process would not assure Amazon a fair hearing.  This Court cannot defer to a summary state proceeding that has not been – and may never be – initiated by the State.  No doctrine of comity suggests that a federal court should dismiss a complaint when doing so would deprive the plaintiff of a certain forum for the fair hearing and resolution of its claims.

Contrary to DOR's view of the federal courts, the Supreme Court recognizes "the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them," *Colorado River Water Cons. Dist. v. United States*, 424 U.S. 800, 817 (1976), and that "constitutional challenges based on the first amendment right of free expression are the kind of cases the federal courts are particularly well-suited to hear.  That is why abstention is generally inappropriate when first amendment rights are at stake." *J-R Distributors, Inc. v. Eikenberry*, 725 F.2d 482, 487 (9th Cir. 1984), *overruled on other grounds,* 472 U.S. 491 (1985);[7] *see also Yniguez v. Arizonans for Official English*, 42 F.3d 1217, 1227 (9th Cir. 1994) ("[A] federal court should abstain only in exceptional circumstances, and should be especially reluctant to abstain in First Amendment cases.") (internal citations omitted).  North Carolina courts are *not* "better positioned than [its] federal counterparts" to decide the federal constitutional and statutory issues presented here.  (Mot. at 15.)  Technical questions, such as application of "exemptions and preferential rates," "statutory presumptions" or "records extension retention requirements," are not, as DOR urges, central to this case.  (*Id.*)  Rather, this case turns on whether DOR has demonstrated a compelling nexus between the personal

---

[7] The principles underlying comity and abstention are inextricably intertwined and involve the same considerations.  *See City and County of San Francisco v. Assessment Appeals Bd. for City and County of San Francisco, No. 1*, 122 F.3d 1274, 1277-78 (9th Cir. 1997) ("[C]omity is a doctrine of discretionary abstention.  '[W]here important federal interests are at stake ..., comity yields.'") (internal citations omitted).

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1   information of customers who purchased expressive material and an audit of Amazon's

2   compliance with the State's sales tax sufficient to justify this wholesale invasion of First

3   Amendment rights.

4

5       **D.     Amazon's Complaint States Cognizable Claims.**

6       DOR only halfheartedly argues that Amazon has failed to state a cognizable claim and

7   instead leapfrogs to the merits.  Yet not only has Amazon pled valid claims sufficient to

8   survive a motion under Rule 12(b)(6), it has demonstrated with its motion under Rule 56(c)

9   that the material facts not in dispute entitle it to judgment on those claims.  (*See* Pl.'s Mot.

10  Summ. J., Dkt. 44.)

11      On a motion to dismiss for failure to state a claim, "we presum[e] that general

12  allegations embrace those specific facts that are necessary to support the claim." *Lujan v.*

13  *Defenders of Wildlife*, 504 U.S. 555, 561 (1992).  Moreover, "Rule 12(b)(6) motions are

14  generally viewed with disfavor and are rarely granted." *Leadbetter v. Comcast Cable*

15  *Commc'ns, Inc.*, 2005 WL 2030799, at *3 (W.D. Wash. Aug. 22, 2005).

16      A complaint must contain factual allegations that demonstrate the pleader is entitled to

17  relief and must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.

18  Ct. 1937, 1949 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A court

19  must accept all facts alleged in a complaint as true and draw reasonable inferences in support

20  of the plaintiff.  *al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009).  Therefore, a court

21  must deny a motion to dismiss if the claim "may be supported by showing any set of facts

22  consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 546.  Amazon's

23  Complaint more than meets these standards, and the Court should deny DOR's Motion.

24

25

26

27

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1  **1. Amazon States a Cognizable Claim Under the First Amendment and the Washington State Constitution.**

2

3    Count I of Amazon's Complaint pleads that the First Amendment and the Washington

4  State Constitution "protect[ ] the right to distribute, sell, purchase and receive lawful

5  expressive materials free from government scrutiny." (Compl. at 11, ¶ 41.)  DOR's Motion

6  does not challenge the existence of those rights, nor could it in light of the significant

7  precedent demonstrating those rights under different facts.  *See, e.g., McIntyre v. Ohio*

8  *Elections Comm'n*, 514 U.S. 334, 357 (1995) ("[a]nonymity is a shield from the tyranny of

9  the majority" for expressive activity protected by the First Amendment); *In re Anonymous*

10  *Online Speakers,* 2010 WL 2721490, at *2-3 (9th Cir. July 12, 2010) (*quoting and following*

11

12  *McIntyre*); (*see also* Pl.'s Mot. Summ. J., Dkt. 44, at 8-13 (citing and discussing additional

13  cases)).  Amazon likewise alleges detailed, plausible facts that show DOR continues to violate

14  those rights.  (*See*, *e.g.*, Compl. at 7-8, ¶¶ 23-32.)

