THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMAZON.COM, LLC,

                        Plaintiff,

        v.

KENNETH R. LAY, in his official capacity
as Secretary of the North Carolina Department
of Revenue,

                        Defendant.

No.  10-cv-00664-MJP

**SECOND DECLARATION OF
H. ALAN WOODARD IN SUPPORT
OF NC REVENUE'S RESPONSE
TO AMAZON'S SUMMARY
JUDGMENT MOTION**

I, H. Alan Woodard, do hereby depose and say as follows:

1.  I have previously provided a Declaration in this matter and provide this Second Declaration in Response to Amazon's Motion for Summary Judgment.   The information provided in that Declaration is hereby incorporated herein by reference.

**N.C. Department of Justice**
Post Office Box 629
Raleigh, North Carolina  27602
(919) 716-6900   Fax (919) 716-6763

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2.  As explained in the previous Declaration, when NC Revenue conducts a sales and use tax audit, it typically requests certain general information about the purchase and sales transactions in order to determine taxability, including the name and address of the purchaser and the name and address of the party to whom the product is shipped, if they are different.  *See, e.g.,* Woodard Decl., ¶ 8.

3.  This information is requested for a number of reasons.  This information is absolutely essential to the Department's ability to determine if any use tax should be assessed against the purchasers.

4.  This information is also relevant to the proper determination of sales tax liability.  First, customer information is necessary in order to determine the applicability of certain exemptions under North Carolina law.  *See, e.g.*, Woodard Decl., ¶ 6.  In addition, this information is also useful when the Department decides circumstances make it appropriate to verify that certain transactions as reported by the taxpayer actually occurred or occurred as reported.  In order to obtain verification of transactions in question, the Department may contact some or all of the taxpayer's customers, depending on the particular facts and circumstances.

5.  In addition, the Department obtains customer information to aid in the determination of the responsible party for the taxable transaction.  For example, this information is relevant in the context of a sale for resale.  If a taxpayer under audit provides a properly executed certificate of resale, the liability on that transaction is transferred to the purchaser.  In order to determine the proper party liable for the tax, the Department must match the information on the certificate of resale with the customer information to determine the accuracy and validity of the certificate.

SECOND DECLARATION OF WOODARD - 2
10-cv-00664-MJP

**N.C. Department of Justice**
Post Office Box 629
Raleigh, North Carolina  27602
(919) 716-6900   Fax (919) 716-6763

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

6.   Often the taxpayer does not provide a certificate of resale during the course of audit.  In these situations, the Department generally provides the taxpayer with working papers and asks the taxpayer to indicate any transactions that it believes are exempt, including any that would be exempt as a sale for resale.  If the taxpayer claims any sales for resale, the Department would then verify the accuracy of the certificates, including whether the purchasers were properly registered for North Carolina sales and use tax purposes.  Customer information is needed for these functions.  Even though Amazon contends it is not required to collect sales taxes for sales to North Carolina customers, it would likely want to reduce its potential tax liability by asserting, in the alternative, an exemption for sales for which it could after-the-fact produce certificates of resale.  Certificates of resale can substantially reduce a seller's tax liability.

7.   Even in cases such as this, where the taxpayer disputes its liability, the Department makes every effort to arrive at the correct amount of liability in the event that the taxpayer is ultimately determined to be liable for the tax.

8.   In the event certificates of resale are produced, the Department may then institute an audit of the purchaser to determine its proper sales and use tax liability after conducting a preliminary investigation regarding that purchaser.  As part of the preliminary investigation, the Department would look at the purchaser's sales and use tax reports filed with North Carolina, which would include information regarding the taxpayer's gross receipts and amount of tax paid.  The Department may also look at the 10-Ks filed with the SEC.  If the Department conducted an audit, the Department would, for example, verify whether the purchaser resold the product or whether it used the property in the regular course of its business operations.  If the purchaser used the property in its business, this would indicate that the certificate was issued improperly and that use tax was due on the transaction (if the seller accepted the certificate in good faith).

SECOND DECLARATION OF WOODARD - 3
10-cv-00664-MJP

The assessment of sales and use taxes is a fact-intensive process.  Exemptions and liability often turn on narrow factual distinctions regarding the nature of the transaction, the character of the parties to the transactions or the taxpayer's business operations.  Customer names and addresses often provide important information in the context of sales tax liability.  Of course, as previously stated, customer information is absolutely essential to the determination of use tax liability.

9.    In the use tax context, another purpose for obtaining the "bill to" and "ship to" name and address is to determine whether the purchaser can be assessed use tax.  Generally, under North Carolina law, where the sales tax is not collected, the purchaser is liable for the use tax.  There may be circumstances, however, where the purchaser cannot be assessed use tax liability.  For example, if a North Carolinian purchased a product and had it shipped to a resident of New York, the Department would generally assess use tax on the North Carolina purchaser.  If the transaction were reversed, however, and a New York resident purchased the product and had it shipped to a North Carolina resident, the Department would generally not assess use tax against the New York resident.   Again, these determinations are highly fact dependent.

