The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM LLC, | No. 2:10-cv-00664-MJP |
| Plaintiff, | **AMAZON'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| KENNETH R. LAY, in his official capacity as Secretary of the North Carolina Department of Revenue, | **NOTE ON MOTION CALENDAR:** |
| | **AUGUST 6, 2010** |
| Defendant. | **ORAL ARGUMENT REQUESTED** |

AMAZON'S REPLY SUMM. J. (No. 2:10-cv-00664)

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

## TABLE OF CONTENTS

Page

I. SUMMARY ................................................................................................................ 1

II. ARGUMENT ............................................................................................................. 2

    A. DOR's Response Confirms The Material Facts Supporting Summary Judgment For Amazon ........................................................................................ 2

        1. DOR demanded Amazon disclose "all information for all sales." .............. 2

        2. Amazon provided information reasonably obtainable from its records ....... 3

        3. DOR's demand is ongoing. ......................................................................... 4

        4. DOR's actions chill First Amendment freedom ......................................... 5

    B. The Court Has Jurisdiction To Address Amazon's Constitutional and Federal Statutory Claims ................................................................................. 6

    C. DOR Does Not Claim Any Governmental Interest In The Precise Information It Seeks, Nor A Connection Between That Information And Its Audit Of Amazon, Sufficient To Justify Its Wholesale Invasion Of The First Amendment Rights Of Millions Of Amazon Customers ................................... 9

    D. Amazon Is Entitled To Judgment On Its VPPA Claim ..................................... 12

III. CONCLUSION ........................................................................................................ 12

AMAZON'S REPLY SUMM. J. (No. 2:10-cv-00664) – i

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Elrod v. Burns*,
   427 U.S. 347 (1976) ............................................................................................... 8

*Ex parte Young*,
   209 U.S. 123 (1908) ............................................................................................... 7

*Ferrel v. Brown*,
   847 F. Supp. 1524 (W.D. Wash. 1993), *aff'd*, 40 F.3d 1049 (9th Cir. 1994) ........... 7

*In re Grand Jury Subpoena Dated June 5, 1985*,
   825 F.2d 231 (9th Cir. 1987) ................................................................................ 10

*In re Grand Jury Subpoena to Amazon.com Dated August 7, 2006*,
   246 F.R.D. 570 (W.D. Wis. 2007) ............................................................... 4, 5, 8-10

*Lopes v. Resolution Trust Corp.*,
   155 F.R.D. 14 (D.R.I. 1994) ................................................................................... 8

*Reisman v. Caplin*,
   375 U.S. 440 (1964) ............................................................................................... 8

*Secretary of State of Maryland v. Joseph H. Munson Co.*,
   467 U.S. 947 (1984) ............................................................................................... 7

*United States v. Rumely*,
   345 U.S. 41 (1953) ................................................................................................. 2

*United States v. Salter*,
   432 F.2d 697 (1st Cir. 1964) .................................................................................. 9

*United States v. Stevens*,
   130 S. Ct. 1577 (2010) ........................................................................................... 5

*United States v. Trader's State Bank*,
   695 F.2d 1132 (9th Cir. 1983) .............................................................................. 11

*Virginia v. American Booksellers Ass'n*,
   484 U.S. 383 (1988) ............................................................................................ 7, 8

*Wersal v. Sexton*,
   2010 WL 2945171 (8th Cir. July 29, 2010) ............................................................ 7

AMAZON'S REPLY SUMM. J. (No. 2:10-cv-00664) – ii

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

**STATE CASES**

*In re Summons to Ernst & Young, L.L.P.*,
    684 S.E.2d 151 (N.C. 2009) ............................................................................................. 9

**FEDERAL STATUTES**

18 U.S.C. § 2710(b)(2)(F)(i) ("Video Privacy Protection Act") ................................................ 12

26 U.S.C. § 7609 .......................................................................................................................... 9

28 U.S.C. § 1331 .......................................................................................................................... 7

**STATE STATUTES**

N.C. Gen. Stat. § 105-258 ............................................................................................................ 9

**CONSTITUTIONAL PROVISIONS**

U.S. Const. amend. I ............................................................................................................ *passim*

Article I, §§ 4 and 5 of the Washington State Constitution ....................................................... 12

