UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM LLC,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>KENNETH R. LAY,<br><br>　　　Defendant. | CASE NO. C10-664<br><br>ORDER GRANTING INTERVENORS' MOTION TO INTERVENE AND MOTION TO FILE COMPLAINT IN INTERVENTION USING PSEUDONYMS |
| JANE DOE 1, JANE DOE 2, JANE DOE 3, JANE DOE 4, JANE DOE 5, JANE DOE 6, and CECIL BOTHWELL,<br><br>　　　Plaintiffs-Intervenors<br><br>　　　v.<br><br>KENNETH R. LAY, and AMAZON.COM LLC,<br><br>　　　Defendants in Intervention | |

ORDER GRANTING INTERVENORS' MOTION
TO INTERVENE AND MOTION TO FILE
COMPLAINT IN INTERVENTION USING
PSEUDONYMS- 1

1  This matter comes before the Court on Intervenors' motion to intervene and motion to
2  file a complaint in intervention using pseudonyms. (Dkt. Nos. 21, 23.) Having considered the
3  motions, Defendant Kenneth R. Lay's responses (Dkt. No. 41, 42), the replies (Dkt. Nos. 49, 50),
4  and all other pertinent documents in the record, the Court GRANTS both motions. The Court
5  finds this matter suitable for determination without oral argument.

**Background**

7  Jane Does 1 through 6 and Cecil Bothwell (collectively "Intervenors") seek to intervene
8  in a case filed by Amazon.com LLC against the Secretary of North Carolina's Department of
9  Revenue ("DOR"), Kenneth R. Lay. Amazon seeks relief from the DOR's request for "all
10 information for all sales to customers with a North Carolina shipping address by month in an
11 electronic format," for all dates between August 1, 2003 and February 28, 2010. (Intervenor's
12 Complaint ("IC") ¶¶ 39-40 (Dkt. No. 21 at 19-57).) Amazon provided some responsive
13 documents, but has not disclosed the customer names or addresses that correspond to each
14 purchase record. (Id. ¶ 44.) The DOR has threatened to commence summary proceedings
15 against Amazon to force it to turn over this information. (Id. ¶¶ 45-46.) In order to prevent the
16 DOR from obtaining these documents, Amazon filed this action for declaratory relief.

17 The Intervenors are residents of North Carolina, and they argue that records of their
18 purchases from Amazon are likely involved in the dispute between Amazon and the DOR. They
19 argue that sensitive information about what books, movies, music, and other "expressive and
20 private items" they purchase may be revealed to the DOR. (Dkt. No. 21 at 6.) The Intervenors
21 fear their First Amendment rights may be chilled as a result of this litigation. The disclosure of
22 this information may also allegedly impact the Intervenors' "personal relationships, family lives,

ORDER GRANTING INTERVENORS' MOTION
TO INTERVENE AND MOTION TO FILE
COMPLAINT IN INTERVENTION USING
PSEUDONYMS- 2

1 reputations and careers." (Id. at 7.) The Intervenors thus seek to participate in this litigation to
2 protect their right to privacy, which they argue is distinct from Amazon's rights and interests.

**Analysis**

A.  Intervention

Federal Rule of Civil Procedure 24(a) provides for intervention as a right. The Ninth Circuit employs a four-part test to determine whether intervention as of right is to be granted: (1) the application for intervention must be timely; (2) the applicant must have a "significantly protectable" interest relating to the property or transaction that is the subject of the action; (3) the applicant must be in position where the outcome of the case might impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by the existing parties in the lawsuit. Sw. Ctr. for Biologoical Diversity v. Berg, 268 F.3d 801, 817 (9th Cir. 2001).

The Intervenors meet all four criteria to intervene as a matter of right. First, the motion was timely filed nine weeks after the complaint was filed and prior to any responsive filing by Defendant. This short lag in time has not delayed the proceedings. Second, the Intervenors have demonstrated that they have significant protectable interests in this case under the First and Fourteenth Amendments. See In re Grand Jury Subpoena to Amazon.com Dated Aug. 7, 2006, 246 F.R.D. 570, 572-73 (W.D. Wis. 2007); Stanley v. Georgia, 394 U.S. 557, 564 (1969). Third, the Intervenors have shown that revelation of their purchasing records by Amazon to the DOR might impair their First and Fourteenth Amendment rights. Fourth, the Intervenors convince the Court that their interests are not necessarily fully represented by Amazon, and that Amazon may not make the same arguments Intervenors can or will make. (See Dkt. No. 21 at 12-14.) These four factors weigh in favor of intervention as a matter of right.

ORDER GRANTING INTERVENORS' MOTION
TO INTERVENE AND MOTION TO FILE
COMPLAINT IN INTERVENTION USING
PSEUDONYMS- 3

1  Defendant Lay argues that intervention should not be granted because the Court lacks
2  subject matter jurisdiction and because the proposed complaint is subject to dismissal. (Dkt. No.
3  41.) Neither argument persuades the Court that intervention is improper. There is no apparent
4  legal bar to granting intervention under Rule 24. Defendant's arguments are properly raised in a
5  motion to dismiss, which remains open to Defendant. Raising those arguments in such a motion
6  will allow the Intervenors the proper forum in which to respond.
7  The Court GRANTS the motion to intervene as a matter of right and does not reach the
8  issue of permissive intervention.
9  B. Complaint In Intervention Using Pseudonyms
10  The Intervenors seek to file their complaint in intervention using pseudonyms. (Dkt. No.
11  23.) Defendant Lay does not oppose allowing the Intervenors to proceed anonymously at this
12  stage of the proceedings. (Dkt. No. 42 at 3.) The Intervenors have provided sufficient reasons as
13  to why their privacy interests outweigh any prejudice to the parties or the public's interest in
14  knowing their identities. See Doe v. 2TheMart.com Inc., 140 F. Supp. 2d 1088, 1091 n.2 (W.D.
15  Wash. 2001) ("When an individual wishes to protect their First Amendment right to speak
16  anonymously, he or she must be entitled to vindicate that right without disclosing their identity.")
17  The Court GRANTS the Intervenors' unopposed motion and accepts the proposed complaint in
18  intervention using pseudonyms as filed. (Dkt. No. 21 at 19-57.)

19  **Conclusion**

20  The Intervenors have made a sufficient showing that their timely intervention in this
21  matter will not delay the proceedings and that their intervention will protect their rights that may
22  be adversely impacted by this litigation. The Court GRANTS the motion to intervene. The
23  Court also GRANTS the motion to file the complaint in intervention using pseudonyms.
24

ORDER GRANTING INTERVENORS' MOTION
TO INTERVENE AND MOTION TO FILE
COMPLAINT IN INTERVENTION USING
PSEUDONYMS- 4

1     The Clerk is directed to send a copy of this order to all counsel of record.

2     Dated this 12th day of August 2010.

                                                  Marsha J. Pechman
                                                  United States District Judge

ORDER GRANTING INTERVENORS' MOTION
TO INTERVENE AND MOTION TO FILE
COMPLAINT IN INTERVENTION USING
PSEUDONYMS- 5