The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM LLC, | ) |
| Plaintiff, | ) No. 2:10-cv-00664-MJP |
| v. | ) **AMAZON.COM LLC's REQUEST TO FILE SURREPLY PURSUANT TO LOCAL RULE 7(g)** |
| KENNETH R. LAY, in his official capacity as Secretary of the North Carolina Department of Revenue, | ) **NOTE ON MOTION CALENDAR:** |
| Defendant. | ) **AUGUST 6, 2010** |

AMAZON'S REQUEST TO FILE SURREPLY
(No. 2:10-cv-00664)
DWT 15182583v2 0051461-000134

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Pursuant to Local Rule 7(g), plaintiff Amazon.com LLC ("Amazon") requests the Court to strike (1) the Third Declaration of H. Alan Woodard in Support of North Carolina Motion to Dismiss [Dkt. 56-1]; and (2) Section IV of the reply in support of the motion to dismiss submitted by the Department of Revenue ("DOR") [Dkt. 56 p. 12]. To the extent the Court declines to strike, Amazon respectfully requests leave to briefly respond to DOR's improper evidence and arguments.

### A.   DOR's Improper Third Woodard Declaration

DOR filed the Third Woodard Declaration in conjunction with its reply to dismiss Amazon's complaint. DOR cites the Woodard Declaration in its "Overview" section (Reply at 1 to 3) – an extended *ad hominem* attack that seeks to demonize Amazon and belittle its claims under the First Amendment of the Constitution and federal law. Having dismissed Amazon's First Amendment claim as a ruse, for the first time in reply, DOR submits a one-sided version of events based on irrelevant, inadmissible or mischaracterized material, designed more to distract than illuminate the issues before the Court.[1] As DOR makes only a passing reference to the Third Woodard Declaration in its legal argument, the Court and Amazon can only guess as to how the exhibits consisting of articles and editorials discussing the national policy debate over online sales tax collection would relate to DOR's argument on the merits of its motion to dismiss. That larger national debate has simply nothing to do with this claim which is focused solely on whether, as part of its sales tax audit of Amazon, DOR's demand for customer purchases of expressive content violates the First Amendment. Nor does this policy discussion suggest any reason why such a First Amendment claim would implicate the Tax Injunction Act. Editorial writers' opinions about public policy (or even about this lawsuit) are clearly inadmissible and cannot be offered as a substitute for material

---

[1] *See, e.g., Goodman v. New Hampshire Ins. Co.*, 2010 WL 2871186 at *2 (W.D. Wash. Jul 22, 2010) (granting defendant's motion to strike certain arguments asserted in plaintiff's reply and accompanying declaration in part because the text presented arguments that were improperly "asserted for the first time in reply"); *Quinstreet, Inc. v. Ferguson*, 2008 WL 5102378 at *3-4 (W.D. Wash. 2008) (granting plaintiff's motion to strike "new material contained in Defendant's reply" and accompanying exhibits that "contain[ed] new facts").

AMAZON'S REQUEST TO FILE SURREPLY - 1
(No. 2:10-cv-00664)
DWT 15182583v2 0051461-000134

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

facts, legal argument or judicial judgment.[2] At a minimum, under Rule 12(d) "when matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56 and all parties must be given a reasonable opportunity to present all material that its pertinent to the motion."

Although Woodard argues that Amazon's claim under the First Amendment involves pretext (Third Woodard Decl. ¶ 5), and suggests that Amazon is engaged in "aggressive tax avoidance" (*id*. ¶ 4), DOR concedes that Amazon cooperated with DOR throughout the audit [Dkt. 43, ¶ 19], produced millions of transactional records and interposed limited objections to avoid disclosure of expressive content.  Tellingly, for all its vitriol, DOR now candidly acknowledges (albeit in a footnote) that it is "unknown" whether DOR would "ultimately succeed in asserting sales tax liability against Amazon" and that there is a "real possibility" that instead it would need to collect use tax from North Carolina residents (Reply 5 n.4).  This hardly describes a ploy or a scheme by Amazon to "avoid[]" sale tax, and DOR has repeatedly advised the public and the Court that all of the additional information that implicates the First Amendment is "irrelevant" to its sales tax audit.

But even as to use tax, DOR fails to articulate why, in violation of the First Amendment and federal law, it would need the names of customers to make "an informed decision" on whether the online purchase of books and DVDs from Amazon might be subject to use tax, or why if it made a future decision to assess use tax, it would need the names of the customers in *conjunction* with the content of their purchases.  Like the booksellers in Amazon's Motion for Summary Judgment (at 14-15) who received demands for expressive content of their customers, Amazon seeks nothing more than to protect the First Amendment rights of itself and its customers to purchase, read, view and listen to material free of government scrutiny.

