THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM, LLC,<br><br>      Plaintiff,<br><br> v.<br><br>KENNETH R. LAY,<br><br>      Defendant. | No. 10-cv-00664-MJP<br><br>**FOURTH DECLARATION OF H. ALAN WOODARD IN SUPPORT OF NORTH CAROLINA MOTION TO DISMISS COMPLAINT IN INTERVENTION**<br>(Fed. R. Civ. P. 12) |
| JANE DOE 1, JANE DOE 2,<br>JANE DOE 3, JANE DOE 4,<br>JANE DOE 5, JANE DOE 6, and<br>CECIL BOTHWELL,<br><br>      Plaintiffs-Intervenors,<br><br> v.<br><br>KENNETH R. LAY, and<br>AMAZON.COM, LLC,<br><br>      Defendants in Intervention. | |

FOURTH DECLARATION OF WOODARD - 1
10-cv-00664-MJP

I, H. Alan Woodard, do hereby depose and say as follows:

1. I have previously provided three Declarations in this matter in support of North Carolina's motion to dismiss and in opposition to Amazon's motion for summary judgment. I am providing this Fourth Declaration in Support of North Carolina's Motion to Dismiss Complaint in Intervention. The information provided in the previous Declarations is incorporated herein by reference.

2. As the supervisor of the Department of Revenue employees who are working on the sales and use tax audit of Amazon products purchased and shipped to North Carolina residents, I have been involved with the issue raised by Amazon's inclusion of the Amazon Specific Identification Number ("ASIN") as a field in the electronic data provided to the Department. We were first informed about Amazon's alleged First Amendment concerns and refusal to provide customer names when this litigation was filed. At that time, Amazon already had provided four compact disks containing data relating to approximately 50 million purchases; this data included ASIN numbers, but did not include customer names or addresses. Amazon and the ACLU have alleged that if customer names and addresses were provided along with the other sales transaction data, it would technically make it possible for someone at the Department with access to the data to use the individual ASIN numbers to go online to Amazon's website to determine the titles of any books, videos or music purchased and then match the purchases to Amazon customers.

3. I have previously stated that the ASIN numbers are of no use to the Department in its sales and use tax audit of Amazon and its customers. First, the taxes are not based on expressive content. Second, it obviously would not be practicable to search individual ASIN numbers on Amazon's website even if the data were relevant.

FOURTH DECLARATION OF WOODARD - 2
10-cv-00664-MJP

N.C. Department of Justice
Post Office Box 629
Raleigh, North Carolina 27602
(919) 716-6900 Fax (919) 716-6763

4. As previously stated, customer names are necessary in the ongoing audit, although the expressive content of products purchased and shipped to North Carolina residents are of no interest to the Department. In order to allay any concerns that the ASIN numbers could be linked to specific customers, access to the data and downloading of the data from the compact disks were immediately restricted to employees and counsel directly involved with this audit. The data from the disks already had been downloaded in two folders on the Department's encrypted H drive that is automatically backed up. The data also had been downloaded onto the encrypted individual computers of two auditors which are not backed up. Because the data was utilizing so much space, data from 2003 to 2007 was copied onto a compact disk.

5. A three month sample of data -- August 2003, December 2006 and December 2007 -- was e-mailed between Revenue employees; because of special provisions in North Carolina's laws regarding preservation of e-mails as well as technology issues, it is not possible to destroy or delete these emails and the ASIN data. For this and other reasons, the Department will not be asking Amazon for the customer names associated with these three months of data.

6. Shortly after Amazon filed this litigation, the data on the H drive was erased from both folders where the data had been downloaded. Subsequently, as described by Joseph Tetro, Director of Technology Services, in his Declaration, the backups of the data were deleted so that there are no copies left of the Amazon data that was downloaded onto the H drive. After a thorough review, I am satisfied that no one who is not assisting on the Amazon audit had access to or created any other copies of the data that was downloaded onto the H drive.

7. With respect to the data downloaded onto two individual computers, I supervised and have verified that the ASIN data field has been completely deleted and removed from the two encrypted computers of the Revenue employees working on this matter. This was done by

FOURTH DECLARATION OF WOODARD - 3
10-cv-00664-MJP

N.C. Department of Justice
Post Office Box 629
Raleigh, North Carolina 27602
(919) 716-6900  Fax (919) 716-6763

deleting all of the downloaded Amazon sales data, including ASIN numbers, from one of the individual computers. After deleting all of the sales data, including ASIN numbers, the recycle bin was emptied. There was no backup of the data on this computer.

8. With respect to the other individual computer, the databases with the data from 2008 to 2010 were opened and the ASIN field was deleted from all databases. These changes were saved and the recycle bin was emptied. The disk with the 2003 to 2007 data was then loaded onto the individual computer from the duplicate disk made to create space on the computer. The ASIN field was deleted from all of the 2003 to 2007 data. These changes were saved and the recycle bin was emptied. Finally, the duplicate disk with the 2003 to 2007 data was destroyed. There was no backup of this data on this computer. After a thorough review, I am satisfied that no other persons had access to or created any copies of the data that was downloaded onto the two individual computers or to the duplicate disk that was used to store excess data.

9. After taking all of the actions described above and by Mr. Tetro, the ASIN data no longer exists on any of the Department's computers where the data was downloaded. The theoretical possibility that someone could attempt to use this data to link the title or nature of any product purchased from Amazon to an individual customer has been eliminated.