15    DOR instead relies on cases that go to the weight of the government's interest in its

16  tax system (Mot. at 21-22) and a witness declaration, notwithstanding that it seeks relief under

17  Rule 12(b)(6), which allows consideration only of matters within the four corners of the

18  Complaint.  Any governmental interests that may be relevant to the *merits* of Amazon's

19  claims have no bearing on whether Amazon has *pled* a cognizable claim.  The merits of

20  whether DOR has met the heightened standard that applies where, as here, compelled

21  disclosure implicates First Amendment rights, are more properly addressed in the context of

22  Amazon's Motion for Summary Judgment, to which the Court is respectfully referred.

23

24    Because Amazon has pled cognizable claims under the First Amendment, Amazon has

25  necessarily pled claims under the Washington State Constitution.  The Washington State

26  Constitution provides even broader protection for speech than the First Amendment in cases

27

PL.'S OPP'N TO MOT. TO DISMISS  (No. 10-CV-00664) — 18

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200  ·  1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150  ·  Fax: (206) 757-7700

involving expressive speech.  *See, e.g.*, *JJR Inc. v. City of Seattle*, 126 Wash. 2d 1, 8 n6, 891 P.2d 720, 723 n.6 (Wash. 1995) (*en banc*) ("[I]t is well settled that article 1, section 5 of the Washington State Constitution provides broader free speech protection than the first amendment to the United States Constitution.").  (Pl's Mot. Summ. J. at 8-9.)

### 2.   Amazon States a Prima Facie Claim Under the Video Privacy Protection Act.

DOR's argument that Amazon fails to state a claim under the Video Privacy Protection Act ("VPPA") merely repeats its arguments that ripeness and the Tax Injunction Act bar Amazon's claims.  *See* 18 U.S.C. § 2710.  Those arguments are discredited above and have no bearing on a motion to dismiss for failure to state a claim under Rule 12(b)(6). Amazon has plainly stated that "[t]o the extent that the DOR seeks Customer Data as to Amazon's sales of video material, the March Information Request conflicts with and violates" the VPPA.  (Compl. at 13, ¶ 48.)  The Complaint further explains that DOR has failed to satisfy any of the prerequisites for such disclosures required by the VPPA, and that compliance with DOR's requests will cause Amazon to violate the statute.  (Compl. at 13, ¶¶ 51-56.)  The Complaint thus states a claim for relief under the VPPA.  *See, e.g.*, *Dirkes v. Borough of Runnemede*, 936 F. Supp. 235, 239 n.4 (D.N.J. 1996) ("Under the plain language of the Act, the Court finds that the Plaintiffs can show that they are 'aggrieved' by showing a violation of the Act.  No additional proof of harm is required").  (*See also* Pl.'s Mot. for Summ. J. at 20-22.)

### III.   CONCLUSION

For the foregoing reasons, DOR's Motion to Dismiss should be denied.

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Respectfully submitted this 2nd day of August, 2010.

DAVIS WRIGHT TREMAINE LLP

s/ Steven P. Caplow
Steven P. Caplow, WSBA #19843
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
Tel:        (206) 622-3150
Fax:        (206) 757-7700
Email:      stevencaplow@dwt.com

Laura R. Handman (*pro hac vice*)
Robert G. Scott, Jr. (*pro hac vice*)
Elizabeth J. Soja (*pro hac vice*)
1919 Pennsylvania Avenue, NW, Suite 800
Washington, D.C. 20006
Tel: (202) 973-4225
Fax: (202) 973-4499
Email:      laurahandman@dwt.com
            bobscott@dwt.com
            elizabethsoja@dwt.com

*Attorneys for Amazon.com LLC*

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

## CERTIFICATE OF SERVICE

I hereby certify that on August 2 2010, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system, which will send notification of such filing to all

parties listed to receive electronic notice in this case.

DATED this 2nd day of August, 2010.

DAVIS WRIGHT TREMAINE LLP


By:   s/  *Steven P. Caplow*
Steven P. Caplow, WSBA #19843
1201 Third Avenue, Suite 2200
Seattle, Washington  98101-3045
Tel.:        (206) 757-8018
Fax:        (206) 757-7018
E-mail:     stevencaplow@dwt.com

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700