10.     The Department is currently involved in an Internet Transaction Resolution Program ("ITRP").  *See* Exhibit 1.  In connection with that program, the Department contacted internet retailers in an effort to resolve their sales and use tax liability to the State of North Carolina.  The Department has informed all internet retailers that, if they sign up for and successfully complete the program by agreeing to collect sales taxes, the Department will not exercise its authority to gather information about their customers in order to collect use taxes.  The ACLU has asserted, citing my previous Declaration, that the Department has "threatened" to issue "overbroad information requests . . . that encompass details about individuals' purchases of expressive and private items" to internet retailers that do not participate in the program.  These

SECOND DECLARATION OF WOODARD - 4
10-cv-00664-MJP

**N.C. Department of Justice**
Post Office Box 629
Raleigh, North Carolina  27602
(919) 716-6900   Fax (919) 716-6763

assertions are incorrect.   As explained in my previous Declaration, the Department has not requested expressive content from any taxpayer, including internet retailers.   Nor is this the type of information that the Department would seek in connection with an information request to non-participating internet retailers.   Again, as previously explained, the Department would simply seek general information sufficient to determine the taxability and rate of tax applicable to each transaction and customer names and addresses.   As previously explained, there are not differential tax rates or exemptions relating to pornography, political views or other expressive content.

11.     As also previously explained, the Department has requested that Amazon provide more general product codes and has offered to return the disks with the ASIN numbers in exchange for more generic descriptions.   Amazon has asserted in one of its Declarations that it "does not maintain sales records for specific items in its systems by more generic product codes."   Galbreath Decl. ¶ 8.   After Amazon provided the Department with the disks, the Department discovered that, beginning in June of 2008, Amazon included what it called "product tax codes" for each transaction.   The product tax code consisted of a five-digit number.   The five-digit product tax code or "PTC" relates to a "description" field.   The description field uses terms such as "General Books," "Digital Books," "Music Downloads," "General Food," "Candy" and "Candy with Flour."   Unlike ASIN numbers, this type of more general product information is relevant to the North Carolina sales and use tax statutory scheme (and that of any state that is a member of the Streamlined Sales Tax Project).

12.     Amazon to date has not provided similar information for any of the other periods under audit.   Based on preliminary estimates, Amazon's sales tax liability to North Carolina is in the ballpark of $50,000,000 without interest and penalties.   Because Amazon has failed to file

SECOND DECLARATION OF WOODARD - 5
10-cv-00664-MJP

**N.C. Department of Justice**
Post Office Box 629
Raleigh, North Carolina  27602
(919) 716-6900   Fax (919) 716-6763

and pay, it is facing substantial penalties.  It is widely recognized that states are losing substantial sums of tax revenue as a result of internet retailers failing to collect sales taxes.  The most recent estimates establish that North Carolina will lose $162 million in 2010 alone from un-taxed e-commerce sales.  52 State Tax Notes 537 (May 18, 2009).

13.    In an effort to bring internet retailers like Amazon into compliance with North Carolina law, the Department has offered to waive tax, interest and penalties for all years prior to 2010 if the retailer agrees to collect taxes for a period of four years, beginning in September 2010.  Amazon has been offered this opportunity but has elected not to participate.

SECOND DECLARATION OF WOODARD - 6
10-cv-00664-MJP

**N.C. Department of Justice**
Post Office Box 629
Raleigh, North Carolina  27602
(919) 716-6900   Fax (919) 716-6763

1   Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United

2   States that the foregoing is true and correct to the best of my knowledge, and that the foregoing

3   declaration was executed on August 2, 2010.

4   By: _____

5   H. Alan Woodard, Director Examination Division

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SECOND DECLARATION OF WOODARD - 7
10-cv-00664-MJP

N.C. Department of Justice
Post Office Box 629
Raleigh, North Carolina 27602
(919) 716-6900   Fax (919) 716-6763

# EXHIBIT 1





# North Carolina
# Department of Revenue

| Home | About Us | What's New | Electronic Services | Tax Forms | Search | | go |

> Individual    > Tax Information    > Sales and Use / Machinery

## Internet Transactions Resolution Program

The North Carolina Department of Revenue is collaborating with e-commerce retailers that have operated affiliate programs in the state to resolve issues of tax liability and to promote equal treatment of all businesses in the State. The Internet Transactions Resolution Program (Program) is the result of cooperative discussions between the Department and a number of e-commerce retailers.

Any retailer that failed to register for sales and use tax as a result of operating an affiliate program in North Carolina at any time is eligible to participate in the Program. Participants may resolve their prior tax liability by registering for sales and use tax and agreeing to collect and remit those taxes for four years, beginning September 1, 2010.

The Department of Revenue agrees not to assess tax, penalties or interest for periods prior to September 1, 2010 for retailers that successfully complete the program. For participants in the Program, the Department also agrees to not exercise its authority to obtain consumer information from the retailer to collect a tax liability for the period prior to September 1, 2010.

The program will begin on April 23, 2010. Eligible retailers must submit an election to participate in the Program by June 30, 2010. A resolution agreement must be signed by both the retailer and Department by August 31, 2010.

Interested retailers can obtain additional information about the Program by contacting:

Patrick Healy (919) 715-9905          Romey McCoy (919) 715-9907
patrick.healy@dornc.com               romey.mccoy@dornc.com

For retailers that fail to participate and are subject to nexus filing requirements, the Department will assess all applicable tax, penalties and interest. Applicable penalties will not be waived. There is no statute of limitations for sales tax liability if a retailer has never registered and filed sales tax returns.

The following resources provide additional information about sales and use tax and the Program:

- Election to Participate
- Resolution Agreement
- Frequently Asked Questions about Internet Transactions Resolution Program
- Overview of Sales and Use Tax
- Frequently Asked Questions about Sales and Use Tax
- Online Business Registration
- Form NC-BR, Business Registration