**OTHER AUTHORITIES**

2 S. Beale & W. Bryson, Grand Jury Law and Practice, § 7:01 ................................................ 10

AMAZON'S REPLY SUMM. J. (No. 2:10-cv-00664) – iii

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

## I. SUMMARY

From the many pages written in the short life of this case, several undisputed guideposts emerge that lead to summary judgment for Amazon.com LLC ("Amazon"):

- There are no material facts in dispute: The North Carolina Department of Revenue ("DOR") demanded "all information about all sales"; Amazon gave the information DOR demanded, including the titles of every book, CD and DVD purchased, excluding only personally identifiable information about customers; and DOR has neither withdrawn that demand nor committed to refrain from requesting it in the future.

- When the government, for any reason, demands the names of purchasers of identifiable expressive content, it implicates the First Amendment rights of Amazon and its customers.

- The chilling effect on the exercise of these rights is happening *now*, as evidenced by the declarations of the seven Intervenors who say that the threat of disclosure is having and will continue to have a chilling effect on their willingness to buy from Amazon – a sentiment long expressed to Amazon by its customers.

- When First Amendment interests are implicated, the government seeking the information must show that it has a compelling interest in the information and that there is a sufficient nexus between the inquiry and the specific information sought.

- DOR does not, by its own admission, need customer names for its audit of Amazon's compliance with state sales tax – the only tax audit currently underway. Customers' names would become relevant only "in the event" DOR decided to initiate a new set of tax inquiries: use tax investigations of North Carolina customers who might have failed to report their purchases. DOR, however, insists that that decision has not been made and may never be

AMAZON'S REPLY SUMM. J. (No. 2:10-cv-00664) — 1

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

made. With respect to the audit in process – Amazon's – DOR concedes that the information about purchases of expressive works "is of absolutely no value" and is not "relevant" to its "tax investigation of Amazon and its customers." (Def.'s Mot. Dismiss, Dkt. # 43, at 6, 8.)

DOR fails to demonstrate a compelling interest in obtaining the names of customers who purchased tens of millions of expressive works or a nexus between that information and an audit of Amazon sufficient to justify the wholesale invasion of First Amendment rights. As much as DOR attempts to recast this claim as all about taxes, it clearly is all about the fundamental right to purchase expressive works anonymously without "the spectre of a government agent… look[ing] over the shoulder of everyone who reads" books, listens to music or watches movies. *United States v. Rumely*, 345 U.S. 41, 57-58 (1953) (Douglas, J.). Amazon is therefore entitled to judgment as a matter of law and a declaration that DOR's demand for detailed customer purchase histories, along with their names and addresses, violates the First Amendment to the United States Constitution, the Washington State Constitution and the Video Privacy Protection Act ("VPPA").

## II. ARGUMENT

### A. DOR's Response Confirms The Material Facts Supporting Summary Judgment For Amazon

DOR's Response does not demonstrate any genuine issue of material fact with respect to Amazon's claims, but instead confirms the key facts that support Amazon's Motion for Summary Judgment.

**1. DOR demanded Amazon disclose "all information for all sales."** To avoid First Amendment heightened scrutiny, DOR repeatedly argues that it "has not, in fact, demanded or sought to compel production of specific titles or any other expressive content." (Def.'s Opp. Mot. for Summ. J., Dkt. # 53, at 8.) Yet, DOR cannot and does not dispute that it demanded in its December Information Request that Amazon provide "all information for all sales to

AMAZON'S REPLY SUMM. J. (No. 2:10-cv-00664) — 2

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

customers with a North Carolina shipping address by month in an electronic format" for all dates between August 1, 2003, and February 28, 2010.  (Decl. of Jennifer Galbreath ("Galbreath Decl."), Dkt. # 45, ¶ 5 & Ex. A.)  DOR cannot and does not dispute that "Amazon provided the DOR with responses to all of the data fields specified by the DOR that were reasonably obtainable from Amazon's records" (Compl., Dkt. #1, ¶ 27), including the order ID number, seller, ship-to city, county, postal code, the amount of the purchase, tax audit record identification, and the Amazon Standard Identification Number (ASIN).  (Galbreath Decl. ¶¶ 2 – 3.)  DOR cannot and does not dispute that when Amazon withheld the customer names and addresses to protect customers' privacy and First Amendment rights, DOR reiterated its demand for information responsive to a DOR checklist that specified not only detailed personal customer information, but the "line item number," "line item code," and "line item description" for each transaction.  (Galbreath Decl. at Ex. B.)