---

[2] The news article about the lawsuit ( Ex. 6) is not only inadmissible, it is mischaracterized.  It did not draw any conclusion about the relative merits, much less deem Amazon's concerns about privacy "not legitimate" as described at DOR Rely at 12.

AMAZON'S REQUEST TO FILE SURREPLY - 2
(No. 2:10-cv-00664)
DWT 15182583v2 0051461-000134

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

**B.     DOR's Improper and Inaccurate Summary Judgment Surreply**

By stipulation [Dkt. 40 ¶ 5], DOR filed a Rule 12 motion to dismiss [Dkt. 43] and Amazon filed a Rule 56(a) cross-motion for summary judgment [Dkt. 44]. DOR conceded that Amazon's summary judgment motion "turns on legal issues, not facts." [Dkt. 53 p. 4]. Yet, for the first time in its reply to its *motion to dismiss*, DOR argues that Amazon's *summary judgment* motion is "premature." *See* Reply at 12:22 ("Amazon's motion for summary judgment should be denied"). "It is well-established that courts will not consider new arguments raised for the first time in a reply brief." *Carver v. Gonzales*, No. C06-1045 MJP, 2006 U.S. Dist. LEXIS 87020, at *8 (W.D. Wash. Nov. 30, 2006). Further, DOR's new argument misstates applicable law. Under Rule 56(c)(1)(A) "a party may move for summary judgment at any time." To the extent a party files a "premature" motion for summary judgment, the Rules address this eventuality under Rule 56(f), which DOR does not invoke. DOR also puts misplaced reliance on *Mohamed v. Jeppesen Dataplan, Inc.*, 579 F.3d 943, 961 n.9 (9th Cir. 2009), which involved motions filed by an *intervenor* before the *named defendant* filed a responsive pleading identifying what if any matters were in dispute. Here, by comparison, defendant DOR filed a motion to dismiss, an opposition to Amazon's motion for summary judgment and multiple declarations specifying the legal issues it believes are in dispute. Under these circumstances, even the *Mohamed* decision recognizes that summary judgment is appropriate. *See* 579 F.3d 961 at n.9 ("procedural posture of this case thus differs fundamentally from that in *Kasza* [133 F.3d 1159 (9th Cir. 1998)], which involved a grant of summary judgment").

**C.     Conclusion**

For the foregoing reasons, Amazon respectfully requests this Court strike (1) the Third Declaration of H. Alan Woodard in Support of North Carolina Motion to Dismiss [Dkt. 56-1]; and (2) Section IV of the reply in support of the motion to dismiss submitted by the Department of Revenue ("DOR") [Dkt. 56 p. 12].

DATED this 13 day of August, 2010.

AMAZON'S REQUEST TO FILE SURREPLY - 3
(No. 2:10-cv-00664)
DWT 15182583v2 0051461-000134

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

| | |
|---|---|
| 1 | |
| 2 | **DAVIS WRIGHT TREMAINE LLP** |
| 3 | s/ Steven P. Caplow<br>Steven P. Caplow, WSBA #19843<br>1201 Third Avenue, Suite 2200<br>Seattle, WA 98101-3045<br>Tel:    (206) 622-3150<br>Fax:    (206) 757-7700<br>Email:  stevencaplow@dwt.com |
| 4 | |
| 5 | |
| 6 | Laura R. Handman (*pro hac vice*)<br>Robert G. Scott, Jr. (*pro hac vice*)<br>Elizabeth J. Soja (*pro hac vice*)<br>1919 Pennsylvania Avenue, NW, Suite 800<br>Washington, D.C. 20006<br>Tel: (202) 973-4225<br>Fax: (202) 973-4499<br>Email:   laurahandman@dwt.com<br>         bobscott@dwt.com<br>         elizabethsoja@dwt.com |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | *Attorneys for Amazon.com LLC* |

AMAZON'S REQUEST TO FILE SURREPLY - 4
(No. 2:10-cv-00664)
DWT 15182583v2 0051461-000134

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

# CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties listed to receive electronic notice in this case.

DATED this 13th day of August, 2010.

DAVIS WRIGHT TREMAINE LLP

By: s/ *Steven P. Caplow*
Steven P. Caplow, WSBA #19843
1201 Third Avenue, Suite 2200
Seattle, Washington 98101-3045
Tel.:   (206) 757-8018
Fax:   (206) 757-7018
E-mail:   stevencaplow@dwt.com

AMAZON'S REQUEST TO FILE SURREPLY
(No. 2:10-cv-00664)
DWT 15182583v2 0051461-000134

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700