10. With respect to the four original compact disks provided to the Department by Amazon that contain ASIN numbers (but no customer names or addresses), I personally have delivered them into the hands of the Secretary of Revenue, Kenneth Lay. He is filing his own Declaration regarding these disks and he will insure that no one is provided access to them. Aside from the three months of data for which customer names will not be requested, these

FOURTH DECLARATION OF WOODARD - 4
10-cv-00664-MJP

N.C. Department of Justice
Post Office Box 629
Raleigh, North Carolina 27602
(919) 716-6900  Fax (919) 716-6763

original disks are the only remaining source at the Department of Revenue for ASIN numbers related to items purchased and shipped to North Carolina.

11. The Department is still perplexed that Amazon contends that it understood the information requests it received required it to provide expressive content such as book and video titles. We are currently conducting sales and use tax audits of several other online retailers, some of whom sell books and videos. Each received an IDR with a question similar to the question posed to Amazon requesting them to: "Please provide all information for all sales to customers with a North Carolina shipping address by month in an electronic format." No one has misunderstood this request to require the production of expressive content. Instead, in one case in which customer names were provided, only a general product description was produced. In another case, the company has to date provided only a customer reference number, order number and the shipped to city. The Department auditors are dealing with tax people who understand differential tax rates when audits are conducted.

12. It is also simply not credible that Amazon does not understand differential tax rates in general or North Carolina's tax rates in particular. On its website there is a section titled "Sales Tax Requirements" that explains to its customers such things as Orders Subject to Sales Tax, How Tax is Calculated and Items Purchased from Merchants. *See* http://www.amazon.com/gp/help/customer/display.html?nodeId=468512. Amazon states under Orders Subject to Sales Tax: "The amount of tax charged depends upon many factors, including the identity of the seller, *the type of item purchased*, and the destination of the shipment." (Emphasis added.) Regarding sales of its own products, Amazon informs its customers that it only collects a sales tax in Kansas, Kentucky, New York, North Dakota and Washington. With the exception of New York, each of these states has conformed to the Streamlined Sales and Use

FOURTH DECLARATION OF WOODARD - 5
10-cv-00664-MJP

N.C. Department of Justice
Post Office Box 629
Raleigh, North Carolina 27602
(919) 716-6900 Fax (919) 716-6763

Tax Agreement, a national project to promote uniformity. Each conforming state, including the four Amazon pays sales tax to on its products, has a matrix which indicates the taxability of the product under state law. North Carolina is also a conforming state and has a sales tax matrix.

13. Regarding sales of products by companies with which Amazon has contractual relationships, Amazon informs its customers in the section on Sales Tax on Items Purchased from Select Amazon Merchants that "Amazon.com calculates sales taxes on the merchants' behalf in accordance with their instructions" and that the calculations "vary depending on the tax laws in each state." Amazon provides on its website a partial list of merchants and the states in which sales taxes are charged for each merchant; this list includes seven merchants for which North Carolina sales taxes are charged, including Target.com and book sellers Harper Collins Publishers, Penguin Group and Simon & Schuster Digital Sales. Based on this information, Amazon should be familiar with the North Carolina sales tax matrix which provides differential tax rates for items such as food and books. It must know that North Carolina does not tax based on the expressive content of books, video and music purchased by North Carolina customers and that the IDR's issued to Amazon are for the purpose of determining tax liability, nothing more.

14. As a result of this litigation, the Department had deferred continuing to seek customer names form Amazon. However, the Department currently is seeking customer names from other online retailers where sales and use tax liability are at issue. As a matter of consistency, the Department needs to move forward with the use tax aspect of the Amazon audit that has been delayed by this litigation. The Internet Transaction Resolution Program discussed in my Second Declaration at ¶10 has now ended so the Department will be auditing additional internet merchants for sales and use tax liability.

FOURTH DECLARATION OF WOODARD - 6
10-cv-00664-MJP

N.C. Department of Justice
Post Office Box 629
Raleigh, North Carolina 27602
(919) 716-6900  Fax (919) 716-6763

15. With the ASIN data no longer accessible to Department employees, the Department has issued a fifth IDR to Amazon seeking replacement disks that provide the same sales data previously produced, except with the field containing ASIN numbers removed. In addition, the Department has requested the bill to and ship to names and address for the periods 1/1/2007-11/30/2007 and 1/1/2008-2/28/2010. The Department is not seeking this customer information for the periods of 8/1/2003 to 12/31/2006 or 12/1/2007-12/31/2007.

16. The fifth IDR specifically states that if it is still Amazon's position to refuse to provide the customer information even in the absence of ASIN numbers, the Department is requesting duplicate replacement disks containing the previously provided data, except with the ASIN data deleted. If duplicate disks without ASIN numbers are not provided, with or without customer information, the Secretary may, as necessary, seek the issuance of a summons pursuant to N.C. Gen. Stat. § 105-258.

17. If it is necessary to issue a summons and commence enforcement proceedings in order to complete the pending audit, the North Carolina residents represented by the ACLU will be provided an opportunity to appear in the North Carolina courts to seek to oppose the Department's collection of data and information sought for the purpose of assessing sales and use tax liability.

FOURTH DECLARATION OF WOODARD - 7
10-cv-00664-MJP

N.C. Department of Justice
Post Office Box 629
Raleigh, North Carolina 27602
(919) 716-6900  Fax (919) 716-6763

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge, and that the foregoing declaration was executed on September 2, 2010.

By: _____
H. Alan Woodard, Director Examination Division

FOURTH DECLARATION OF WOODARD - 8
10-cv-00664-MJP

**N.C. Department of Justice**
Post Office Box 629
Raleigh, North Carolina 27602
(919) 716-6900   Fax (919) 716-6763