**2. Amazon provided information reasonably obtainable from its records.**  In making its information requests, DOR never told Amazon that it did not want the titles and names of books, movies and music selections.  DOR never said that it wanted any smaller universe of information than the vast quantity of data it explicitly and repeatedly requested.  While acknowledging that Amazon has been "relatively cooperative" (Decl. of H. Alan Woodard ("Woodard Decl. I"), Dkt. # 43, ¶ 19), DOR now criticizes Amazon for making good faith efforts to comply with DOR's wide-ranging, broadly worded requests, going so far as to call Amazon's production of data a "ploy" and a "tactic."  Amazon gave DOR information from "all of the data fields specified by the DOR that were reasonably obtainable from Amazon's records …".  (Galbreath Decl. ¶ 11; Decl. of David A. Zapolsky ("Zapolsky Decl."), Dkt. # 46, ¶ 10.)  The regularly kept business records Amazon used to respond to DOR's requests include a "specific product code for each item purchased" and "sales

AMAZON'S REPLY SUMM. J. (No. 2:10-cv-00664) — 3

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

information for each product" stored by the same specific product code. (Galbreath Decl. ¶ 8.) The report Amazon provided to DOR was in the same format Amazon has used in other sales tax audits; notably, North Carolina is the only state to have demanded personally identifiable customer information.[1]  (Second Decl. of Jennifer Galbreath ("Second Galbreath Decl.") ¶ 3.)

As with other government requests for purchase record information, in response to a federal grand jury subpoena in a tax prosecution in Wisconsin in 2006, Amazon supplied, as here, the information it maintains – the product detail, or ASIN – for all products sold worldwide but withheld personally identifiable customer information.  (Second Galbreath Decl. ¶ 2.)  *See In re Grand Jury Subpoena to Amazon.com Dated August 7, 2006*, 246 F.R.D. 570 (W.D. Wis. 2007).  While acknowledging the government's legitimate interest in the information as a "brick[] in the evidentiary wall" in its prosecution of a third-party seller for tax evasion, the court recognized an overriding "legitimate First Amendment concern" because Amazon's compliance with the subpoena would "permit[] the government to peek into the reading habits of specific individuals without their prior knowledge." *Id.* at 571-72. Instead of deriding Amazon's response as a "tactic," the court did not compel Amazon to turn over the customers' names but instead fashioned a Solomonic solution that required Amazon to notify customers and offer them an opportunity to voluntarily cooperate with the government's investigation, as DOR grudgingly acknowledges in a footnote. (Def.'s Opp. Mot. for S.J. at 10 n.2.)

**3. DOR's demand is ongoing.**  DOR refused to disclaim any future interest in the titles of books, movies and music selections that it now admits are unnecessary to its audit of

---

[1] DOR suggests (Def.'s Opp. Mot. for S.J. at 10 n.3) that Amazon has "general product codes" for sales beginning in 2008.  That is simply not true, as whatever non-ASIN data Amazon has in its records are limited to codes specifically required by five states in which Amazon collects sales tax and are not at the level of detail required to support the taxation of goods in other states.  (Second Galbreath Decl. ¶¶ 4 – 5.)

AMAZON'S REPLY SUMM. J. (No. 2:10-cv-00664) — 4

Amazon. When DOR first stated that it did not need "all information for all sales," but instead something less, Amazon asked for a commitment that DOR would not request this same detailed information in the future. Amazon also requested DOR issue a revised request confirming that Amazon need not provide the names and titles of expressive materials. (Zapolsky Decl. ¶ 19 & Ex. 1.) But DOR refused to make any enforceable commitment to Amazon that it will not demand information about the detailed reading, viewing and listening habits of Amazon's customers. (Zapolsky Decl. ¶¶ 20 – 23 & Exs. 2 – 4.) Instead, even after the filing of Amazon's Complaint, DOR issued a letter demanding "additional information, *as well as information previously requested and not provided*, about the business operations and tax reporting of Amazon.com, Inc. and its subsidiaries," and "reserv[ing] the right to request additional information including, but not limited to, information not provided in response to earlier [information] requests." (Galbreath Decl. ¶ 21 & Ex. F (emphasis added).) DOR now chides Amazon for wanting to obtain something more from DOR than informal disclaimers of interest in this material, but "the First Amendment protects against the Government; it does not leave us at the mercy of *noblesse oblige*. [The Supreme Court] would not uphold an unconstitutional statute merely because the Government promised to use it responsibly." *United States v. Stevens*, 130 S. Ct. 1577, 1591 (2010); *see also In re Grand Jury Subpoena to Amazon.com*, 246 F.R.D. at 573 (the fact that court had "no concerns about the government's good faith" did not diminish Amazon's "legitimate concern that honoring the instant subpoena would chill online purchases by Amazon customers").

**4.   DOR's actions chill First Amendment freedom.**  Finally, DOR makes no attempt to rebut Amazon's evidence that DOR's demands for information from Amazon have restricted the exercise of First Amendment rights. Amazon is one of the world's leading retailers of books, music, movies, and other products and has taken steps "over the years to

AMAZON'S REPLY SUMM. J. (No. 2:10-cv-00664) — 5

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

remain at the forefront of online privacy protection for our customers. . . ." (Zapolsky Decl. ¶¶ 3 – 6.) It has received "countless customer inquiries about online privacy," including questions of "whether the government access to a customer's purchase information . . . ." (*Id.* ¶ 7.) These customer concerns constitute an ongoing injury to Amazon. (Zapolsky Decl. ¶ 24) ("Amazon continues to have serious concerns that DOR . . . will seek information about customers' identities or their choices of expressive material. Amazon's North Carolina customers have no assurance that their privacy will be protected from government scrutiny and, absent such assurances, may be reluctant to purchase expressive material online").

DOR does not even address – much less rebut – the showing by Intervenors that DOR's demands are harming the First Amendment rights of both Amazon and its customers *right now*, whether or not DOR ever obtains a summons or attempts to enforce one. (*See, e.g.*, Intervenor's Opp. Mot. Dismiss, Dkt. #51, at 13 – 17.) The same harm to the seven Intervenors extends to potentially every resident of North Carolina, many of whom would never join a lawsuit to protect their right to make anonymous purchases.

The uncontroverted facts thus demonstrate that DOR's demand for customer names has already limited the exercise of First Amendment rights by Amazon and its customers and will continue to do so unless this Court acts now.

### B. The Court Has Jurisdiction To Address Amazon's Constitutional and Federal Statutory Claims

Although DOR renews its arguments that Amazon's claims are not ripe, as detailed in response to the Motion to Dismiss, this case fully satisfies both the constitutional and prudential concerns of Article III. (*See* Pl.'s Opp. Mot. Dismiss, Dkt. #52, at 2 – 8; Intervenor's Opp. Mot. Dismiss at 10 – 17).) DOR's interference with the legally protected interest of Amazon and it customers under the First Amendment and federal law to purchase

AMAZON'S REPLY SUMM. J. (No. 2:10-cv-00664) — 6

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

expressive material free of government scrutiny has and will continue—as shown by the declarations – to cause actual and imminent injury.  (*See* Pl.'s Opp. Mot. Dismiss at 6 – 8.)

Defendant implies that the Court lacks jurisdiction under the doctrine of sovereign immunity.  (*See* Def.'s Opp. Mot. to Dismiss at 3, *citing*, *e.g.*, *Ferrel v. Brown*, 847 F. Supp. 1524, 1526 (W.D. Wash. 1993) (rejecting motion to dismiss for lack of jurisdiction based on sovereign immunity), *aff'd*, 40 F.3d 1049 (9th Cir. 1994)).  But under *Ex parte Young*, 209 U.S. 123 (1908), suits may be brought under federal question jurisdiction, 28 U.S.C. § 1331, to seek prospective relief when state officials such as defendant Lay pursue unconstitutional state laws, policies and practices.

First Amendment concerns have long justified relaxing the prudential limitations on standing.  *See*, *e.g.*, *Secretary of State of Maryland v. Joseph H. Munson Co.*, 467 U.S. 947, 956 (1984).  As the Eighth Circuit recently explained, "we do not rigidly require that the plaintiff seek a pre-enforcement advisory opinion where, as here, the regulation at issue chills protected First Amendment activity." *Wersal v. Sexton*, 2010 WL 2945171, at *4 (8th Cir. July 29, 2010).  When conduct "chills protected First Amendment activity, its hardship upon the plaintiff is sufficiently substantial to justify a pre-enforcement declaratory judgment action." *Id.* at *5.  The "harm" of "self-censorship . . . can be realized even without an actual prosecution." *Virginia v. American Booksellers Ass'n*, 484 U.S. 383, 384 (1988) (allowing pre-enforcement First Amendment challenge by booksellers).

Without addressing these First Amendment considerations, DOR argues that principles of administrative law divest the Court of jurisdiction to consider a pre-enforcement challenge involving a taxing authority.  (Def.'s Opp. Mot. for Summ. J. at 5 – 8.)  But in the cases identified by DOR, the courts dismissed the pre-enforcement challenges to subpoenas issues by the IRS because the individual taxpayer either had no pre-enforcement injury or the

AMAZON'S REPLY SUMM. J. (No. 2:10-cv-00664) — 7

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

district court could provide a complete remedy post-enforcement by excluding the improper evidence or dismissing the enforcement action. *See, e.g., Reisman v. Caplin*, 375 U.S. 440, 446 (1964) ("in tax enforcement proceedings the hearing officer has no power of enforcement or right to levy any sanctions"); *Lopes v. Resolution Trust Corp.*, 155 F.R.D. 14, 17 (D.R.I. 1994) ("all the arguments plaintiffs now raise may then be made in opposition to an order of enforcement"). The premise of those cases is that the hearing is adequate to address the harm.

In contrast, as detailed in the declarations of Amazon and Intervenors, DOR's *pre-enforcement conduct itself chills the exercise of First Amendment rights* at issue. As DOR admits, if the Court declines jurisdiction, the harm to Amazon and its customer will continue until "a summons is actually issued and enforcements proceedings are actually commenced in the state courts of North Carolina." (Def.'s Opp. Mot. to Dismiss at 5.) But "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976). A delayed remedy in this case is no remedy at all.

Moreover, in this proceeding, Amazon may properly assert First Amendment claims on behalf of its customers, as well as its own. "[I]n the First Amendment context, 'litigants . . . are permitted to challenge a statute not because their own rights of free expression are violated, but because of a judicial prediction or assumption that the statute's very existence may cause others not before the court to refrain from constitutionally protected speech or expression.'" *Virginia v. American Booksellers Ass'n*, 484 U.S. at 392-93 (booksellers had standing to assert First Amendment rights of customers); *see generally In re Grand Jury Subpoena to Amazon.com*, 246 F.R.D. at 570. Under DOR's concept of federal jurisdiction, Amazon has no ability to seek redress for ongoing injury to First Amendment interests until DOR institutes enforcement proceedings in state court. But the State may not choose to

AMAZON'S REPLY SUMM. J. (No. 2:10-cv-00664) — 8

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

initiate enforcement proceedings and, in any event, Amazon's customers will not be a party to the enforcement proceedings against Amazon.[2] In this declaratory judgment action, however, the interests of both Amazon and its customers can be fully protected.

DOR thus fails to present any valid argument why this Court lacks jurisdiction.

### C. DOR Does Not Claim Any Governmental Interest In The Precise Information It Seeks, Nor A Connection Between That Information And Its Audit Of Amazon, Sufficient To Justify Its Wholesale Invasion Of The First Amendment Rights Of Millions Of Amazon Customers

DOR agrees that, where First Amendment interests are implicated, it must make a heightened showing of need, demonstrating both a compelling interest in the requested information and a sufficient nexus between that specific information and the underlying inquiry or investigation. (Def. Opp. Mot. for Summ. J. at 18.) DOR simply denies that its actions have implicated the First Amendment rights of Amazon and its customers. (*Id.* at 11.) Yet, as explained above, DOR refuses to return the names and titles of millions of expressive works it obtained through its broad demand for "all information for all sales" with any assurance that it will not demand the same detailed information in the future and expressly reserves a claimed right to do just that. (Galbreath Decl. ¶ 5 & Ex. A.) DOR's demand that Amazon provide the name and address of the customer for each of those transactions threatens to reveal the personal reading, viewing and listening habits of those millions of North Carolina residents. The mere threat of that disclosure "could frighten countless potential customers into canceling planned online book purchases, now and perhaps forever." *In re Grand Jury Subpoena to Amazon.com*, 246 F.R.D. at 572-73.

---

[2] DOR invokes IRS summons enforcement cases (Def.'s Opp. Mot. for Summ J. at 16 – 18), but North Carolina's statutes contain nothing similar to the federal statute establishing a detailed third party summons enforcement process. *Compare* 26 U.S.C. § 7609 *with* N.C. Gen. Stat. § 105-258. Nor is it true that the summons enforcement process under N.C. Gen. Stat. § 105-258 is "equivalent" to the statutory IRS process. (Opp. at 5 – 8.) Indeed, the Federal Rules of Civil Procedure govern IRS summons enforcement cases, *see*, *e.g.*, *United States v. Salter*, 432 F.2d 697 (1st Cir. 1964), but North Carolina's Rules of Civil Procedure do *not* govern in DOR summons enforcement actions. *In re Summons to Ernst & Young*, *L.L.P.*, 684 S.E.2d 151 (N.C. 2009). (*See also* Pl.'s Opp. Mot. Dismiss at 14.) The federal cases are inapposite.

AMAZON'S REPLY SUMM. J. (No. 2:10-cv-00664) — 9

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Standards used to assess the enforceability of IRS tax summonses, relied on by DOR, simply do not account for the ongoing injury to expressive choices present here. "It happens, however, that these transactions involved an expressive medium rather than pottery, bricks or widgets," and hence, a heightened showing is required. *In re Grand Jury Subpoena to Amazon.com*, 246 F.R.D. at 572 (involving tax prosecution for resale of books). The fact that DOR's "investigation is not aimed at determining the expressive content of the tangible property purchased by North Carolina customers" is no more dispositive here than it was in the tax investigation in Wisconsin, where the court recognized that "neither the government nor the grand jury is directly interested in actual titles or content of the books that people bought." *Id*. Nonetheless, the court recognized that Amazon "has a legitimate concern that honoring the instant subpoena would chill online purchases by Amazon customers" and "frost keyboards across America." *Id*. at 573. DOR attempts to distinguish these authorities as involving grand jury subpoenas, not tax summonses. But the "grand jury has the most extensive subpoena power known to the law." 2 S. Beale & W. Bryson, Grand Jury Law and Practice § 7:01 at 7 – 4 (1986), quoted in *In re Grand Jury Subpoena Dated June 5, 1985*, 825 F.2d 231, 236 (9th Cir. 1987). If anything, there is *greater* deference to a grand jury investigation than to a tax audit.

DOR also attempts to find a "compelling interest" in the enforcement of the tax laws, but Amazon's Complaint in no way conflicts with that interest. Amazon does not ask the Court to interfere with the enforcement of any tax law, assessment, or policy. (*See* Pl.'s Opp. Mot. Dismiss at 8 – 12.) Rather, Amazon seeks only a surgical declaration that the customer information DOR demands violates constitutional and federal law.

Indeed, DOR insists that it does not now need to know the detailed titles and names of the books, movies, and other purchases made from Amazon (notwithstanding that it

AMAZON'S REPLY SUMM. J. (No. 2:10-cv-00664) — 10

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

demanded such information and continues to reserve the right to demand it in the future), but suggests that it needs Amazon's customer names and addresses "to determine [their] use tax liability." (Def.'s Opp. to Mot. for Summ. J. at 19.) However, as DOR has clearly and repeatedly stated, DOR currently is in the process of auditing *Amazon's* tax liability – not its customers. ("[T]his examination . . . [is] to determine whether Amazon is required to collect and remit North Carolina sales taxes.") (Def.'s Mot. to Dismiss at 5; *see also* Amazon Opp. at 11 – 12.) DOR has repeatedly acknowledged that it does not need the customer information to assess any tax on Amazon. (Def.'s Mot. to Dismiss at 6, 8; Def.'s Resp. to Mot. to Intervene, Dkt. # 41, at 3; Zapolsky Decl. ¶ 21 & Ex. 3.)

DOR engages in a lengthy hypothetical excursion, arguing that it *might* need customer names to determine if any exemptions they *might* claim from use tax that *might be investigated and assessed* are legitimate. (Def.'s Opp. Mot. for Summ. J. at 10, n.2.) DOR's conjecture that it may someday need customer names and addresses because it may someday seek to audit those customers and assess use taxes that might be due and owing does not qualify as a compelling need for the information today. That information does not have any logical nexus to DOR's audit of Amazon. DOR's discourse concerning hypothetically audited customers' hypothetical attempts to interpose hypothetical certificates of resale in the course of their hypothetical use tax audits is equally irrelevant to the audit of Amazon from which this action emanates. In any event, where a question about a particular resale is actually raised, a request for specific information about that transaction would be made – not a blunderbuss, overbroad demand for "all information about all sales" for the last seven years. *See United States v. Trader's State Bank*, 695 F.2d 1132, 1133 (9th Cir. 1983) (refusing to enforce tax summons as overbroad, because it required "disclosure of all church banking transactions, not only those related to the [subjects of the tax investigation]"). Indeed, if there

AMAZON'S REPLY SUMM. J. (No. 2:10-cv-00664) — 11

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

is a "ploy" or "tactic," to borrow DOR's words, it is DOR's threat to go knocking on Amazon's customers' doors to collect a use tax for which DOR now says they are "liable" (Def.'s Opp. Mot. to Dismiss at 10 n.2) under the guise of a sales tax audit of Amazon. Such over-reaching – and its attendant chilling effect on the right to purchase expressive material free from government scrutiny – is without precedent. (*See* Second Galbreath Decl. ¶ 3.)

### D.  Amazon Is Entitled To Judgment on Its VPPA Claim

DOR's argument regarding Amazon's claim that disclosure of movie titles would violate the Video Privacy Protection Act simply fails to address the text of the statute and the allegations in Amazon's Complaint. The VPPA requires the party seeking disclosure "of personally identifiable information concerning any consumer" in a civil proceeding to first obtain a court order after providing the consumer notice and an "opportunity to appear to contest the claim *of the person seeking the disclosure*." 18 U.S.C. § 2710(b)(2)(F)(i) – (ii). DOR has sought personally identifiable information regarding consumers who purchased videos from Amazon, and DOR has not complied with the VPPA. For Amazon to comply with such a demand would put Amazon squarely in violation of VPPA, a law passed to avoid just such disclosures of personal video choices.

### III.  CONCLUSION

For these reasons, and those points and authorities contained in Amazon's Motion, Amazon respectfully requests that this Court grant summary judgment in its favor on all claims, and enter an order declaring that, to the extent that any of DOR's requests demands that Amazon disclose its customers' names, addresses or any other personal information, such a request violates the First Amendment, the Video Privacy Protection Act, and Article I, sections 4 and 5 of the Washington State Constitution.

AMAZON'S REPLY SUMM. J. (No. 2:10-cv-00664) — 12

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

DATED this 6th day of August, 2010.

        DAVIS WRIGHT TREMAINE LLP

s/ Steven P. Caplow
Steven P. Caplow, WSBA #19843
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
Tel:     (206) 622-3150
Fax:    (206) 757-7700
Email:  stevencaplow@dwt.com

Laura R. Handman (*pro hac vice*)
Robert G. Scott, Jr. (*pro hac vice*)
Elizabeth J. Soja (*pro hac vice*)
1919 Pennsylvania Avenue, NW, Suite 800
Washington, D.C. 20006
Tel: (202) 973-4225
Fax: (202) 973-4499
Email:  laurahandman@dwt.com
           bobscott@dwt.com
           elizabethsoja@dwt.com

*Attorneys for Amazon.com LLC*

AMAZON'S REPLY SUMM. J. (No. 2:10-cv-00664) — 13

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

# **CERTIFICATE OF SERVICE**

I hereby certify that on August 6, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties listed to receive electronic notice in this case.

DATED this 6th day of August, 2010.

DAVIS WRIGHT TREMAINE LLP

By: s/ *Steven P. Caplow*
Steven P. Caplow, WSBA #19843
1201 Third Avenue, Suite 2200
Seattle, Washington 98101-3045
Tel.: (206) 757-8018
Fax: (206) 757-7018
E-mail: stevencaplow@dwt.com

AMAZON'S REPLY SUMM. J. (No. 2:10-cv-00664) — 14

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700